# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

TRUMP MEDIA & TECHNOLOGY GROUP CORP.,

     Plaintiff,

vs.

WP COMPANY LLC d/b/a The Washington Post,

     Defendant.

Case No: 8:23-cv-01535-TPB-AAS

_____/

## DEFENDANT WP COMPANY LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

The sole basis for remand in Plaintiff Trump Media & Technology Group Corp.'s ("TMTG") Motion is an alleged lack of diversity of citizenship between the plaintiff and defendant.  (Doc. No. 7 "Pl.'s Remand Mot." ¶¶ 2, 5).  But TMTG is wrong:  The parties here are citizens of different states as required by 28 U.S.C. § 1332(a), and therefore this Court has subject matter jurisdiction over this case by virtue of complete diversity of citizenship.  Specifically, while TMTG is a citizen of Florida and Delaware, Compl. ¶ 3, WP Company LLC d/b/a The Washington Post (the "Post"), a limited liability company, is a citizen of only the state of its ultimate member: the State of Washington, (Doc. No. 13 "Corrected Removal Notice" ¶¶ 12–13).[1]  "An LLC's membership, not its registration, determines its citizenship for

---

[1] These dispositive jurisdictional facts were fully set forth in the Post's original July 10, 2023 Notice of Removal.  (Doc. No. 1 ¶¶ 12–13).  The Post's Corrected Removal Notice deleted an erroneous reference to Delaware as an additional state of citizenship for the Post.  *See* Corrected Removal Notice ¶ 13, at 1.

diversity purposes." *Ennis v. Flowers Baking Co. of Bradenton, LLC*, 2007 WL 1068139, at *1 (M.D. Fla. Apr. 6, 2007) (collecting cases).  The Post "is in fact not a citizen of Delaware for the purposes of diversity jurisdiction, because it does not have a member that is a citizen of Delaware." *Medlink Legal Sys., LLC v. QIMA Ltd.*, 2021 WL 9940297, at *2 (S.D. Fla. Aug. 19, 2021).

TMTG's Motion to Remand should be denied.

## BACKGROUND

### A.    TMTG

TMTG is a media and technology company that operates a "flagship social media platform called 'Truth Social.'"  Compl. ¶ 1.  TMTG is a Delaware corporation with its headquarters in Sarasota, Florida.  *Id.* ¶ 3.

### B.    The Post

As explained in detail in both the original and corrected notices, the Post is a limited liability company organized under the laws of Delaware.  (Doc. No. 1 "Original Removal Notice" ¶ 12); Corrected Removal Notice ¶ 12.  Its sole member is Nash Holdings LLC, a limited liability company also organized under Delaware law.  *Id.*  Nash Holdings LLC has two members: Nash Parallel Investment LLC, organized under Delaware law, and Explore Holdings LLC, organized under the laws of the State of Washington.  *Id.*  The sole member of Nash Parallel Investment LLC is Explore Holdings LLC, itself.  *Id.*  And, finally, Explore Holdings LLC's sole member is Jeff Bezos, who is a citizen of the State of Washington.  *Id.*

The Complaint recognizes that the Post is a Delaware limited liability company whose sole member is Nash Holdings LLC. Compl. ¶ 4. However, the Complaint fails to trace Nash Holdings LLC's citizenship through its various members as is necessary to establish the Post's citizenship for diversity purposes. *See id.* Because Plaintiff has not—and indeed, cannot—offer any factual basis for its legal conclusion that members of Nash Holdings LLC are Delaware citizens, *id.*, the Court should disregard the allegation.

## PROCEDURAL HISTORY

On May 13, 2023, the Post published an article titled "Trust Linked to Porn-Friendly Bank Could Gain a Stake in Trump's Truth Social" on its website. Compl. ¶ 11. One week later, on May 20, TMTG filed this lawsuit in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, asserting claims of defamation and civil conspiracy. *See Trump Media & Tech. Grp. Corp. v. WP Co.*, Case No. 2023-CA-004552 (filed May 20, 2023). TMTG served a copy of the Complaint on the Post on June 9. *See* Corrected Removal Notice ¶ 1.

