UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRUMP MEDIA & TECHNOLOGY
GROUP CORP.,

 Plaintiff,

v.             Case No.: 8:23-cv-1535-TPB-AAS

WP COMPANY LLC d/b/a
The Washington Post,

 Defendant.
_____/

## ORDER

  Defendant WP Company LLC d/b/a The Washington Post (the Post) requests entry of an order staying discovery pending resolution of its motion to dismiss Plaintiff Trump Media & Technology Group Corp.'s (TMTG) complaint and TMTG's motion to remand. (Docs. 24, 25). TMTG opposes the motion. (Doc. 29). The Post replied in support of its motion to stay. (Doc. 32).

  District courts have inherent power to control their dockets and manage their cases. *Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscaping Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). This inherent power includes the discretion to stay the proceedings. *Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886 at * 2 (M.D. Fla. Aug. 14, 2014). Motions to stay discovery, however, "are not favored because when discovery

1

is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). This district's discovery manual instructs:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.

Middle District Discovery (2021) § I.E.4.

In deciding a defendant's request for a stay of discovery pending a ruling on a dispositive motion, "it is necessary for the court to 'take a preliminary peek' at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652. When evaluating whether a motion to dismiss is "clearly meritorious," courts consider whether "any binding Eleventh Circuit authority" clearly requires dismissal of the claims. *See Meyer v. Diversified Consultants, Inc.*, No. 3:14-cv-393-J-34JBT, 2014 WL 5471114, at *2 (M.D. Fla. Oct. 29, 2014).

A preliminary review of the Post's motion to dismiss reveals it does not meet the extraordinarily stringent "clearly meritorious" standard. The Post also failed to demonstrate a specific showing of prejudice or undue burden if

discovery proceeds. Thus, the balance tips in favor of requiring discovery to go forward.

In addition, neither granting nor denying the motion to remand would eliminate the need for discovery. *See Carapella v. State Farm Fla. Ins. Co.*, No. 8:18-cv-2396-T-36CPT, 2018 WL 7268163 at *2 (M.D. Fla. Nov. 5, 2018) ("Even if the case is remanded, the discovery obtained in federal court can be used in state court.").

Accordingly, the Post's Motion to Stay Discovery (Doc. 24) is **DENIED**.

**ORDERED** in Tampa, Florida on September 28, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge