**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TRUMP MEDIA & TECHNOLOGY
GROUP CORP.,

        Plaintiff,

v.                                         Case No.: 8:23-cv-1535-TPB-AAS

WP COMPANY LLC
d/b/a The Washington Post

        Defendant.
_____/

**JOIN MOTION TO MODIFY CASE MANAGEMENT ORDER**
**WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Trump Media & Technology Group Corp. ("TMTG"), and Defendant, WP Company LLC d/b/a The Washington Post ("The Post") (collectively, the "Parties"), by and through their counsel, hereby respectfully request that the Court modify the Case Management and Scheduling Order (Doc. 64, the "Fourth Case Management Order"). This is the Parties' fourth request for a modification of the Case Management and Scheduling Order, which would preserve the status quo and further judicial efficiency by moving the Parties' commencement of document production to twenty-one (21) days following an Order on The Post's forthcoming motion to dismiss TMTG's Second Amended Complaint (Doc. 70).

# MEMORANDUM OF LAW

The grounds for the requested modification are as follows:

1. On December 28, 2023, this Court issued the first Case Management and Scheduling Order. (Doc. 45.)

2. On March 8, 2024, this Court entered an Order Granting in Part and Denying in Part Defendant's Motion to Dismiss. (Doc. 46.)

3. Subsequently, TMTG filed its Amended Complaint and The Post filed its Motion to Dismiss the Amended Complaint.

4. On April 26, 2024, the Court scheduled a Case Management Conference for September 25, 2024. (Doc. 52.)

5. The Parties exchanged initial written discovery in the form of interrogatories and requests for production on or about July 15, 2024.

6. On August 22, 2024, the Parties jointly moved to modify the first Case Management and Scheduling Order for good cause, because the Parties had "jointly concluded that it would help preserve party and Court resources and promote the ultimate efficient resolution of this case if they have additional time to respond to existing discovery requests and the ability to recalibrate the remaining case schedule after receiving guidance from the Court" on The Post's Motion to Dismiss the Amended Complaint, which was then pending. (Doc. 57, ¶ 9.)

7. On August 27, 2024, the Court entered the Order granting the

Parties' joint motion to modify the first Case Management and Scheduling Order, ordering the Parties to exchange responses and objections to the pending discovery requests on or before September 17, 2024; and to commence document production to each other on or before October 17, 2024. (Doc. 58 (incorporating Doc. 57, ¶ 7(a)-(c)).) The Court further ordered that "[a]ll other deadlines and activities set forth in the Court's December 28, 2023, Case Management and Scheduling Order (Doc. 45) are stayed pending further order of the Court." (*Id.*)

8.   The Court subsequently reset the Case Management Conference, moving it from September 25, 2024, to October 31, 2024. (Doc. 58.) The Parties then filed a second joint motion to move the deadline for commencing document production to on or before November 8, 2024, to "account for the rescheduling of the Case Management Conference to October 31, 2024, and give the Parties an opportunity to receive guidance from the Court in connection with the Conference on the potential scope of the case before commencing the production of documents." (Doc. 60, ¶¶ 10-11.) The Court granted the motion on September 19, 2024. (Doc. 61.)

9.   Pursuant to the second Case Management and Scheduling Order, the Parties exchanged discovery objections and responses on September 27, 2024.

10.   The Court subsequently reset the Case Management Conference,

moving it from October 31, 2024, to December 18, 2024. (Doc. 62.) The Parties filed a third joint motion to move the deadline for commencing document production to "twenty-one (21) days after the next Case Management Conference," to account for the rescheduling. (Doc. 63, ¶ 14.) The Court granted the motion on November 4, 2024. (Doc. 64.)

11. On December 23, 2025, the Court entered an Order Granting Defendant's Motion to Dismiss Amended Complaint. (Doc. 68.) The Court dismissed the Amended Complaint "without prejudice and allow[ed] TMTG another opportunity to amend." (*Id.* at 18-19.)

12. TMTG filed its Second Amended Complaint on January 13, 2025.

13. The Post's motion to dismiss the Second Amended Complaint is due by January 27, 2025, and The Post intends to file the motion on that date.

14. The Parties anticipate that an Order on The Post's forthcoming motion to dismiss will resolve the issue of whether TMTG is able to state a claim, and thus whether further discovery will be required in this case. The Parties agree that further expenditure of party resources on document production thus would be premature at this time, and potentially inefficient.

15. Counsel for TMTG and The Post have conferred in good faith since the filing of TMTG's Second Amended Complaint and agreed to jointly request that the Fourth Case Management Order be modified to adjust the deadline

for the commencement of document production. The Parties make this request for reasons similar to those provided in their prior joint motions.

16. Accordingly, the Parties request the following modifications to the Fourth Case Management Order:

(a) the Parties will prepare and submit a replacement Case Management and Scheduling Order within seven (7) days of the issuance of an Order ("Forthcoming Order") by the Court on The Post's forthcoming motion;

(b) the Parties will commence document production to each other on or before twenty-one (21) days after the issuance of the Forthcoming Order.

17. The Federal Rules permit modification of a case management and scheduling Order upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b) (permitting extensions for good cause when motion is made prior to original deadline).

18. Good cause exists here for this modification of the Fourth Case Management Order. The Parties have cooperated in discovery. This modification will account for the filing of TMTG's Second Amended Complaint and of The Post's forthcoming motion. Without prejudging the outcome of that motion, the modification will allow for the "possibility that the motion will be granted and entirely eliminate the need for such discovery," and thereby provide the Parties with the "benefits of saved time, money, and resources" in

such an event. *Morris v. Lincare Inc.*, 2023 WL 3092625, at *1 (M.D. Fla. Apr. 26, 2023) (citation omitted).

WHEREFORE, TMTG and The Post respectfully request this Court to enter an Order approving the modifications to the Fourth Case Management Order set forth above.

Dated: January 27, 2025

*/s/    Stephen B. French*
Stephen B. French (FBN 0078761)
Jesse R. Binnall *(pro hac vice)*
Shawn Flynn (FBN 1040911)
Jared J. Roberts (FBN 1036550)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
stephen@binnall.com
jesse@binnall.com
shawn@binnall.com
jared@binnall.com

*Counsel for Plaintiff*

Respectfully submitted,

*/s/    Thomas G. Hentoff*
Thomas G. Hentoff (*pro hac vice*)
Nicholas G. Gamse (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC  20024
Telephone: (202) 434-5000
Facsimile: (202) 480-8371
thentoff@wc.com
ngamse@wc.com

*/s/    Carol Jean LoCicero*
Carol Jean LoCicero (FBN 603030)
Linda R. Norbut (FBN 1011401)
THOMAS & LOCICERO PL
601 South Boulevard
Tampa, FL  33606
Telephone: (813) 984-3060
Facsimile: (813) 984-3070
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on January 27, 2025, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

*/s/   Thomas G. Hentoff*
Thomas G. Hentoff
*Counsel for Defendant*
