# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TRUMP MEDIA & TECHNOLOGY GROUP CORP.,

    Plaintiff,

vs.

WP COMPANY LLC d/b/a The Washington Post,

    Defendant.

_____/

Case No: 8:23-cv-01535-TPB-AAS

## DEFENDANT WP COMPANY LLC'S UNOPPOSED MOTION FOR LEAVE TO FILE A SHORT REPLY BRIEF

Defendant WP Company LLC ("The Post") hereby moves pursuant to Local Rule 3.01(d) for leave to file a two-page reply brief in support of its Motion to Dismiss the Second Amended Complaint (Doc. No. 74). The reply brief would address one new issue of fact raised in the opposition brief ("Opp." or "Opposition," Doc. No. 75) of Plaintiff Trump Media & Technology Group Corp. ("TMTG"); *Pk Studios, Inc. v. R.L.R. Invs., LLC*, 2015 WL 12843877, at *1 (M.D. Fla. Dec. 8, 2015) ("The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." (citation omitted)). The Post submits that the reply could assist the Court in its analysis as to that new issue of fact for the following reasons:

    1.    On January 27, 2025, The Post moved to dismiss the Second Amended Complaint (Doc. No. 70), arguing that TMTG had failed to plausibly allege actual malice as to the two challenged "Finder's Fee Statements" in The Post's May 13,

2023 article ("Article"). TMTG filed its Opposition on February 17, 2025.

2. A reply would address TMTG's attempt to amend the Second Amended Complaint via brief. In its Opposition, TMTG adds an actual malice allegation that for the first time admits that TMTG, in fact, had what it calls an "unsigned and undated draft referral fee agreement," and also acknowledges that The Post "cited" that agreement in the Article. Opp. at 6 (emphases removed). Despite the Court's prior instruction that TMTG "include in any amended complaint allegations regarding the impact of the fee agreement and the invoice" referenced in the Article, March 8, 2025 Order (Doc. 54) at 11, the Second Amended Complaint did *not* include any such allegations.

3. The Post, therefore, has not had an opportunity to respond to this new allegation raised only in a brief. *See United States v. 8 Luxury Vehicles*, 2015 WL 13793108, at \*1 (M.D. Fla. May 7, 2015) (granting leave to file a reply where the plaintiff raised "new facts" in its opposition). A reply would be appropriate to provide The Post opportunity to show that the allegation that The Post had and relied upon this "draft referral agreement" demonstrates the implausibility of TMTG's actual malice allegations. Opp. at 6.

4. The Post requests five days after the Court rules on this Motion to file a two-page reply brief.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel conferred with Plaintiff's counsel, and Plaintiff's counsel does not oppose the relief sought herein.

| | |
|---|---|
| Dated: February 26, 2025 | Respectfully submitted, |
| THOMAS & LoCICERO PL | WILLIAMS & CONNOLLY LLP |
| */s/ Carol Jean LoCicero*<br>Carol Jean LoCicero (FBN 603030)<br>Linda R. Norbut (FBN 1011401)<br>601 South Boulevard<br>Tampa, FL  33606<br>Telephone: (813) 984-3060<br>Facsimile: (813) 984-3070<br>clocicero@tlolawfirm.com<br>lnorbut@tlolawfirm.com | */s/ Thomas G. Hentoff*<br>Thomas G. Hentoff (*pro hac vice*)<br>Nicholas G. Gamse (*pro hac vice*)<br>680 Maine Avenue, S.W.<br>Washington, DC  20024<br>Telephone: (202) 434-5000<br>Facsimile: (202) 480-8371<br>thentoff@wc.com<br>ngamse@wc.com |
| *Counsel for Defendant* | *Counsel for Defendant* |