## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TRUMP MEDIA & TECHNOLOGY GROUP CORP.,

    Plaintiff,

vs.

                                                     Case No: 8:23-cv-01535-TPB-AAS

WP COMPANY LLC d/b/a The Washington Post,

    Defendant.

_____/

## REPLY IN SUPPORT OF DEFENDANT WP COMPANY LLC'S
## MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

TMTG's opposition finally admits the existence of what it calls an "unsigned and undated draft referral fee agreement" with Entoro Securities, which it acknowledges The Post "cited" in the Article after receiving it from TMTG's then-executive vice president of operations Will Wilkerson.  Opp. (Doc. No. 75) at 6 (emphases removed); *see also* 2d Am. Compl. (Doc. No. 70) ¶ 42(a).  This admission undercuts the Second Amended Complaint's new allegation that there "was no agreement" for a finder's fee.  2d Am. Compl. ¶ 28; Opp. at 6.

The opposition's assertion that the agreement was "unsigned," Opp. at 6, fails to save TMTG's Complaint from a third and final dismissal for failure to plausibly allege actual malice, for three reasons.

First, the Article's reliance on the referral fee agreement is similar to its reliance on the $8 million promissory note: that note was "unsigned" yet indisputably resulted in $8 million in payments from Entoro to TMTG.  1st Op.

(Doc No. 46) at 2.  The Post thus would have had no reason to doubt the finder's fee agreement when a similar unsigned document evidenced a known, completed $8-million transaction.

Second, TMTG does not contest that The Post had an accompanying invoice, corroborating the agreement's existence.  Opp. at 6; 2d Op. (Doc. No. 68) at 16.

Third, The Post received the promissory note, finder's fee agreement, and invoice from TMTG executive Wilkerson, whom the Court has emphasized was "an insider positioned to provide accurate information."  2d Op. at 10.

TMTG's admission that what it calls a "draft referral fee agreement" existed, Opp. at 6, thus bolsters the Court's prior actual malice holding that The Post had no reason to "entertain[] serious doubts" about the Finder's Fee Statements, 2d Op. at 16; *see Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 703 (11th Cir. 2016). Accordingly, TMTG cannot establish actual malice as to the remaining Finder's Fee Statements, and the Court should dismiss this lawsuit with prejudice.

Dated: April 8, 2025                          Respectfully submitted,

THOMAS & LoCICERO PL                  WILLIAMS & CONNOLLY LLP

*/s/ Carol Jean LoCicero*                    */s/ Thomas G. Hentoff*
Carol Jean LoCicero (FBN 603030)      Thomas G. Hentoff (*pro hac vice*)
Linda R. Norbut (FBN 1011401)         Nicholas G. Gamse (*pro hac vice*)
601 South Boulevard                        680 Maine Avenue, S.W.
Tampa, FL  33606                           Washington, DC  20024
Telephone: (813) 984-3060              Telephone: (202) 434-5000
Facsimile: (813) 984-3070               Facsimile: (202) 480-8371
clocicero@tlolawfirm.com                 thentoff@wc.com
lnorbut@tlolawfirm.com                   ngamse@wc.com

*Counsel for Defendant*                    *Counsel for Defendant*