# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TRUMP MEDIA & TECHNOLOGY GROUP CORP.,

    Plaintiff,

vs.

WP COMPANY LLC d/b/a The Washington Post,

    Defendant.

_____/

Case No: 8:23-cv-01535-TPB-AAS

## DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant WP Company, LLC, d/b/a The Washington Post ("Defendant" or the "Post"), by and through its undersigned counsel, hereby submits this Answer to Plaintiff Trump Media & Technology Group Corp.'s ("TMTG") Second Amended Complaint. Any allegation of the Second Amended Complaint not expressly admitted herein is hereby denied. Defendant reserves all rights to amend the Answer and affirmative defenses, as necessary.

\* \* \* \* \*

Defendant admits the allegation in the second sentence of the first unnumbered introductory Paragraph that Defendant published an article titled, "Trust linked to porn-friendly bank could gain a stake in Trump's Truth Social," (the "Article") related to a contemplated merger between TMTG and Trump Media & Technology Group Corp. f/k/a Digital World Acquisition Corp. ("DWAC"). Defendant otherwise denies the factual allegations in the first unnumbered

Paragraph. The remaining allegations in the first unnumbered Paragraph state legal conclusions to which no response is required, and they are denied on that basis.

1. Defendant admits the allegation in Paragraph 1 that TMTG is a company that operates a social media platform called "Truth Social." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and on that basis denies them.

2. Defendant admits the allegation in Paragraph 2 that on May 13, 2023, Defendant published the Article titled, "Trust linked to porn-friendly bank could gain a stake in Trump's Truth Social," which headline speaks for itself. Defendant otherwise denies the allegations in Paragraph 2, including to the extent they state legal conclusions to which no response is required.

3. Defendant admits the allegation in Paragraph 3 that Drew Harwell was the Article's primary author. Defendant otherwise denies the allegations in Paragraph 3, including to the extent they state legal conclusions to which no response is required.

4. Defendant denies the allegations in Paragraph 4, including to the extent they state legal conclusions to which no response is required.

5. Defendant admits the allegation in Paragraph 5 that Plaintiff is a Delaware corporation. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and on that basis denies them.

6. Defendant admits the allegations in the first sentence of Paragraph 6. Defendant denies the allegations in the second sentence of Paragraph 6, except to admit that Defendant has digital subscribers in the United States, including in Florida. Defendant denies the allegations in the third sentence of Paragraph 6, except to admit that it operates a Twitter/X account, which the number of followers for is publicly available. Defendant denies the allegations in the fourth sentence of Paragraph 6 on the basis that it does not have offices in Florida and on the basis that the sentence states legal conclusions to which no response is required, except to admit that it employs reporters based in Florida. Defendant denies the allegations in the fifth sentence of Paragraph 6, except to admit that it operates an active website, http://www.washingtonpost.com/, that is accessible in Florida. Defendant denies the allegations in the sixth sentence of Paragraph 6, except to admit that the Article reported on TMTG, which is based in Florida, and was accessed and read by Floridians. Defendant denies the allegations in the seventh sentence of Paragraph 6, except to admit that Defendant's "ultimate owner" now owns at least one property in Florida and now resides there. Defendant otherwise denies the allegations in Paragraph 6, including to the extent they state legal conclusions to which no response is required.

7. The allegations in Paragraph 7 state legal conclusions to which no response is required, and they are denied on that basis.

8. Defendant admits the allegations in the first sentence of Paragraph 8. Defendant otherwise denies the allegations in Paragraph 8, including to the extent

3

they state legal conclusions to which no response is required.

9. Defendant admits the allegations in the first sentence of Paragraph 9 that Will Wilkerson was a "former employee of TMTG" who was terminated by TMTG, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that sentence, and on that basis denies them. Defendant denies the remaining allegations in Paragraph 9, including to the extent they state legal conclusions to which no response is required.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11, including to the extent they state legal conclusions to which no response is required.

12. Defendant denies the allegations in Paragraph 12, including to the extent they state legal conclusions to which no response is required.

13. Defendant admits the allegation in first sentence of Paragraph 13 that Defendant published the Article online on May 13, 2023, but otherwise denies the allegations in that first sentence on the basis that they mischaracterize the Article's headline, which speaks for itself. The allegations in Paragraph 13 are otherwise denied.

14. Defendant admits that the quoted language in Paragraph 14 appears in the Article, which speaks for itself. The remaining allegations in Paragraph 14 state legal conclusions to which no response is required, and they are denied on that basis.

15. Defendant denies the allegations in Paragraph 15, including to the

extent they state legal conclusions to which no response is required.

16. Defendant denies the allegations in Paragraph 16, including to the extent that they state legal conclusions to which no response is required, except to admit that Mr. Harwell shared a link to the online Article via Twitter/X, which tweet speaks for itself. The current number of followers for Mr. Harwell's Twitter/X account is publicly available.

17. Defendant denies the allegations in Paragraph 17, including to the extent that they state legal conclusions to which no response is required, except to admit that Joseph Menn is a Post reporter who shared a link to the Article via the Mastodon social network, which post speaks for itself.

