UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

TRUMP MEDIA & TECHNOLOGY
GROUP CORP.,

      Plaintiff,

v.                                                Case No.: 8:23-cv-1535-TPB-AAS

WP COMPANY, LLC,
d/b/a The Washington Post

      Defendant.

_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

      Defendant's Motion is premature and unnecessary. TMTG has made clear that it intends to comply with its discovery obligations fully, has already supplemented some discovery responses and disclosures, and will continue to do so as discovery progresses. Despite this, Defendant asks the Court to intervene before the applicable deadlines have passed, effectively seeking to accelerate expert disclosures and rewrite the rules governing discovery. Accordingly, Defendant's Motion should be denied, and it is not entitled to any fees or sanctions.

**ARGUMENT**

      Defendant's Motion is premature. Defendant's Motion can be broken down into three categories: 1) TMTG's computation of damages in its initial

disclosures; 2) TMTG's document production status; and 3) TMTG's responses to two interrogatories, one of which relates to TMTG's computation of damages. As TMTG has made Defendant aware, it fully intends to comply with its discovery requirements. As such, this Motion should be denied as premature.

## I.     TMTG's Computation of Damages.

Defendant's request for a revised or more detailed computation of TMTG's damages is premature. TMTG has put Defendant on notice of the categories and amount of damages it is claiming. A specific computation of damages will require expert analysis. At such time, TMTG will promptly supplement its disclosures. Judge Owens in the Middle District of Georgia has held, in response to a motion in limine, that damage disclosures providing a damages figure, but no method of calculation, were sufficient where the method of calculation required expert testimony, which the disclosing party was not yet obliged to disclose. *Pine Ridge Recycling v. Butts County*, 889 F. Supp. 1526, 1527 (M.D. Ga. 1995). Judge Owens stated:

> At this point, disputing the amount of damages actually claimed is analogous to arguing over the birth weight of a baby 3 months into the pregnancy. Arguments over the method of computation are similarly premature since the method will necessitate expert testimony, which is not due until later this year. Defendants' motion is DENIED.

*Id.* (emphasis in original).

2

This Court came to a similar conclusion in *Stoll v. Musculoskeletal Inst., Chartered*, No. 8:20-cv-1798-T-36AAS, 2020 WL 6784115 (M.D. Fla. Nov. 18, 2020). In *Stoll*, the defendant brought a motion to strike the plaintiffs' initial disclosures, which the Court construed as a "motion to compel more complete initial disclosures from the plaintiffs." *Id*. at *2. Specifically, the defendant sought a more definitive computation of damages. *Id*. The Court largely denied the defendant's motion. *Id*. at *2–3. The Court did so because the plaintiffs' damages theory was still developing, and the plaintiffs needed discovery to provide their complete computation of damages. *Id*. The Court reiterated that the plaintiffs must, however, supplement their disclosures as discovery continues. *Id*. at *3.

Likewise, here, as to TMTG's reputational harm, its damages theory is still developing and requires expert testimony. Similarly, as to the exact amount of harm Defendant's statements caused TMTG from lost potential investors and customers, and the effect of the delay on TMTG's merger, this too requires expert testimony to provide a full computation. TMTG's expert disclosure deadline remains three months away. TMTG plans to promptly disclose its specific computations upon its receipt of expert testimony.

Defendant will have time to challenge TMTG's damages as well. Defendant's expert disclosure is due a month after TMTG's is due, and rebuttal

3

expert disclosures are due a month after Defendant's expert disclosure. *See* Dkt. 88. And discovery does not then close until a month after rebuttal expert disclosures are due. *Id*.

Furthermore, the case examples that Defendant cites are readily distinguishable. Dkt. No. 93 at 7–8. First, in *Neira v. Gualtieri*, No. 8:22-cv-1720, 2024 WL 865883, at *1 (M.D. Fla. Feb. 29, 2024), the plaintiff never argued that they needed discovery to develop their damages theory and computations because the plaintiff never responded to the motion in the first place. Second, in *MC3 Investments LLC v. Local Brand, Inc.*, No. 5:22-cv-260, 2023 WL 10407124, at *6–7 (N.D. Fla. July 11, 2023), discovery had already been closed for two months, and trial was just two months away. Third, in *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569 (C.D. Cal. 2009), the court explicitly noted, "Plaintiff's ***precise*** method of calculation need not be disclosed to the extent the method is properly the subject of expert testimony and the parties will be turning over expert evidence in the future." (emphasis in original). Fourth, in *Aetna Inc. v. Blue Cross Blue Shield of Michigan*, No. 11-cv-15346, 2012 WL 4355545, at *2 (E.D. Mich. Sept. 24, 2012), the court did not require the plaintiff to submit a final computation; rather, the court required the plaintiff to supplement with the information it had already received in discovery.

Finally, Defendant asks the Court to compel TMTG to lower the damages amount in its prayer for relief. Dkt. No. 93 at 9–10. TMTG alleged two defamatory statements in its Second Amended Complaint. Dkt. No. 70 at ¶ 14. In the Second Amended Complaint, TMTG alleged $3.78 billion in damages in its prayer for relief. *See* Dkt. No. 70. The Court denied Defendant's motion to dismiss the Second Amended Complaint in its entirety. Dkt. No. 83 at 6. Merely because the Court has dismissed certain statements from prior versions of the Second Amended Complaint does not require TMTG to update the amount of damages pled in the operative complaint. Instead, what Defendant is truly asking the Court to do is rewrite TMTG's Second Amended Complaint. Such an ask is improper, and undersigned counsel is unaware of any caselaw, nor did Defendant cite any, where a court has done so.

