# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TRUMP MEDIA & TECHNOLOGY GROUP CORP.,

    Plaintiff,

vs.                                                                                    Case No: 8:23-cv-01535-TPB-AAS

WP COMPANY LLC d/b/a The Washington Post,

    Defendant.

_____/

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL**

The Post filed a motion to compel updated damages disclosures, document production, and complete interrogatory responses from TMTG. ("Mot.," Doc. No. 93). The Court granted The Post leave to file a reply to address two new arguments raised in TMTG's Opposition ("Opp.," Doc. No. 94).

**I.    TMTG's Position on Its Damages Disclosure is Meritless.**

In its Opposition, TMTG states for the first time that it has no obligation to "update the amount of damages pled" and The Post's request for TMTG to provide sufficient Rule 26(a) damages disclosures is "premature." Opp. at 2-5. That position is both contradicted by TMTG's earlier concessions and contrary to law.

First, the parties have repeatedly discussed TMTG's obligation under Rule 26(a) and in response to interrogatories to provide sufficient disclosures to support *any* damages demand, let alone its staggering $3.78 billion demand, and its obligation to update those disclosures in light of the substantially narrowed case after the Court's dismissal of most of TMTG's original case. TMTG has consistently

conceded its obligation to provide such disclosures, including in a discovery conference over two months ago. Ex. E to Mot. at 7 (email from The Post stating TMTG confirmed it "would amend [its] damages disclosure in light of the narrowed case"); Ex. D to Mot. at 2 (letter from The Post noting, "You again agreed to supplement your disclosure to resolve these deficiencies."). The Post would have moved to compel weeks earlier if TMTG had not made those representations.

Second, TMTG's new position that dismissal of seven out of nine allegedly defamatory statements "does not require TMTG to update the amount of damages," Opp. at 5, is not only contradicted by its past concessions, it also defies logic. It makes no sense that a $3.78 billion damages claim would remain unchanged after the majority of the statements at issue were eliminated from the case. If anything, TMTG's position suggests its damages claim is baseless. The Post is entitled to the disclosures required under the Rules to prove as much.

Third, TMTG's argument that it has no obligation to provide further damages disclosures is meritless. Courts in this district instruct that a damages computation is "unequivocally required," *Neira v. Gualtieri*, 2024 WL 865883, at *7 (M.D. Fla. Feb. 29, 2024), and consistently reject attempts to "rely on general statements" like TMTG does here, *Go Mobile Flooring, LLC v. Blue Banyan Sols., Inc.*, 663 F. Supp. 3d 1294, 1303 (M.D. Fla. 2023) (finding disclosures lacking computations "inadequate" and discussing *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009), in which disclosure of "consequential damages and damages to reputation" was "clearly deficient" as it

2

contained "no computation whatsoever"). By contrast, the one case TMTG cites from this District, *Stoll v. Musculoskeletal Institute, Chartered*, evaluated a far more specific damages disclosure, which included fourteen specific categories of damages and gave the defendant notice of the plaintiff's damages theories. 2020 WL 6784115, at *1-*3 (M.D. Fla. Nov. 18, 2020); *see* Opp. at 3.[1] Here, TMTG has claimed only generic loss to business and reputational harm, and its argument that this is sufficient is "unequivocally" wrong. *See Neira*, 2024 WL 865883, at *7.

TMTG argues it is entitled to wait until expert discovery. But "[f]uture expert analysis does not relieve Plaintiff of its obligation to provide information reasonably available." *Go Mobile Flooring*, 663 F. Supp. 3d at 1303. TMTG must have had a good-faith basis to have pleaded such a specific $3.78 billion damages figure in its Complaints. *See* Fed. R. Civ. P. 11(b). The Post is entitled to know what that is, including supporting computations. In contrast to *Stoll*, permitting TMTG to wait until expert discovery to reveal further information creates a high "likelihood of surprise later in the litigation," 2020 WL 6784115, at *3, which would prejudice The Post's ability to defend itself against the massive damages claim.

II.  **The Dispute on Interrogatory Response 3 Is Ripe.**

TMTG's claim that The Post filed its Motion "without conferring with TMTG on its supplemental response" to Interrogatory 3 is misleading. Opp. at 6. The

---

[1] The other case TMTG relies on is similarly inapposite. *See* Opp. at 2. The *Pine Ridge Recycling, Inc. v. Butts Cnty., Ga.* court determined that the specific "categories of damages" were sufficient in light of "voluminous evidence on the issue of damages brought out at the preliminary injunction hearing." 889 F. Supp. 1526, 1527 (M.D. Ga. 1995). Here, TMTG has produced no documents.

Post informed TMTG of the specific deficiency during the July 11 meet and confer conference and followed up with a letter stating that TMTG must identify all repositories and document collection status. Ex. D to Mot. at 3. When TMTG failed to provide that information in its supplement, *see* Ex. G to Mot. at 7, The Post filed a motion to compel. An "additional meet and confer regarding those responses would have been futile," as "at the time [TMTG] served its supplemental responses, it knew that those responses would not resolve the parties' dispute." *Corona v. City of Fontana*, 2023 WL 11580762, at *3 (C.D. Cal. Nov. 22, 2023).[2]

TMTG's assurances lack credibility. The Court ordered document production to commence in late June. Over two months later, TMTG has produced zero documents. The Post therefore needs the Court's intervention to enforce the Rules and compel disclosure of the essential discovery requested by the Motion.

Dated: September 3, 2025

THOMAS & LoCICERO PL

*/s/ Carol Jean LoCicero*
Carol Jean LoCicero (FBN 603030)
Linda R. Norbut (FBN 1011401)
601 South Boulevard
Tampa, FL 33606
Telephone: (813) 984-3060
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com
*Counsel for Defendant*

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

*/s/ Thomas G. Hentoff*
Thomas G. Hentoff (*pro hac vice*)
Nicholas G. Gamse (*pro hac vice*)
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000
thentoff@wc.com
ngamse@wc.com
*Counsel for Defendant*

---

[2] TMTG posits that had The Post conferred again, "it is likely the parties could have resolved this issue." Opp. at 7. Not so. The parties conferred on August 26—after TMTG filed its Opposition—and TMTG stated it would provide a complete response to the Interrogatory by August 29. But it failed to do so. The Post *still* has not received a full response. And even if TMTG belatedly supplements in response to the Motion, The Post is still entitled to fees. Fed. R. Civ. P. 37(a)(5)(A).