**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TRUMP MEDIA & TECHNOLOGY GROUP CORP.,**

    Plaintiff,

v.                                  Case No. 8:23-cv-1535-TPB-AAS

**WP COMPANY, LLC,**
**d/b/a The Washington Post,**

    Defendant.
_____/

## ORDER

The court held a hearing on Defendant WP Company, LLC, d/b/a The Washington Post's (The Post) motion to compel Trump Media & Technology Group Corp. (TMTG) to amend its initial disclosures to include specific information as to its claimed damages computation, to provide documents responsive to request for production nos. 1–18, 20–26, and 28–31, and to amend its responses to interrogatory nos. 3–5. (Doc. 93). For the reasons stated on the record at the hearing, The Post's motion is **GRANTED in part and DENIED in part** as follows:

(1) The Post's motion to compel is granted as to TMTG's initial disclosures to the extent TMTG must amend its initial disclosures to include more specific information for its damage computation consistent with the

1

requirements in Federal Rule of Civil Procedure 26 and its 1993 amendment commentary, by **October 10, 2025**.

(2) The Post's motion to compel is granted as to the Post's request for production nos. 1–18, 20–26, and 28–30. TMTG must begin a rolling production of documents responsive to these requests by **October 10, 2025**.

(3) The Post's motion to compel is granted as to the Post's request for production no. 31 to the extent that TMTG must provide all documents produced *by* TMTG in *Digital World Acquisition Corp. v. Arc Global Investments II, LLC*, Case No. 2024 CA 001061 NC, filed in the Circuit Court of the Twelfth Judicial Circuit, Sarasota County, Florida, by **October 17, 2025**. Also, by **October 17, 2025**, TMTG must provide The Post with a list of individuals and entities that produced documents *to* TMTG in Case No. 2024 CA 001061 NC.

(4) The Post's motion to compel is granted as to the Post's interrogatory no. 3 to the extent that TMTG must amend its response to indicate what repositories Devin Nunes, Scott Glabe, Phillip Juhan, Jacob Langer, Will Wilkerson, Wes Moss, and Andrew Litinsky used to store documents and, within those repositories, which applications they used, the date range they used those applications, and whether TMTG has collected documents from each repository, by **October 17, 2025**.

(5) The Post's motion to compel is granted as to The Post's interrogatory no. 4 to the extent that TMTG must amend its response by **October 10, 2025** to include anyone who would have documents and factual knowledge about TMTG's damages.

(6) The Post's motion to compel is granted as to the Post's interrogatory no. 5 to the extent that TMTG must amend its response by **October 10, 2025** to identify any factual information that TMTG has to support its claim that there was damage to the public.

(7) A follow-up discovery hearing is scheduled for **October 24, 2025, at 10:00 AM** in Tampa Courtroom 10B before Magistrate Judge Amanda Arnold Sansone. By **October 21, 2025**, the parties must file a joint notice identifying any discovery issues the parties wish to be addressed at the hearing. The joint notice must succinctly describe the discovery dispute and the parties' respective positions.

(8) In all other aspects, the motion is denied.

**ENTERED** in Tampa, Florida, on October 2, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge