UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TRUMP MEDIA & TECHNOLOGY GROUP CORP.,**

    **Plaintiff,**

v.                                                                      Case No.  8:23-cv-1535-TPB-AAS

**WP COMPANY, LLC,
d/b/a The Washington Post,**

    **Defendant.**
_____/

## ORDER

The court held a discovery hearing today on Defendant WP Company, LLC, d/b/a The Washington Post's (The Post) motion to compel Trump Media & Technology Group Corp. (TMTG) to amend its initial disclosures, to provide documents responsive to certain requests for production, and supplement certain interrogatories, which previously was granted in part and denied in part in an order dated October 2, 2025. (Doc. 99). As directed, the parties filed a notice advising the court of the status of TMTG's ordered production. (Doc. 103). As stated at today's discovery hearing:

(1) The Post's oral motion to compel TMTG to provide the documents it intends to rely on for its damages claim and documents previously compelled (Doc. 108) is **GRANTED**. TMTG must provide The Post with all documents it intends to rely on for its damages claim by **October 31, 2025**. In addition,

1

TMTG must provide The Post with its complete production of the documents compelled by the court's October 2, 2025 order by **November 7, 2025**.[1]

(2)     As previously ordered, TMTG must provide all documents produced *by* TMTG in *Digital World Acquisition Corp. v. Arc Global Investments II, LLC*, Case No. 2024 CA 001061 NC, filed in the Circuit Court of the Twelfth Judicial Circuit, Sarasota County, Florida, by **October 29, 2025**.[2]

(3)     The Post's oral motion for further information about witness repository collections efforts (Doc. 109) is **GRANTED**. The Post may conduct Zoom depositions of Devin Nunes, Phillip Juhan, and Jacob Langer solely focused on what repositories each used for documents or communications that would be relevant and responsive to the discovery requests in this case, and what collection efforts were made to obtain those documents and communications for production. These depositions may be no longer than one

---

[1] The court ordered that TMTG begin a "rolling production of documents," and front-load damages documents by October 10, 2025. (Doc. 99, p. 2). TMTG produced 144 documents on October 10, 2025. The production did not include any documents on which TMTG has indicated it is relying for its claimed damages. This is a violation of the court's order. Rather than award the Post fees at this time, the court takes under advisement the issue of fees pending TMTG's compliance with the production deadlines in this order.

[2] The court ordered that these documents be produced by October 17, 2025, and TMTG failed to comply. (Doc. 99, p. 2). Again, rather than award the Post fees at this time, the court takes under advisement the issue of fees pending TMTG's compliance with the production deadlines in this order.

hour of questioning by the Post, and they must occur by **November 3, 2025**. These depositions will not count against the number of depositions allowed by Federal Rule of Civil Procedure 30(a)(2)(A)(i) and will not count as the substantive depositions of the individuals as fact witnesses.

(4)   The Post's oral motion to compel TMTG to provide documents responsive to Interrogatory No. 14 (Doc. 110) is **GRANTED**, only to the extent TMTG must provide any finder's fee agreements or any promissory notes for Crow Island Consulting, LLC, and Bailey Deason Capital Investments, LLC by **November 7, 2025**. Any individuals identified therein and called for deposition may testify as to these agreements and transactions. TMTG's corporate representative may also be deposed about these agreements and transactions.

(5)   The parties' joint oral motion for another discovery hearing (Doc. 111) is **GRANTED**. A second follow-up discovery hearing is scheduled for **November 19, 2025,** at **10:00 AM** in Tampa Courtroom 10B before Magistrate Judge Amanda Arnold Sansone. By **November 17, 2025**, the parties must file a joint notice identifying any discovery issues the parties wish to be addressed at the hearing. The joint notice must succinctly describe the discovery dispute and the parties' respective positions.

**ORDERED** in Tampa, Florida, on October 24, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge