UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TRUMP MEDIA & TECHNOLOGY GROUP CORP.,**

    **Plaintiff,**

v.                                                                         Case No.  8:23-cv-1535-TPB-AAS

**WP COMPANY, LLC,**
**d/b/a The Washington Post,**

    **Defendant.**
_____/

## ORDER

The court held a follow-up discovery hearing today. As stated on the record at the hearing:

(1) Defendant WP Company, LLC, d/b/a The Washington Post's (The Post) oral motion for a date that Jacob Langer's compelled documents be produced (Doc. 121) is **GRANTED**. Plaintiff Trump Media & Technology Group Corp. (TMTG) must produce these documents to The Post by **November 21, 2025**.

(2) The Post's motion for an updated report of the repositories searched, the date range of data available for each repository, the search terms

and hits for each search term (Doc. 122) is **GRANTED**. TMTG must produce this updated report to The Post by **November 26, 2025**.[1]

(3) The Post's oral motion to produce the remaining approximately 18,000 documents produced in the *Digital World Acquisition Corp.* case (Doc. 123) is **GRANTED**. TMTG must produce these 18,000 documents to the Post by **November 21, 2025**. Before this production, the Post must stipulate in writing that the non-waiver agreement will apply; however, the Post may reserve its right to later argue that a waiver of privilege occurred due to TMTG's actions or inaction during discovery in this case. Consistent with that ruling, TMTG's motion for protective order (Doc. 120) is **DENIED without prejudice**.

(4) The Post's oral motion for an updated, complete, and verified response to interrogatory no. 3, and verification that TMTG's counsel has collected the data from the repositories identified in the updated, complete, and verified response to interrogatory no. 3 (Doc. 124) is **GRANTED**. By **November 26, 2025**, TMTG must produce an updated, complete, and verified response to interrogatory no. 3, and verify that TMTG's counsel collected the data from the repositories identified in the updated, complete, and verified response to interrogatory no. 3.

---

[1] The parties also represented at the hearing that they will meet and confer about the search terms on November 21, 2025.

(5) The Post's oral motion for a deadline for TMTG to produce documents in response to The Post's Second Set of Requests for Production (Doc. 125) is **GRANTED**. TMTG must produce these documents to The Post by **November 26, 2025**.

(6) TMTG's oral motion for The Post to provide the availability for deposition for the Corporate Representative of WP Company, LLC, Drew Harwell, Mark Seibel, Magda Jean-Louis, Cameron Burr, Lori Montgomery, and Sally Buzbee (Doc. 126) is **GRANTED**. By **December 5, 2025**, The Post must provide TMTG with available deposition dates for those individuals still employed by The Post and any others being represented by The Post's counsel. To the extent The Post's counsel cannot locate these individuals, or they do not wish to be represented by The Post's counsel, The Post must explain the attempts to locate these individuals, the representation status, and their last known address and contact information. The Post and TMTG must work together on coordinating all deposition dates. The Post must also respond to TMTG's proposed list of corporate representative deposition topics by **December 5, 2025**.

(7) The Post's oral motion for discovery sanctions (Doc. 127) is **DENIED without prejudice**. The Post may make this request in a motion for a specific amount of attorney's fees and costs incurred for requesting

3

compliance with the court's prior discovery rulings in its favor. TMTG may then respond to the motion.

**ORDERED** in Tampa, Florida, on November 19, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge