# EXHIBIT B

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### Tampa Division

| | |
|---|---|
| TRUMP MEDIA & TECHNOLOGY GROUP CORP., <br><br>      Plaintiff, <br><br> v. <br><br> WP COMPANY, LLC, <br> d/b/a The Washington Post, <br><br>      Defendant. | Case No. 8:23-cv-1535-TPB-AAS |

### <u>NOTICE OF VIDEOTAPED DEPOSITION</u>

PLEASE TAKE NOTICE that Plaintiff, TRUMP MEDIA & TECHNOLOGY GROUP CORP., by and through undersigned counsel, hereby notices the deposition of:

| <u>NAME</u> | <u>DATE & TIME</u> | <u>LOCATION</u> |
|---|---|---|
| Scott Vance, as Corporate Representative of WP COMPANY, LLC, d/b/a The Washington Post, with knowledge as to the topics listed in **Schedule "A"** hereto. | Thursday, February 18, 2026 at 9:30 a.m. (EST) | Williams & Connolly 680 Maine Avenue S.W. Washington, DC 20024 <br><br> **Witness required to appear in person** |

The deposition will take place upon oral examination before US Legal

Support, Inc., a Notary Public or officer authorized by law to take depositions. US Legal Support, Inc. shall provide the videographer and videotape equipment for said videotaped deposition. The deposition will, at Plaintiff's option, be recorded by videotape and stenographic means. The name and address of the video operator shall be provided at a later date. The deposition shall continue day to day, excluding weekends and holidays, until completed. The deposition is being taken for the purpose of discovery, for use as evidence, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

Dated: February 12, 2026

Respectfully submitted,

**BRITO, PLLC**
*Counsel for Plaintiff*
2121 Ponce de Leon Boulevard
Suite 650
Miami, FL 33134
Office: 305-614-4071
Fax: 305-440-4385
By: /s/ *Alejandro Brito*
    **ALEJANDRO BRITO**
    Florida Bar No. 098442
    Primary: abrito@britopllc.com
    Secondary: apiriou@britopllc.com
    **JALAINE GARCIA**
    Florida Bar No. 58632
    Primary: jgarcia@britopllc.com
    **IAN MICHAEL CORP**
    Florida Bar No. 1010943
    Primary: icorp@britopllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served

on February 12, 2026 through the Court's CM/ECF electronic filing system upon:

Carol J. Locicero, Esq.
Linda Riedemann Norbut, Esq.
Thomas & LoCicero, PL
601 South Blvd.
Tampa, FL 33606-2629
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com
bbrennan@tlolawfirm.com

Thomas G. Hentoff, Esq.
Nicholas G. Gamse, Esq.
Williams & Connolly
680 Maine Avenue S.W.
Washington, DC 20024
thentoff@wc.com
ngamse@wc.com
*Counsel for Defendant*

By: /s/ *Alejandro Brito*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Miami, Florida 33134
Telephone: (305) 614-4071

**Trump Media & Technology Group Corp. v. WP Company, LLC;**
**Third Set of Proposed Topics for WP Company, LLC's 30(b)(6) Witness[1]**

      1.     The principal facts, material witnesses, or documents that substantiate the factual basis for WP Company, LLC's contentions in its Answer to certain paragraphs of Plaintiff's Second Amended Complaint:

     a.  Paragraph 12: WP Company, LLC's denial that "Wilkerson contacted WaPo with a salacious story about a pornfriendly bank and its alleged dealings with TMTG allegedly amounting to securities fraud and other potential crimes or misdeeds. Through a series of meetings and conversations with Wilkerson and his lawyers, WaPo undertook with Wilkerson to publish agreed false and defamatory statements to intentionally injure TMTG."

     b.  Paragraph 22: WP Company, LLC's denial that the headline of the WaPo Article (as defined in the Second Amended Complaint) was not "intended to grab the immediate attention of common-minded readers by falsely insinuating that TMTG was involved in shady business dealings."

     c.  Paragraph 23: WP Company, LLC's denial that the gist of the defamatory statements did not convey that "TMTG committed securities fraud, or aided, abetted, and participated in improper acts to conceal material facts from the SEC and shareholders of DWAC."

     d.  Paragraph 28: WP Company, LLC's denial that "TMTG never paid or agreed to pay a $240,000 'finder's fee' to anyone who purportedly assisted to arrange an $8 million loan from ES Family Trust as accused in the Statements. Neither Orlando nor any brokerage associated with Orlando receive any finder's fee. Accordingly, TMTG did not improperly fail to disclose (or cause DWAC to fail to disclose) payment of a finder's fee to the SEC, DWAC shareholders, and/or the investing public because one did not exist, and there was no agreement for one."

     e.  Paragraph 33: WP Company, LLC's denial that the defamatory statements in dispute were "not published in good faith. The falsity of the Statements is not due to an honest mistake of the facts."

