UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRUMP MEDIA & TECHNOLOGY GROUP CORP.,

    Plaintiff,

vs.

WP COMPANY LLC d/b/a The Washington Post,

    Defendant.

_____/

Case No: 8:23-cv-01535-TPB-AAS

**DEFENDANT'S AMENDED RULE 30(b)(6) NOTICE OF TAKING DEPOSITION OF THE CORPORATE REPRESENTATIVE OF TRUMP MEDIA & TECHNOLOGY GROUP CORP.**

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6) and other applicable rules, the undersigned attorneys will take the deposition of the corporate representative of Trump Media & Technology Group Corp. ("TMTG" or "Plaintiff"), as follows, or at another mutually agreeable date, time, and location:

    DATE:    February 17, 2026

    TIME:    9:30 a.m. ET

    LOCATION:    Williams & Connolly LLP
                     680 Maine Ave. SW
                     Washington, DC 20024

This deposition will be recorded by stenographic, audio, and video means before a Certified Court Reporter, a Notary Public, or any other officer authorized by law to take oaths. The deposition will continue day to day until completed. This deposition is being taken for such purposes as permitted by the rules of the Court including, but not limited to, use at trial.

Pursuant to Rule 30(b)(6), TMTG is requested to identify and make available for deposition those officers, directors, managing agents, or other persons who consent to testify on its behalf with regard to the information known or reasonably available to it with respect to the matters for examination set forth in the attached Schedule A.

Dated: February 3, 2026

| THOMAS & LoCICERO PL | WILLIAMS & CONNOLLY LLP |
|---|---|
| */s/ Carol Jean LoCicero* <br> Carol Jean LoCicero (FBN 603030) <br> Linda R. Norbut (FBN 1011401) <br> 601 South Boulevard <br> Tampa, FL  33606 <br> Telephone: (813) 984-3060 <br> Facsimile: (813) 984-3070 <br> clocicero@tlolawfirm.com <br> lnorbut@tlolawfirm.com <br><br> *Counsel for Defendant* | */s/ Thomas G. Hentoff* <br> Thomas G. Hentoff (pro hac vice) <br> Nicholas G. Gamse (pro hac vice) <br> Isabelle Beaton (pro hac vice) <br> 680 Maine Avenue, S.W. <br> Washington, DC  20024 <br> Telephone: (202) 434-5000 <br> Facsimile: (202) 480-8371 <br> thentoff@wc.com <br> ngamse@wc.com <br> ibeaton@wc.com <br><br> *Counsel for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2026, I caused to be served a true and correct copy of the foregoing Notice of Deposition via email to:

Alejandro Brito, Esquire
Jalaine Garcia, Esquire
Ian Corp, Esquire
BRITO, PLLC
2121 Ponce de Leon Boulevard, Suite 650
Miami, FL 33134
abrito@britopllc.com
jgarcia@britopllc.com
icorp@britopllc.com

*Counsel for Plaintiff*

                                                */s/ Thomas G. Hentoff*
                                                *Counsel for Defendant*

# SCHEDULE A

# DEFINITIONS

1. "Article" means the May 13, 2023 article published by The Washington Post entitled "Trust linked to porn-friendly bank could gain a stake in Trump's Truth Social."

2. "Second Amended Complaint" means TMTG's Second Amended Complaint and Demand for Jury Trial, filed on January 13, 2025.

3. "Statements at Issue" means the two statements in the Article that are alleged to be false and defamatory in the Second Amended Complaint. *See* Second Am. Compl. ¶¶ 14 (a)-(b).

4. "You" and "your" mean TMTG and its agents, attorneys, representatives, employees, subsidiaries, affiliates, divisions, assigns, officers, directors, predecessors, and/or successors.

5. The terms "and" and "or" shall be construed either disjunctively or conjunctively, and the singular shall be deemed to include the plural and *vice versa*, as necessary to bring within the scope of the request any response that might otherwise be construed to be outside its scope.

## **TOPICS**

1. The principal facts and documents substantiating TMTG's contention that the Statements at Issue are false.

2. The principal facts and documents substantiating TMTG's contention that The Post published the Statements at Issue with actual malice.

