**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

| | |
|---|---|
| TRUMP MEDIA & TECHNOLOGY GROUP CORP., <br><br> Plaintiff, <br><br> v. <br><br> WP COMPANY, LLC, <br> d/b/a The Washington Post, <br><br> Defendant. | Case No. 8:23-cv-1535-TPB-AAS |

**PLAINTIFF'S UNOPPOSED MOTION TO SEAL UNDER STIPULATED PROTECTIVE ORDER [DE 91] PORTIONS OF PLAINTIFF'S MOTION TO OVERRULE CERTAIN OF DEFENDANT'S PRIVILEGE DESIGNATIONS AND TO COMPEL PRODUCTION OF DOCUMENTS [DE 146]**

Plaintiff, TRUMP MEDIA & TECHNOLOGY GROUP CORP. ("Plaintiff" or "TMTG"), by and through its undersigned counsel and pursuant to Local Rule 1.11 and the Stipulated Protective Order [DE 91], hereby moves this Court to seal limited portions of Plaintiff's Motion to Overrule Certain of Defendant's Privilege Designations and to Compel Production of Documents and its accompanying exhibits [DE 146] ("Motion"). In support, Plaintiff states as follows:

**I.     Identification of Documents To Be Sealed**

TMTG seeks leave to file under seal the following items attached hereto:

- An unredacted version of the publicly filed Motion to Compel [DE 146] that contained redactions for the testimony of witnesses of Defendant WP COMPANY, LLC, d/b/a The Washington Post ("Defendant" or "The Post") The Post designated as Confidential under the Stipulated Protective Order;

- The Post's Redaction Log and Supplemental Privilege Log designated by The Post as Confidential under the Stipulated Protective Order (Exhibit A);

- TMTG's Retraction Demand designated by The Post as Confidential under the Stipulated Protective Order (Exhibit C);

- Drew Harwell's email to Mark Seibel dated May 14, 2023, designated by The Post as Confidential under the Stipulated Protective Order (Exhibit D);

- Deposition Transcript for Drew Harwell, numerous portions of which The Post designated as Confidential under the Stipulated Protective Order (Exhibit E);

- Deposition Transcript for Mark Seibel, numerous portions of which The Post designated as Confidential under the Stipulated Protective Order (Exhibit F);

- Deposition Transcript for Lori Montgomery, numerous portions of which The Post designated as Confidential under the Stipulated Protective Order (Exhibit G);

- Deposition Transcript for Cameron Barr, the entirety of which is designated as Confidential under the Stipulated Protective Order (Exhibit H);

- Deposition Transcript for Sally Buzbee, numerous portions of which The Post designated as Confidential under the Stipulated Protective Order (Exhibit I);

- Phil Brewster email to Drew Harwell dated May 16, 2023, designated by The Post as Confidential under the Stipulated Protective Order (Exhibit J); and

- The Post's Response to TMTG's Retraction Demand designated by The Post as Confidential under the Stipulated Protective Order (Exhibit K).

## II.   Reason That Filing Each Item Is Necessary

Filing the unredacted material is necessary because the Court must review the disputed privilege log descriptions, relevant deposition testimony, and related exhibits to resolve TMTG's challenges to Defendant's privilege designations and related withholding decisions. Without the unredacted material, the Court will be unable to evaluate the nature of the documents fully, the context of the communications, and the basis for the relief requested.

## III.   Reason That Sealing Each Item Is Necessary

Sealing is necessary because public disclosure of the unredacted material would reveal allegedly confidential and privileged information that Defendant has designated as such under the Stipulated Protective Order [DE 91], and would thereby defeat the confidentiality interests the parties and the Court have sought to preserve during discovery.

## IV. TMTG Has Redacted Where Possible.

A less restrictive alternative is unavailable as to those portions TMTG seeks to seal. TMTG has narrowly tailored this request and seeks to seal only those limited portions of the Motion to Compel and exhibits for which redaction would be impracticable. TMTG has filed a redacted version of the Motion to Compel in the public docket. *See* DE 146.

## V. Statement of Proposed Duration / Retrieval of Sealed Items

In accordance with Local Rule 1.11(e), TMTG proposes that the seal remain in place for ninety (90) days after the case is closed and all appeals are exhausted, and shall be subject to renewal by appropriate motion.

