# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# Tampa Division

| | |
|---|---|
| TRUMP MEDIA & TECHNOLOGY GROUP CORP., <br><br> Plaintiff, <br><br> v. <br><br> WP COMPANY, LLC, <br> d/b/a The Washington Post, <br><br> Defendant. | Case No. 8:23-cv-1535-TPB-AAS |

**PLAINTIFF'S UNOPPOSED MOTION TO SEAL UNDER STIPULATED PROTECTIVE ORDER [DE 91] PORTIONS OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL**

Plaintiff, TRUMP MEDIA & TECHNOLOGY GROUP CORP. ("Plaintiff" or "TMTG"), by and through its undersigned counsel and pursuant to Local Rule 1.11 and the Stipulated Protective Order [DE 91], hereby moves this Court to seal limited portions of Plaintiff's Response to Defendant's Motion to Compel and its accompanying exhibits [DE 161] (the "Response"). In support, Plaintiff states as follows:

## I.   Identification of Documents To Be Sealed

TMTG seeks leave to file under seal the following items attached hereto:

- An unredacted version of the publicly filed Response [DE 161] that contained redactions for the testimony of TMTG's

  witnesses, a third-party witness, and a document designated as Confidential under the Stipulated Protective Order;

- Deposition Transcript for Phillip Juhan dated November 3, 2025, which TMTG designated as Confidential under the Stipulated Protective Order (Exhibit C);

- Rough Deposition Transcript for Phillip Juhan dated March 3, 2026, which TMTG designated as Confidential under the Stipulated Protective Order (Exhibit D);

- Deposition Transcript for Jacob Langer dated February 17, 2026, which TMTG designated as Confidential under the Stipulated Protective Order (Exhibit G);

- Rough Deposition Transcript for Devin Nunes dated February 24, 2026, which TMTG designated as Confidential under the Stipulated Protective Order (Exhibit H);

- Rough Deposition Transcript for Scott Glabe dated February 27, 2026, which TMTG designated as Confidential under the Stipulated Protective Order (Exhibit I);

- Rough Deposition Transcript for James Row dated February 27, 2026, which is designated as Confidential under the Stipulated Protective Order (Exhibit J); and

- Phil Brewster email to Drew Harwell dated May 16, 2023, designated by The Post as Confidential under the Stipulated Protective Order (Exhibit K).

## II. Reason That Filing Each Item Is Necessary

Filing the unredacted material is necessary because the Court must review the relevant deposition testimony and related exhibits to resolve Defendant's motion to compel and to evaluate TMTG's objections to the discovery requests at issue.

Without the unredacted material, the Court cannot fully assess TMTG's business practices, the context of the discovery sought, or the basis for TMTG's objections and position.

### III.    Reason That Sealing Each Item Is Necessary

Sealing is necessary because public disclosure of the unredacted material would reveal allegedly confidential and privileged information the parties have designated as such under the Stipulated Protective Order [DE 91], and would thereby defeat the confidentiality interests the parties and the Court have sought to preserve during discovery.

### IV.    TMTG Has Redacted Where Possible.

A less restrictive alternative is unavailable as to those portions TMTG seeks to seal. TMTG has narrowly tailored this request and seeks to seal only those limited portions of its Response to the Motion to Compel and exhibits for which redaction would be impracticable. TMTG has filed a redacted version of its Response to the Motion to Compel, along with non-confidential exhibits, in the public docket. *See* DE 161.

### V.    Statement of Proposed Duration / Retrieval of Sealed Items

In accordance with Local Rule 1.11(e), TMTG proposes that the seal remain in place for ninety (90) days after the case is closed and all appeals are exhausted,

and shall be subject to renewal by appropriate motion.

Each exhibit has been filed as an electronic copy, and, thus, there are no tangible items the parties wish to be sealed.