On July 10, the Post timely removed the action to this Court pursuant to 28 U.S.C. § 1332(a). *See* Original Removal Notice. On July 12, TMTG moved to remand the case to Florida state court. Pl.'s Remand Mot. Three days later, on July 15, Plaintiff filed a Motion to Shorten Deadlines and Expedite, "request[ing] the Court . . . shorten the deadline for briefing and expedite any hearing on Plaintiff's motion [to] remand this action." (Doc. No. 11 "Motion to Expedite"). On July 18, the Post filed a Corrected Notice of Removal, correcting the inadvertent

3

inclusion of Delaware as one of the Post's states of citizenship in its July 10 Notice of Removal and clarifying that the State of Washington is the sole state of which the Post is a citizen.  Corrected Removal Notice at 1.

## ARGUMENT

TMTG's Motion to Remand should be denied on two independently sufficient grounds.  First, there is complete diversity of citizenship between the parties as a matter of law.  Second, TMTG failed to comply with the Local Rules of this Court in filing its Motion to Remand without first conferring with the Post.

## I.   THE COURT HAS ORIGINAL JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1332(a).

A defendant may remove to federal court a state court civil action "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Federal district courts have "original jurisdiction" over civil actions between "citizens of different States" where the amount in controversy "exceeds the sum or value of $75,000."  28 U.S.C. § 1332(a)(1).  "The removing defendant bears the burden of establishing federal jurisdiction."  *Samples v. Geico Indem. Co.*, 2019 WL 5863902, at *1 (M.D. Fla. Nov. 8, 2019) (citing *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008)).

Here, TMTG challenges only one of the requirements for jurisdiction under § 1332(a)—that the civil action be between citizens of different states.  *See* Pl.'s Remand Mot.  It is clear from the face of the Complaint that the amount in controversy here exceeds $75,000.  *See* Corrected Removal Notice ¶ 14; Original Removal Notice ¶ 14; Compl. at 1, 18–19 (seeking $3.78 billion in damages).

## A.     The Parties Are Completely Diverse.

"[C]omplete diversity" of citizenship is required under § 1332(a), such that "the citizenship of every plaintiff must be diverse from the citizenship of every defendant." *Legg v. Wyeth*, 428 F.3d 1317, 1321 n.2 (11th Cir. 2005) (citation omitted).  TMTG contends that it and the Post are both citizens of Delaware so "the requirement of complete diversity is not met in this case." Pl.'s Remand Mot. ¶¶ 2–5.  Plaintiffs are wrong because, for diversity jurisdiction purposes, the Post is a citizen of only the State of Washington, not Delaware.[2]

### 1.     TMTG Is a Citizen of Delaware and Florida.

TMTG is a citizen of Delaware and Florida.  *See* Compl. ¶ 3; Corrected Removal Notice ¶ 11; Original Removal Notice ¶ 11.  A corporation is a citizen of the state(s) in which it (1) is incorporated and (2) has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *cf. Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010) (noting a company's principal place of business "will typically be found at a corporation's headquarters").  Plaintiff acknowledges that TMTG is incorporated in Delaware and has its principal place of business in Sarasota, Florida.  *See* Pl.'s Remand Mot. ¶ 1; Compl. ¶¶ 1, 3 (describing TMTG as a "Sarasota-based media and technology company").

---

[2] TMTG's remand motion does not challenge the jurisdictional facts alleged in the Original Removal Notice, *see* Pl.'s Remand Mot., which in any event are matters of public record.  Rather, TMTG's sole basis for remand is the (now corrected) assertion on the face of the Original Removal Notice that the Post is a citizen of Delaware.

## 2. The Post Is a Citizen of Washington.

The Post, a limited liability company, is a citizen of the State of Washington only, not Delaware.

That the Post is a Delaware LLC—that is, a limited liability company organized in Delaware—is disregarded for diversity purposes because an LLC "is not a 'citizen' under 28 U.S.C. § 1332(a) in its own right." *Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Se. LLC*, 2013 WL 12441093, at *2 (M.D. Fla. May 6, 2013) (citing *Xaros v. U.S. Fidelity & Guaranty Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987)). "Citizenship of a limited liability company is determined by the citizenship of each member, as opposed to the state of formation or its principal place of business." *Worldquest Resort Condo. Owners Ass'n, Inc. v. Hotwire Commc'ns, Ltd*, 2021 WL 8363023, at *1 (M.D. Fla. Dec. 28, 2021) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam)).[3] Thus, "a limited liability company is not, without more, a citizen of the state that created the entity or the state where it has its principal place of business[.]" *OLGA Baker #2, LLC v. ACE Ins. Co. of the Midwest*, 2020 WL 7684942, at *1 (M.D. Fla. Oct. 14, 2020).