18. Defendant admits the allegations in Paragraph 18 that Lori Montgomery is a Post editor; that she was the author of Defendant's May 17, 2023 response to TMTG's retraction demand; and that she retweeted a link to the Article, which tweet speaks for itself. Defendant otherwise denies the allegations in Paragraph 18.

19. Defendant admits the allegations in Paragraph 19 that freelance journalist Matthew Bernardini received a byline on the Article and retweeted a link to the Article, which tweet speaks for itself. Defendant otherwise denies the allegations in Paragraph 19.

20. Defendant admits the allegations in Paragraph 20 that Matei Rosca received a byline on the Article and tweeted and linked to the Article, which posts speak for themselves. Defendant otherwise denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21, including to the extent they state legal conclusions to which no response is required.

22. Defendant denies the allegations in Paragraph 22, including to the extent they state legal conclusions to which no response is required, except to admit that Defendant published the Article headlined, "Trust linked to porn-friendly bank could gain a stake in Trump's Truth Social," which headline speaks for itself.

23. Defendant denies the allegations in Paragraph 23, except to admit that the quoted language in Footnote 2 appears in the Article, which speaks for itself. The remaining allegations in Paragraph 23 state legal conclusions to which no response is required, and they are denied on that basis.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25, except to admit that the quoted language appears in the Article and in the linked tweets, which speak for themselves.

26. Defendant denies the allegations in Paragraph 26, including to the extent they state legal conclusions to which no response is required.

27. The allegations in Paragraph 27 state legal conclusions to which no response is required, and they are denied on that basis.

28. Defendant denies the allegations in Paragraph 28.

29. The allegations in Paragraph 29 state legal conclusions to which no response is required, and they are denied on that basis.

30. The allegations in Paragraph 30 state legal conclusions to which no response is required, and they are denied on that basis.

31. Defendant admits the allegations in Paragraph 31 that TMTG served a written retraction notice on Defendant on May 14, 2023. Plaintiff's retraction notice did not include a verbatim quotation of the allegedly defamatory material, and did not specify that it was false because there was no agreement to pay a finder's fee. Defendant otherwise denies the allegations in Paragraph 31, including to the extent they state legal conclusions to which no response is required.

32. Defendant admits the allegation in Paragraph 32 that Ms. Montgomery responded to TMTG's May 14, 2023 written notice through a May 17, 2023 letter, which speaks for itself. Defendant otherwise denies the allegations in Paragraph 32, including to the extent they state legal conclusions to which no response is required.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant repeats and reasserts Paragraphs 1 through 33 of this Answer and incorporates them by reference as though fully set forth herein.

35. Defendant denies the allegations in Paragraph 35, including to the extent they state legal conclusions to which no response is required.

36. Defendant denies the allegations in Paragraph 36, including to the extent they state legal conclusions to which no response is required.

37. Defendant denies the allegations in Paragraph 37, including to the extent they state legal conclusions to which no response is required.

38. The allegations in Paragraph 38 state legal conclusions to which no response is required, and they are denied on that basis.

39. The allegations in Paragraph 39 state legal conclusions to which no response is required, and they are denied on that basis.

40. Defendant denies the allegations in Paragraph 40, including to the extent they state legal conclusions to which no response is required.

41. Defendant denies the allegations in Paragraph 41.

42. The allegation in the first sentence of Paragraph 42 states legal conclusions to which no response is required, and is denied on that basis. Defendant answers the remaining allegations in Paragraph 42 as follows:

   a. Defendant admits that the quoted language within Paragraph 42(a) appears in the Article, which speaks for itself. Defendant otherwise denies the allegations in Paragraph 42(a), including to the extent they state legal conclusions to which no response is required.

   b. Defendant admits that the quoted language within the first sentence of Paragraph 42(b) appears in the Article, which speaks for itself. Defendant admits that the quoted language in the second and fifth sentences of Paragraph 42(b) appears within the articles cited at Footnotes 4 and 5, which speak for themselves. Defendant otherwise denies the allegations in Paragraph 42(b), including to the extent they state legal conclusions to which no response is required.

   c. Defendant denies the allegations in Paragraph 42(c), including to the

8

extent they state legal conclusions to which no response is required.

f.[1]   Defendant admits that the quoted language in the fourth sentence of Paragraph 42(f) appears in the tweet cited at Footnote 6, which speaks for itself. Defendant admits the allegation in the fifth sentence of Paragraph 42(f) that President Donald Trump was temporarily banned from Twitter/X and that the quoted language appears within the article cited at Footnote 7, which speaks for itself. Defendant admits that Mr. Harwell posted the tweet cited at Footnote 8, but otherwise denies the allegations in the seventh sentence of Paragraph 42(f) on the basis that they mischaracterize the tweet, which speaks for itself. Defendant otherwise denies the allegations in Paragraph 42(f), including to the extent they state legal conclusions to which no response is required.

43.   Defendant denies the factual allegations in Paragraph 43. The remaining allegations in Paragraph 43 state legal conclusions to which no response is required, and they are denied on that basis.

44.   Defendant repeats and reasserts Paragraphs 1 through 43 of this Answer and incorporates them by reference as though fully set forth herein.