## II.   TMTG's Document Production Status.

Next, Defendant moves to compel TMTG's production of documents. Such an order is unnecessary at this time. TMTG fully intends to begin its document production shortly. Defendant itself is making productions on a rolling basis, having just made an additional production on August 20, 2025. TMTG is embroiled in various litigation in Florida state court. TMTG's documents have been collected and maintained by its lawyers in this additional

litigation. TMTG anticipates being able to produce these documents in this matter in the coming weeks.

Furthermore, Defendant takes issue with TMTG's objections to two requests for production. Regarding RFP 26, TMTG does not anticipate withholding any documents based on objections.

As to RFP 31, while undersigned counsel agreed the protective order in TMTG's other litigation likely would not prevent disclosure of TMTG's own documents, not all documents in that matter are responsive to this case. As Defendant has been keen to point out, this case has been substantially narrowed. TMTG agrees that documents relating to damages produced in this other matter would be relevant. Not everything in that matter, however, is relevant to this case. Defendant's demand for every single document produced in different litigation, involving several different issues, is unfounded.

### III.   TMTG's Interrogatory Responses.

Defendant also takes issue with TMTG's responses to two interrogatories. Again, Defendant's Motion is premature.

First, as to Interrogatory No. 3, TMTG supplemented its response on August 4, 2025. On August 7, 2025, Defendant filed the instant motion without conferring with TMTG on its supplemental response. Had Defendant done so,

6

it is likely the parties could have resolved this issue without the Court's intervention. Still, TMTG maintains that its response was sufficient.

Second, as to Interrogatory No. 4, as explained above, TMTG fully intends to comply with providing a complete calculation of damages as discovery progresses. TMTG is developing needed discovery and will promptly disclose this information. TMTG has responded with the damages it seeks based on information currently available, however, a full calculation of those damages remains needed from expert testimony. In *Dix*, cited by Defendant, the plaintiff's response to damages was merely: "Unknown at this time." *Dix v. Coca-Cola Co.*, No. 6:21-cv-2143, 2022 WL 21295779, at *1 (M.D. Fla. Oct. 22, 2022). The court ordered the plaintiff to "disclose reasonably available information." *Id*. TMTG has done so at this time.

## IV. Defendant Is Not Entitled to Fees or Sanctions.

Based on the foregoing, Defendant's Motion should be denied at this time. To the extent the Court grants any part of Defendant's Motion, it is not entitled to fees or sanctions. First, under Rule 37(b), while Defendant argues TMTG did not comply with the Court order requiring document production on June 27, 2025, this ignores the party's agreement to push out document production. Defendant's exhibit illustrates this agreement, wherein the parties

agreed to begin production on July 30, 2025. Dkt. No. 93.4 at 2. Defendant itself did not make a first document production until August 1, 2025.

Second, under Rule 37(a)(5), fees are not awarded where the movant did not properly meet and confer, the opposing party's actions were substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5). Here, as discussed, Defendant did not attempt to meet and confer with TMTG regarding its supplemental response to Interrogatory No. 3. Furthermore, as to damages, the circumstances do not warrant fees because TMTG needs additional discovery. This position is substantially justified as TMTG's interpretation of the discovery needed is reasonable. *See Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) ("Substantially justified means that reasonable people could differ as to the appropriateness of the contested action."). And as to document productions, fees would be unjust considering the required coordination with other counsel, and full discovery has just begun, with Defendant itself still producing documents.

Third, fees are not warranted under Rule 37(c)(1) if the failure to disclose or supplement is substantially justified or harmless. Defendant only moves under this Rule regarding initial disclosures of damages. Again, as explained above, TMTG is substantially justified. Furthermore, as discussed, Defendant will have ample time to challenge TMTG's damages, making any failure to

8

supplement–TMTG will be supplementing further–harmless. To determine whether a failure to disclose is harmless, courts look to: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Gulfpoint Consr. Co., Inc. v. Westfield Ins. Co.*, No. 2:22-cv-86, 2023 WL 3304261, at *1 (M.D. Fla. May 7, 2023) (quoting *Bendik v. USAA Cas. Ins. Co.*, No. 6:19-cv-118, 2019 WL 9466018, at *2 (M.D. Fla. Oct. 25, 2019) (collecting cases)). Here, while evidence of damages is important, TMTG's damages are of no surprise to Defendant, even if there were a surprise, the discovery timeline allows Defendant ample time to challenge TMTG's damages, there is no disruption to trial, and TMTG has articulated its good faith reasoning. Accordingly, fees and sanctions are not warranted.

Minimally, to the extent the Court is inclined to grant Defendant any of its fees, the award should be proportionate to only those parts of the Motion the Court granted, not the entire Motion.

## CONCLUSION

For the foregoing reasons, TMTG respectfully requests that this Court deny Defendant's motion to compel in its entirety.

9

Dated: August 21, 2025 	Respectfully submitted,

*/s/    Jared Roberts*
Jared J. Roberts
Fla. Bar No. 1036550
Stephen B. French
Fla. Bar No. 0078761
B<small>INNALL</small> L<small>AW</small> G<small>ROUP</small>, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
stephen@binnall.com
jared@binnall.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on August 21, 2025, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/   Jared Roberts
Jared J. Roberts
Fla. Bar No. 1036550

*Attorney for Plaintiff*