---

[1] The applicable timeframe for all topics is January 2021 through present.

    f.   Paragraph 36: WP Company, LLC's denial that the defamatory statements in dispute are not "entirely false."

    g.   Paragraph 42(a): WP Company, LLC's denial that "No such finder's fee was ever paid, nor did TMTG ever agree to pay such a fee."

    h.   Paragraph 42(a): WP Company, LLC's denial that "Wilkerson who had access to TMTG's books and records, knew that TMTG had not paid a finder's fee or even agreed to do so, which would have necessitated accounting for the fee as a liability. Because Wilkerson was WaPo's sole source for its claims, WaPo knew or had a high degree of awareness that the fee had not been paid."

    i.   Paragraph 42(c): WP Company, LLC's denial that it "knew that the publication of the Statements would cause a media frenzy."

    j.   Paragraph 42(f): WP Company, LLC's denial that "WaPo and Harwell have a long and well-documented history of antipathy toward TMTG."

2.    The principal facts, material witnesses, or documents that substantiate the factual basis for WP Company, LLC's affirmative defenses and/or defenses contained in its Answer to Plaintiff's Second Amended Complaint on pages 10 through 13 therein:

    a.   Paragraph 4: WP Company, LLC's contention that it "did not intend to convey the alleged defamatory implications."

    b.   Paragraph 5: WP Company, LLC's contention that "Some or all of the challenged statements are substantially true."

    c.   Paragraph 6: WP Company, LLC's contention that it "did not publish some or all of the challenged statements with actual malice."

    d.   Paragraph 14: WP Company, LLC's contention that "Plaintiff's claims are barred by the doctrine of unclean hands."

    e.   Paragraph 19: WP Company, LLC's contention that TMTG "failed to mitigate its damages."

3. The efforts undertaken by WP Company, LLC in this case to preserve, collect, and produce documents related to the allegations framed by the pleadings between the parties.

4. WP Company, LLC's policies and procedures related to investigating information that will be used to author an article.

5. WP Company, LLC's policies and procedures related to verifying information contained in a proposed article sought to be published.

6. WP Company, LLC's policies and procedures related to training its journalists, freelance writers, columnists, and any other author of articles published by WP Company, LLC.

7. WP Company, LLC's policies and procedures related to social media.

8. WP Company, LLC's journalistic standards.

9. Any communications or documents had or exchanged between Matei Rosca and WaPo concerning Plaintiff, Wilkerson, Digital World Acquisition Corp., Patrick Orlando, ES Family Trust, and/or the WaPo Article.

10. Any communications or documents had or exchanged between Matthew Bernardini and WaPo concerning Plaintiff, Wilkerson, Digital World Acquisition Corp., Patrick Orlando, ES Family Trust, and/or the WaPo Article.

11. Any communications or documents had or exchanged between Will Wilkerson or his attorneys and WaPo concerning Plaintiff, Wilkerson, Digital World Acquisition Corp., Patrick Orlando, ES Family Trust, and/or the WaPo Article.

12. WP Company, LLC's investigation of Plaintiff before publishing the WaPo Article.

13. WP Company, LLC's investigation of Plaintiff specifically related to its research to publish the WaPo Article.

14. WP Company, LLC's investigation of Will Wilkerson before publishing the WaPo Article.

15.    WP Company, LLC's investigation of Will Wilkerson specifically related to his research to publish the WaPo Article.

16.    WP Company, LLC's investigation of Digital World Acquisition Corp. before publishing the WaPo Article.

17.    WP Company, LLC's investigation of Digital World Acquisition Corp. specifically related to its research to publish the WaPo Article.

18.    WP Company, LLC's investigation of ES Family Trust before publishing the WaPo Article.

19.    WP Company, LLC's investigation of ES Family Trust specifically related to its research to publish the WaPo Article.

20.    WP Company, LLC's investigation of Patrick Orlando before publishing the WaPo Article.

21.    WP Company, LLC's investigation of Patrick Orlando specifically related to his research to author and publish the WaPo Article.

22.    WP Company, LLC's efforts, if any, to verify whether the defamatory statements at issue in this case are true.

23.    Whether Drew Harwell complied with WP Company, LLC's policies, procedures, and journalistic standards in connection with the publication of the WaPo Article.

24.    Whether Marc Seibel complied with WP Company, LLC's policies, procedures, and journalistic standards in connection with the publication of the WaPo Article.

25.    Whether Lori Montgomery complied with WP Company, LLC's policies, procedures, and journalistic standards in connection with the publication of the WaPo Article.

26.    Whether WP Company, LLC complied with its policies, procedures, and journalistic standards in connection with the publication of the WaPo Article.