3. TMTG's communications with The Post about the Article prior to filing of this Action, including (a) any communications with Mr. Harwell or other Post journalists who worked on the Article, prior to publication of the Article; (b) TMTG's May 14, 2023 retraction demand letter to The Post.

4. Your organizational and management structure, including the identities, duties, and responsibilities of your internal management from February 2022-March 2024.

5. TMTG's financial condition and performance as reflected by:

    i. TMTG's financial statements from February 2022-March 2024, including the company's monthly revenues, expenses, and profits.

    ii. The company's monthly financial reviews and forecasts from February 2022-March 2024.

    iii. The company's Truth Social usage metrics contained within its monthly financial reviews.

    iv. The company's principal methods of reporting its liquidity and solvency to its Chief Financial Officer, Chief Executive Officer, and/or Board of Directors from February 2022-March 2024.

6. All valuations of TMTG that presented to TMTG's Board, its Chief Financial Officer, or its Chief Executive Officer. *See, e.g.*, TMTG Suppl. Resp. to The Post's Interrogatory No. 12.

7. Disclosures made by TMTG Board members, its Chief Financial Officer, or Chief Executive Officer prior to the DWAC merger regarding the value of their shares of TMTG stock.

8. The company's $2 million loan and $6 million loan from ES Family Trust, including the communications and process involved in obtaining the financing.

9. All instances in which TMTG offered a commission, broker's fee, or finder's fee in exchange for, or in connection with, financing.

10. All communications with or about Entoro Securities, LLC or Entoro Capital, LLC related to potential or actual financing for TMTG, including, but not limited to, whether Entoro Securities, LLC or Entoro Capital, LLC would receive any commission, finder's fee, or other payment in connection with financing for TMTG.

11. All accounting entries made in connection with a potential or actual commission, broker's fee, or finder's fee to Entoro Securities, LLC or Entoro Capital, LLC, including, but not limited to, in the company's QuickBooks.

12. TMTG's claimed injury and/or damages. *See* Second Am. Compl. at 1; Second Suppl. Rule 26(a) Disclosures at 6-7. For each category of damages claimed, (a) the amount, and the basis for that calculation; and (b) the principal documents related to the claim, including the Bates number of each document.

13. The specific numerical calculations used to prepare TMTG's $2.78 billion compensatory damages demand. *See* Second Am. Compl. at 20.

14. TMTG's reputation from February 2021-March 2024, including all acts or events that materially enhanced or impaired TMTG's reputation during that time.

15. TMTG's other defamation claims asserted from February 1, 2021 to present. This includes (a) the claims threatened in TMTG's Supplemental Response to Interrogatory No. 17, and (b) damages allegations made in:
    i. *Trump Media & Technology Group Corp. v. Guardian News and Media Ltd.*, Case No. 2024 CA 003653, filed in the Circuit Court of the Twelfth Judicial Circuit, Sarasota County, FL.
    ii. *Trump Media & Technology Group Corp. v. Guardian News and Media, LLC*, Case No. 2023 CA 008180, filed in the Circuit Court of the Twelfth Judicial Circuit, Sarasota County, FL.

16. TMTG's damages allegations made in *Digital World Acquisition Corp. v. Arc Global Investments II, LLC*, Case No. 2024 CA 001061 NC, filed in the Circuit Court of the Twelfth Judicial Circuit, Sarasota County, FL, in which TMTG has alleged the challenged conduct there "led to an SEC investigation that resulted an $18 million penalty, at least $11 million in legal fees, loss of reputation, and significant delays in the eventual merger between Old TMTG and DWAC." This includes identification of any pleadings or interrogatory responses characterizing TMTG's damages or the causes of those damages.

17. All causes of the delay of the merger between TMTG and DWAC that TMTG ever disclosed, and the date(s) and manner(s) in which it disclosed them.

18. Any investigation by the Securities and Exchange Commission ("SEC") or Department of Justice ("DOJ") into TMTG and/or its merger with DWAC, including (a) the dates and subject(s) of each investigation; and (b) the company's communications with the SEC and DOJ about the investigation.

19. TMTG's efforts to retain, collect, identify, and provide the disclosures, discovery responses, and documents (including electronically stored information) responsive to The Post's discovery requests in this case.

20. TMTG's efforts to comply with each part of the Court's October 2, 2025 Order, October 24, 2025 Order, and November 19, 2025 Order.