Each exhibit has been filed as an electronic copy, and, thus, there are no tangible items the parties wish to be sealed.

The following non-parties may have an interest in establishing or maintaining the seal, given that Exhibit J is a communication between Drew Harwell and certain non-parties:

Philip S. Brewster, Esq.
Brewster Law Firm LLC
560 Green Bay Road, Suite 402
Winnetka, Illinois 60093
philip.brewster@brewsteradvisory.com
Tel: (847) 386-6514

Patrick M. Mincey, Esq.

>Stephen J. Bell, Esq.
>Mincey Bell
>Affiliated, Cranfill Summer LLP
>2001 K. Street NW, Suite 240 North Tower
>Washington, DC 20006
>mincey@minceybell.com
>bell@minceybell.com
>Tel: (771) 210-1998
>Will Wilkerson, c/o Phillip Brewster, Patrick M. Miney, and Stephen J. Bell, *see supra.*

## VI. Legal Authority

"Although a district court has 'supervisory power over its own records and files,' it must use this power responsibly to balance the public's right of access against interests favoring confidentiality." *Mondello v. ICF Technology, Inc., et al.,* 2025 WL 4051193, at * 1 (M.D. Fla. May 28, 2025) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597-99 (1987)). The "public's right to access judicial records may be overcome by a showing of good cause by the party seeking protection." *Mobile Shelter Sys. USA Inc. v. Grate Pallet Solutions, LLC,* 2011 WL 5357843, at *2 (M.D. Fla. Nov. 1, 2011). That standard is more readily satisfied here because the materials at issue are being filed in connection with a discovery motion. As courts in this Circuit have recognized, discovery materials are presumptively confidential, and material filed with discovery motions is not subject to the same common law right of access that applies to dispositive filings. *Id.; Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1312-13 (11th Cir. 2001)

Here, the unredacted deposition testimony of The Post's witnesses and the exhibits attached to the Motion were designated "Confidential" by The Post under the Stipulated Protective Order. TMTG is not the party claiming confidentiality, and it seeks only to file under seal the limited unredacted material necessary for the Court to resolve the privilege and production issues presented. Public filing of those materials would disclose the very information that The Post has designated as confidential and would risk undermining the protections afforded by the Stipulated Protective Order. TMTG therefore respectfully submits that good cause exists for this narrow sealing request, particularly because no less restrictive alternative is adequate for the portions at issue.

### VII. Conclusion

WHEREFORE, Plaintiff respectfully requests that the Court enter an order permitting Plaintiff to file its unredacted Motion to Compel [DE 146], together with Exhibits A and C through K under seal, and that these documents remain sealed in accordance with Local Rule 1.11.

## **CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 3.01(g), undersigned counsel conferred with counsel for Defendant concerning the relief requested herein, who indicated that Defendant does not oppose the relief sought.

Dated: March 6, 2026                          Respectfully submitted,

**BRITO, PLLC**
*Counsel for Plaintiff*
2121 Ponce de Leon Boulevard
Suite 650
Miami, FL 33134
Office: 305-614-4071
Fax: 305-440-4385

By: /s/ *Alejandro Brito*
    **ALEJANDRO BRITO**
    Florida Bar No. 098442
    Primary: abrito@britopllc.com
    Secondary: apiriou@britopllc.com
    **JALAINE GARCIA**
    Florida Bar No. 58632
    Primary: jgarcia@britopllc.com
    **IAN MICHAEL CORP**
    Florida Bar No. 1010943
    Primary: icorp@britopllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on March 6, 2026 through the Court's CM/ECF electronic filing system upon:

Carol J. Locicero, Esq.
Linda Riedemann Norbut, Esq.
Thomas & LoCicero, PL
601 South Blvd
Tampa, FL 33606-2629
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com

Thomas G. Hentoff, Esq.
Nicholas G. Gamse, Esq.
Williams & Connolly
680 Maine Avenue S.W.
Washington, DC 20024
thentoff@wc.com
ngamse@wc.com
*Counsel for Defendant*

                                                  By: /s/ *Alejandro Brito*

**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071