The following non-parties may have an interest in establishing or maintaining the seal, given that Exhibit J consists of the deposition transcript of James Row and Exhibit consists of a communication between Drew Harwell and certain non-parties:

James Row
c/o Maura Burke
Pierson Ferdinand LLP
112 French Street
Wilmington, DE 19801
maura.burke@pierfer.com
Tel: (267) 702-3912

Philip S. Brewster, Esq.
Brewster Law Firm LLC
560 Green Bay Road, Suite 402
Winnetka, Illinois 60093
philip.brewster@brewsteradvisory.com
Tel: (847) 386-6514

Patrick M. Mincey, Esq.
Stephen J. Bell, Esq.
Mincey Bell
Affiliated, Cranfill Summer LLP
2001 K. Street NW, Suite 240 North Tower
Washington, DC 20006
mincey@minceybell.com
bell@minceybell.com
Tel: (771) 210-1998

Will Wilkerson, c/o Phillip Brewster, Patrick M. Miney, and Stephen J. Bell, *see supra.*

## VI.  Legal Authority

"Although a district court has 'supervisory power over its own records and files,' it must use this power responsibly to balance the public's right of access against interests favoring confidentiality." *Mondello v. ICF Technology, Inc., et al.,* 2025 WL 4051193, at * 1 (M.D. Fla. May 28, 2025) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597-99 (1987)). The "public's right to access judicial records may be overcome by a showing of good cause by the party seeking protection." *Mobile Shelter Sys. USA Inc. v. Grate Pallet Solutions, LLC,* 2011 WL 5357843, at *2 (M.D. Fla. Nov. 1, 2011). That standard is more readily satisfied here because the materials at issue are being filed in connection with a discovery motion. As courts in this Circuit have recognized, discovery materials are presumptively confidential, and material filed with discovery motions is not subject to the same common law right of access that applies to dispositive filings. *Id.; Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1312-13 (11th Cir. 2001)

Here, the unredacted deposition testimony of TMTG's witnesses and a third-party witness, as well as the exhibits to the Response were designated "Confidential" by the parties under the Stipulated Protective Order. TMTG seeks only to file under seal the limited unredacted material necessary for the Court to resolve the discovery

issues presented. Public filing of those materials would disclose the very information that the parties have designated as confidential and would risk undermining the protections afforded by the Stipulated Protective Order. TMTG therefore respectfully submits that good cause exists for this narrow sealing request, particularly because no less restrictive alternative is adequate for the portions at issue.

### VII.  Conclusion

WHEREFORE, Plaintiff respectfully requests that the Court enter an order permitting Plaintiff to file its unredacted Response to the Motion to Compel [DE 161], together with Exhibits C, D, G, H, I, J, and K under seal, and that these documents remain sealed in accordance with Local Rule 1.11.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), undersigned counsel conferred with counsel for Defendant concerning the relief requested herein, who indicated that Defendant does not oppose the relief sought.

Dated: March 10, 2026

Respectfully submitted,

**BRITO, PLLC**
*Counsel for Plaintiff*
2121 Ponce de Leon Boulevard
Suite 650
Miami, FL 33134
Office: 305-614-4071
Fax: 305-440-4385

By: /s/ *Alejandro Brito*
    **ALEJANDRO BRITO**
    Florida Bar No. 098442
    Primary: abrito@britopllc.com
    Secondary: apiriou@britopllc.com
    **JALAINE GARCIA**
    Florida Bar No. 58632
    Primary: jgarcia@britopllc.com
    **IAN MICHAEL CORP**
    Florida Bar No. 1010943
    Primary: icorp@britopllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on March 10, 2026 through the Court's CM/ECF electronic filing system upon:

Carol J. Locicero, Esq.
Linda Riedemann Norbut, Esq.
Thomas & LoCicero, PL
601 South Blvd
Tampa, FL 33606-2629
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com

Thomas G. Hentoff, Esq.
Nicholas G. Gamse, Esq.
Williams & Connolly
680 Maine Avenue S.W.
Washington, DC 20024
thentoff@wc.com
ngamse@wc.com
*Counsel for Defendant*

By: /s/ *Alejandro Brito*