---

[3] *See also, e.g. CareerStaff Unlimited, LLC v. Port Charlotte OPCO, LLC*, 2023 WL 2456493, at *1 (M.D. Fla. Mar. 10, 2023) ("[T]he domicile of an LLC is not determined by its state of organization, but by the domicile of its individual members."); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010) ("For well over a century, federal law has drawn a sharp distinction between corporations and virtually every other form of association for purposes of determining diversity of citizenship. On the one hand, corporations are considered legal persons whose citizenship does not depend on that of their shareholders . . . . unincorporated associations do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332.").

To determine the citizenship of an LLC with multiple layers of members, like the Post, courts must trace "through however many layers of members or partners there may be, to determine the identity and citizenship of [the LLC's] members." *See CityPlace Retail, LLC v. Wells Fargo Bank N.A.*, 2021 WL 3486168, at *3 (11th Cir. July 15, 2021). "[W]hen a member of an LLC is another LLC, . . . . it is necessary to 'drill down into the ownership flow chart' . . . . no matter how many layers are involved." *CareerStaff Unlimited*, 2023 WL 2456493, at *1 (citations omitted); *see, e.g.*, *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) (tracing the citizenship of limited liability companies through their members to establish their citizenship for diversity purposes); *Ramirez v. Walmart Stores E., LP*, 2023 WL 4030466, at *1 (M.D. Fla. June 15, 2023) (tracing the citizenship of defendant Walmart, a limited partnership, through several layers of its members including LLCs).

Tracing the Post's citizenship through multiple layers of members, all of which are themselves LLCs, leads to a single terminal member with citizenship "in [his] own right," *Cableview*, 2013 WL 12441093, at *2: Jeff Bezos, a natural person who is a citizen of the State of Washington. *See* Corrected Removal Notice ¶ 12; Original Removal Notice ¶ 12.[4] Therefore, Washington is the Post's sole state of citizenship for diversity purposes.

---

[4] As explained above, the Post is a Delaware limited liability company. Original Removal Notice ¶ 12; Corrected Removal Notice ¶ 12. Its sole member is Nash Holdings LLC, a Delaware LLC. *Id.* Nash Holdings LLC's two members are Nash Parallel Investment LLC, a Delaware LLC, and Explore Holdings LLC, a Washington LLC. *Id.* Explore Holdings LLC is the only member of Nash

The Post's Delaware registration—which at first might "seem to defeat diversity jurisdiction, because it would mean there are citizens of Delaware on both sides of the suit"—is not relevant here because "an LLC is *only* a citizen of those states where its members are citizens." *Autumn Vista Holdings, LLC v. Timbercreek Autumn Vista, L.P.*, 2017 WL 11692619, at *1 (N.D. Ga. Sept. 8, 2017) (emphasis added) (citing *Rolling Greens MHP, L.P.*, 374 F.3d at 1022). Simply put, the Post "is in fact not a citizen of Delaware for the purposes of diversity jurisdiction, because it does not have a member that is a citizen of Delaware" when the citizenship of each member LLC is traced to its conclusion. *Medlink Legal Sys.*, 2021 WL 9940297, at *2.

Thus, the Post is a citizen of Washington state—and of Washington state only—for the purposes of diversity jurisdiction. *See, e.g.*, *id.*; *Rolling Greens MHP, L.P.*, 374 F.3d at 1022.

### 3.   There Is Complete Diversity Between the Parties.

As the Post is a citizen of Washington and TMTG is a citizen of Delaware and Florida, there is complete diversity of citizenship between the parties to this case as "no two adverse parties are citizens of the same state." *Ranbaxy Laboratories Inc. v. First Databank, Inc.*, 826 F.3d 1334, 1338 (11th Cir. 2016).

Removal was therefore proper. Because Plaintiff's only argument for remand fails, its Motion should be denied. *See Medlink Legal Sys.*, 2021 WL

---

Parallel Investment LLC. *Id.* Explore Holdings LLC's sole member is Jeff Bezos, a citizen of the State of Washington. *Id.*

9940297, at *2 (denying motion to remand on diversity grounds because complete diversity of citizenship existed between the adverse parties).