45.   Defendant denies the allegations in Paragraph 45, including to the extent they state legal conclusions to which no response is required.

46.   Defendant denies the allegations in Paragraph 46, including to the extent they state legal conclusions to which no response is required.

---

[1] The Second Amended Complaint does not include paragraphs 42(d) or 42(e).

47. Defendant denies the allegations in Paragraph 47, including to the extent they state legal conclusions to which no response is required.

48. The allegations in Paragraph 48 state legal conclusions to which no response is required, and they are denied on that basis.

49. The allegations in Paragraph 49 state legal conclusions to which no response is required, and they are denied on that basis.

50. The allegations in Paragraph 50 state legal conclusions to which no response is required, and they are denied on that basis.

51. Defendant denies the allegations in Paragraph 51, including to the extent they state legal conclusions to which no response is required.

52. Defendant denies each and every allegation following numbered Paragraph 51, including the allegations in the unnumbered paragraphs following the title "Prayer for Relief," that is, subparagraphs (a)-(e). Defendant denies that Plaintiff is entitled to any relief whatsoever.

## **DEFENSES**

Without assuming any burden of proof that it would not otherwise bear, Defendant asserts the following defenses and affirmative defenses, all of which are pleaded in the alternative:

1. The Second Amended Complaint fails to state a claim on which relief can be granted.

2. Some or all of the challenged statements are not defamatory or defamatory per se.

3. Some or all of the challenged statements are not reasonably capable of bearing the meanings alleged.

4. Defendant did not intend to convey the alleged defamatory implications.

5. Some or all of the challenged statements are substantially true.

6. Plaintiff is a public figure, and Defendant did not publish some or all of the challenged statements with actual malice.

7. Some or all of the challenged statements are protected by and privileged under the First and Fourteenth Amendments to the Constitution of the United States.

8. Some or all of the challenged statements are protected by and privileged under the Florida Constitution and/or any other applicable state constitutions.

9. Some or all of the challenged statements are privileged and protected by Florida's fair report privilege because the statements were sourced from or relied upon government records or sources.

10. Some or all of the challenged statements constitute privileged fair comment on newsworthy matters regarding the circumstances of the ES Family Trust loan to TMTG.

11. Some or all of the challenged statements and publications about which Plaintiff complains are protected by the neutral report privilege because they compose disinterested statements about matters of public concern.

11

12. Plaintiff's remedies are limited by any applicable retraction statute, including Florida's, Fla. Stat. § 770.01. Plaintiff's retraction notice did not include a verbatim quotation of the allegedly defamatory material. Any claim based on a statement not identified in the notice is both barred by the retraction statute and untimely.

13. Plaintiff's allegations violate any applicable state law anti-SLAPP statute, including Fla. Stat. Ann. § 768.295. The Court should award "reasonable attorney fees and costs" pursuant to Fla. Stat. Ann. § 768.295.

14. Plaintiff's claims are barred by the doctrine of unclean hands.

15. Plaintiff did not suffer damages or special damages as a result of the challenged statements of which it complains.

16. To the extent Plaintiff has been harmed, that harm was caused by individuals or entities other than Defendant or an individual or entity within Defendant's control.

17. To the extent Plaintiff has been harmed, any damages Plaintiff suffered were the result of an intervening or superseding cause.

18. To the extent Plaintiff has been harmed, its claim for damages is barred by the doctrine of assumption of risk.

19. To the extent Plaintiff has been harmed, it has failed to mitigate its damages.

20. To the extent Plaintiff has been harmed, there has been no incremental harm caused by the allegedly defamatory statements.

21. Plaintiff's claimed damages are vague, uncertain, and/or speculative.

22. Plaintiff cannot prove facts sufficient to warrant an award of punitive damages.

23. Plaintiff's claim for punitive damages is barred by the First and Fourteenth Amendments to the Constitution of the United States, as well as limited by applicable state law, including Fla. Stat. Ann. § 768.72.

24. Plaintiff is not entitled to an award of prejudgment interest if it prevails on any or all of the stated claims.

25. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be other, as yet unstated, defenses available to them, and therefore expressly: (a) reserves the right to amend or supplement its Answer, defenses, and all other pleadings; and (b) reserves the right to assert any and all additional defenses under any applicable law in the event that discovery indicates such defenses would be appropriate.

Defendant hereby demands a jury trial on all issues so triable.

Dated: June 20, 2025

THOMAS & LoCICERO PL

*/s/ Carol Jean LoCicero*
Carol Jean LoCicero (FBN 603030)
Linda R. Norbut (FBN 1011401)
601 South Boulevard
Tampa, FL  33606
Telephone: (813) 984-3060
Facsimile: (813) 984-3070
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com

*Counsel for Defendant*

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

*/s/ Thomas G. Hentoff*
Thomas G. Hentoff (*pro hac vice*)
Nicholas G. Gamse (*pro hac vice*)
680 Maine Avenue, S.W.
Washington, DC  20024
Telephone: (202) 434-5000
Facsimile: (202) 480-8371
thentoff@wc.com
ngamse@wc.com

*Counsel for Defendant*