**B.  THE POST PROPERLY CORRECTED ITS NOTICE OF REMOVAL; THE JUDICIAL ESTOPPEL DOCTRINE DOES NOT APPLY HERE.**

Citing no authority, Plaintiff argues that the Post is "judicially estopped" from contesting remand on the basis that the parties are completely diverse.  Pl.'s Remand Mot. ¶ 4.  Plaintiff's argument is predicated entirely on an error in Paragraph 13 of the Post's Original Removal Notice, *id.* ¶ 3, which inadvertently identified the Post as a citizen of both Washington and Delaware, despite correctly laying out in detail the membership of each component LLC in the preceding paragraph, *see* Original Removal Notice ¶¶ 12–13.  The Post promptly filed a Corrected Notice of Removal clarifying that the State of Washington is the sole state of which the Post is a citizen for the purposes of diversity jurisdiction.  *See* Corrected Removal Notice ¶ 13, at 1.

To start, the doctrine of judicial estoppel is not applicable here.  "In diversity cases, 'the application of the doctrine of judicial estoppel is governed by state law.'" *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1358 n.7 (11th Cir. 2018) (citation omitted).  The doctrine "is used to prevent litigants from taking totally inconsistent positions in separate proceedings, to the detriment of an adversary common to both proceedings." *Endurance Am. Specialty Ins. Co. v. L. Pellinen Constr., Inc.*, 2021 WL 5264673, at *5 (11th Cir. Nov. 12, 2021) (citing *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1066 (Fla. 2001)) (internal quotation mark

omitted).  Here, the Post has not made an inconsistent claim regarding the Post's citizenship, nor has it previously litigated this issue against TMTG.  As such, TMTG's judicial estoppel argument is without merit.

Further, the Post properly corrected its Original Removal Notice to reflect the Post's citizenship for Section 1332(a) purposes.  Even presuming that its error constituted a material defect in the Original Removal Notice (and it did not), it is well settled that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.  "The Eleventh Circuit dictates a liberal approach with respect to permitting a defendant to correct deficiencies of citizenship in a notice of removal."  *Fin. Info. Technologies, Inc. v. Lopez*, 2016 WL 9049356, at *1 (M.D. Fla. Jan. 4, 2016).  "[U]nless it is undisputed from the record that diversity does not exist, a defendant's failure to 'demonstrate diversity' in the notice of removal is merely a procedural defect, and the defendant *must* be given an opportunity to cure it."  *See U.S. Bank Nat'l Ass'n v. Smith*, 693 F. App'x 827, 829 (11th Cir. 2017) (citing *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296–97 (11th Cir. 2009)) (per curiam) (emphasis added) (original emphases omitted).  The amendment of defective citizenship allegations is permitted even after the 30-day removal period.  *See Landstar Glob. Logistics, Inc. v. Total Transp. Serv., LLC*, 2009 WL 997222, at *2 (M.D. Fla. Apr. 14, 2009) ("[C]ourts have allowed imperfect allegations of citizenship to be amended beyond the statutory thirty-day period for removal.").

Here, in spite of the Post's error, the Original Removal Notice fully disclosed the basis for diversity jurisdiction; indeed, it was clear from the citizenship analysis in Paragraph 12 that the Post is *not* in fact a citizen of Delaware and that complete diversity of citizenship exists between the Post and TMTG.  *See* Original Removal Notice ¶¶ 11–13; Corrected Removal Notice ¶¶ 11–13.  Specifically, the initial notice traced "through however many layers of members or partners there may be," making clear that the citizenship of the terminal owner was in Washington state (and nowhere else).  *CityPlace Retail*, 2021 WL 3486168, at *3.

A similar situation arose in *Code Red Roofers, Inc. v. Hermitage Insurance Co.*, where the defendant mistakenly stated in its notice of removal that it was a citizen of Florida—a fact that, if true, would defeat diversity—when in truth it was a citizen of New York, not Florida.  2008 WL 11331814, at *2 (S.D. Fla. Nov. 13, 2008).  The defendant explained that this kind of error "may be amended beyond the thirty day limit" for removal.  *Id.*  The court agreed, permitting the defendant to correct its "technical error" pursuant to § 1653 given that there was "no indication that [defendant] is a citizen of the State of Florida."  *Id.*

So too here.  And as *Code Red Roofers* makes clear, correction of the notice of removal was proper under these circumstances.  *See id.*; *see also, e.g.*, *Lewis v. D. Hays Trucking, Inc.*, 2008 WL 4664061, at *1 (N.D. Ga. Oct. 17, 2008) (denying a motion to remand where the removal notice erroneously listed the defendant as a "Georgia limited liability [sic]" instead of a Delaware corporation and permitting amendment of the removal notice under § 1653).

11

As correction was proper, the Court should consider the Corrected Removal Notice in deciding Plaintiff's Motion to Remand.  *See Dye v. Sexton*, 695 F. App'x 482, 485–86 (11th Cir. 2017) (per curiam) ("[T]he district court should have permitted [defendant] to amend his notice of removal to cure his defective allegation of citizenship, and it should have considered his amended notice of removal in ruling on the plaintiffs' motion to remand.").  The Corrected Removal Notice leaves no doubt that this Court has subject matter jurisdiction over the instant action pursuant to Section 1332(a).[5]  Accordingly, Plaintiff's Motion should be denied.

## II.   ALTERNATIVELY, THE COURT SHOULD DENY TMTG'S MOTION TO REMAND FOR FAILURE TO COMPLY WITH LOCAL RULE 3.01(g).

TMTG's failure to comply with the Local Rules of this Court provides an independent basis for the Court to deny its Motion to Remand.  Local Rule 3.01(g) imposes a duty on movants to "confer with the opposing party in a good faith effort to resolve the motion" prior to filing and include a certification to that effect at the end of a motion.  M.D. Fla. R. 3.01(g).

TMTG did not satisfy the conferral requirement of Local Rule 3.01(g), and, consequently, did not include the requisite certification at the end of its Motion.

---

[5] If for any reason the Court concludes that the Corrected Removal Notice is insufficient to establish jurisdiction under § 1332(a), the Post requests the opportunity to amend it.  Where, as here, the substantive grounds for federal jurisdiction are evident, courts in the Eleventh Circuit freely grant such amendment.  *See, e.g.*, *Lewis*, 2008 WL 4664061, at *1; *cf. Corp. Mgtg. Advisors, Inc.*, 561 F.3d at 1297 ("If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission,' as authorized by § 1653." (citation omitted)).

*See generally* Pl.'s Remand Mot.  This failure alone justifies denial of TMTG's Motion.  *See Faucett v. Busch Ent. Corp.*, 2007 WL 3047135, at *1 (M.D. Fla. Oct. 18, 2007) (striking a motion to remand for failure to comply with Local Rules 3.01(a) and 3.01(g)).  If TMTG had conferred with the Post prior to filing its Motion to Remand, the Post could have explained the basis for jurisdiction and corrected the error, mooting the need for the Motion.

## CONCLUSION

For the foregoing reasons, TMTG's Motion to Remand should be denied.

Dated: July 26, 2023                              Respectfully submitted,

THOMAS & LoCICERO PL                  WILLIAMS & CONNOLLY LLP

*/s/ Carol Jean LoCicero*                    */s/ Thomas G. Hentoff*
Carol Jean LoCicero (FBN 603030)   Thomas G. Hentoff (*pro hac vice*)
Linda R. Norbut (FBN 1011401)        Nicholas G. Gamse (*pro hac vice*)
601 South Boulevard                          680 Maine Avenue, S.W.
Tampa, FL  33606                              Washington, DC  20024
Telephone: (813) 984-3060                Telephone: (202) 434-5000
Facsimile: (813) 984-3070                  Facsimile: (202) 480-8371
clocicero@tlolawfirm.com                  thentoff@wc.com
lnorbut@tlolawfirm.com                    ngamse@wc.com

*Counsel for Defendant*                      *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document

is being electronically filed and will be furnished via CM/ECF and via Electronic

Mail on July 26, 2023, to:

Jason R. Kobal, Esquire
KOBAL LAW, P.A.
12169 W. Linebaugh Ave.
Tampa, FL 33626
koballaw@yahoo.com

*Counsel for Plaintiff*

Steven S. Biss, Esquire
300 West Main Street, Ste. 102
Charlottesville, VA 22903
stevenbiss@earthlink.net

*Counsel for Plaintiff*


*/s/ Thomas G. Hentoff*
Thomas G. Hentoff