IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUMP MEDIA & TECHNOLOGY GROUP CORP., <br><br> Plaintiff, <br><br> v. <br><br> WP COMPANY LLC D/B/A THE WASHINGTON POST, <br><br> Defendant. <br><br> In re Subpoena Issued to: <br><br> PHILIP S. BREWSTER, ESQ., <br><br> Movant. | Case Number: 1:26-cv-02317 <br><br> Judge: The Honorable Edmond E. Chang <br><br> Magistrate Judge: The Honorable Keri L. Holleb Hotaling |

**AMENDED MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY PHIL BREWSTER'S CONTESTED MOTION TO QUASH SUBPOENA**

Non-party attorney Phil Brewster ("Brewster") files this amended Memorandum of Law in support of his amended Motion to Quash Plaintiff's deposition subpoena issued on February 25, 2026. The subpoena commands attorney Brewster's attendance at a deposition in Chicago on March 12, 2026. A true and correct copy of the subpoena is attached as Exhibit A. The subpoena to attorney Brewster should be quashed. Courts look with strong disfavor upon attempts to depose opposing counsel, especially when the information sought is easily obtained from other sources.

Attorney Brewster is an Illinois-based attorney who represents a whistleblower, Will Wilkerson ("Wilkerson"), who reported certain securities violations to the U.S Securities and

Exchange Commission ("SEC"), and spoke to *The Guardian* and *The Washington Post*. Mr. Wilkerson's actions led directly to an $18 million fine by the SEC. Cease and Desist Order at 10 *available at* https://www.sec.gov/files/litigation/admin/2023/33-11213.pdf  In response, Plaintiff filed two separate suits, one in state court against Mr. Wilkerson and *The Guardian*, and one in the Middle District of Florida against *The Washington Post*. Attorney Brewster is one of the counsel of record for Mr. Wilkerson in the state action and secured an order of dismissal on his behalf in that action. Plaintiff filed an amended complaint, which Wilkerson also moved to dismiss; that motion is scheduled for oral argument next month.

On the eve of discovery closing in the federal litigation, Plaintiff subpoenaed both Wilkerson and attorney Brewster for dates two weeks after discovery closed, and despite demands, refused to withdraw the subpoenas. Attorney Brewster's original motion to quash raised, among other issues, the expired discovery deadline as a basis for this Court to quash the subpoena to him. Subsequent to filing, attorney Brewster learned that the Middle District of Florida had extended the discovery deadline to accommodate additional discovery until March 13, 2026. Accordingly, attorney Brewster hereby files this amended motion, which drops the timeliness arguments and instead focuses on Plaintiff's absolute failure to meet its burden to depose opposing counsel under the *Shelton* test and its progeny.

Courts should and do look very skeptically at a party's attempt to depose opposing counsel, particularly when Plaintiff seeks to depose Attorney Brewster the day before his client Wilkerson. Such depositions raise issues of privilege, harassment and abuse and thus they are generally not permitted unless "no other means for obtaining the relevant information exists." M & R Amusements Corp. v. Blair, 142 F.R.D. 304, 305 (N.D. Ill. 1992). Here, Plaintiff does not and cannot make such a showing. The information sought is definitely available from other sources

starting with Defendant. Accordingly, and for the additional reasons set forth below, attorney Brewster respectfully requests that the subpoena be quashed.

In compliance with Local Rule 37.2, on Saturday February 28, 2026, attorney Brewster requested Plaintiff's counsel (attorneys Jalaine Garcia and Alejandro Brito) withdraw the subpoena. On Sunday March 1, 2026, attorney Brewster requested Plaintiff's counsel (attorneys Garcia and Brito) to confirm that any telephone conference would be fruitless. Late on the same evening, Plaintiff's counsel (attorney Garcia) responded that it would not withdraw its subpoena, strongly noted that the subpoena was properly issued in its view, and agreed that further communication would be fruitless. On the afternoon of March 2, 2026, Plaintiff's counsel (attorney Brito) inquired whether attorney Brewster would notify this Court of the discovery extension. On March 3, 2026, attorney Brewster notified Plaintiff's Counsel (attorney Brito) of his intention to amend. Thereafter, Plaintiff's counsel (attorney Brito) inquired with attorney Brewster whether any concerns could be addressed regarding the subpoena before attorney Brewster filed the amended motion. Attorney Brewster informed Plaintiff's Counsel (attorney Brito) that, given the gravity of the situation, only withdrawal of the subpoena would be acceptable, but that counsel would wait to the close of business to file the amended motion, should Plaintiff's Counsel choose to withdraw the subpoena. This Motion is timely for the Court.

## BACKGROUND

Plaintiff initiated this defamation action against *The Washington Post* in July 2023 regarding a story detailing certain bridge financing received by Trump Media & Technology Group (d/b/a "Truth Social") in the U.S. District Court for the Middle District of Florida (Trump Media & Technology Group Corp. v. WP Company, LLC, d/b/a The Washington Post, 8:23-cv-01535 (M.D. Fla.)). ECF No. 1. That Court entered an initial scheduling order in December 2023 (ECF

3

No. 45) and a revised scheduling order in June 2025 (ECF No. 88). The Court's controlling order required completion of discovery by February 28, 2026. *Id.* On March 2, 2026, the Court extended discovery until March 13, 2026 (ECF No. 150). Based upon the case docket, Plaintiff and *The Washington Post* have engaged in discovery since 2023.

Attorney Brewster is not party to the dispute between Plaintiff and *The Washington Post*. Brewster is a licensed Illinois attorney and is a solo practitioner with an office in Winnetka. He is counsel to Wilkerson, who is a federal whistleblower. Wilkerson extensively cooperated with the U.S. Department of Justice ("DOJ"), Federal Bureau of Investigation ("FBI") and SEC concerning federal law enforcement and regulatory investigations into Plaintiff's bridge financing efforts and ultimate SPAC transaction. After doing so, Wilkerson was a source for *The Washington Post*, which published an article that is the subject of Plaintiff's lawsuit in the U.S. District Court for the Middle District of Florida.

Attorney Brewster has represented Wilkerson since August 2022 in his federal whistleblowing matter, including the filing of a SEC whistleblower complaint, preparing and representing Wilkerson for an in-person interview with DOJ, FBI and SEC in New York City at the U.S. Attorney's Office for the Southern District of New York, preparing numerous post-interview supplemental correspondences and disclosures to such agencies, in addition to the U.S. Attorney's Office for the Southern District of Miami, and subsequently preparing and representing Wilkerson in a lengthy deposition by SEC enforcement attorneys. Attorney Brewster is representing Wilkerson in his pending award application with the SEC whistleblower program. Attorney Brewster also represents Wilkerson as a non-party witness in several cases filed by or against Plaintiff involving business disputes related to Truth Social's SPAC transaction. Finally, attorney Brewster is counsel to Wilkerson in a parallel multi-defendant Florida state court

4

defamation case in Sarasota County (2024 CA 003653 NC).  The Florida state court case arises from Wilkerson serving as a source to *The Guardian* reporting that detailed, just like *The Washington Post* story, allegedly problematic aspects of Plaintiff's bridge financing efforts and ultimate SPAC transaction.

Plaintiff is no ordinary litigant.  Truth Social is beneficially owned and controlled by the most powerful person in the world, President Donald J. Trump.  Not only is President Trump the leader of the most powerful country in the world, but he is also a billionaire.  Truth Social does not lack for financial resources or an inability to retain highly qualified counsel.  Yet having more than two years to conduct discovery, Plaintiff did not seek documents from, or attempt to depose, attorney Brewster until serving him with a deposition subpoena on February 26, 2026—two business days before the original close of discovery.

Since the opening of discovery, Plaintiff has been well-aware of attorney Brewster and his client Wilkerson as potential fact witnesses, but Plaintiff failed to timely seek Brewster's deposition.  As early as October 15, 2022, Plaintiff was aware of attorney Brewster's representation of Wilkerson because on that date *The Washington Post* published a lengthy article about Wilkerson and his allegations against Plaintiff, and attorney Brewster was specifically mentioned.  Even earlier on October 7, 2022, the *Miami Herald* published a lengthy article about Wilkerson and his allegations against Plaintiff, and attorney Brewster was again specifically mentioned.  Under the discovery rules, Plaintiff was given wide liberty to chart its discovery course which did not timely include attorney Brewster during the original period.  Attorney Brewster's involvement was not hidden to Plaintiff; he was standing in the public square next to his client Wilkerson.

On February 26, 2026, Plaintiff and *The Washington Post* filed a joint contested discovery motion addressing, in part, Plaintiff's request to take the untimely deposition of attorney Brewster.

5

ECF No. 144 (Exhibit B). *The Washington Post* opposed Plaintiff's request to depose attorney Brewster based on its out-of-time nature. *Id*. The timing and context are revealing. On the same day Plaintiff requested leave from the Court for a out-of-time deposition opposed by *The Washington Post*'s counsel, Plaintiff served attorney Brewster with the deposition subpoena at his office in Winnetka. Plaintiff's conduct highlights it knew that the subpoena to attorney Brewster was improper at the time. Ultimately, the Court granted Plaintiff's request for an extension of discovery until March 13, 2026. (Exhibit C)

Distinct from its litigation against *The Washington Post*, Plaintiff initiated a parallel multi-defendant defamation case against *The Guardian* and Wilkerson in Florida state court, in which attorney Brewster is also counsel to Wilkerson. On November 24, 2025, Plaintiff's defamation case against Wilkerson was dismissed because Plaintiff failed to establish falsity and actual malice with leave granted to amend as a matter of right under state law. Order at 7 (Exhibit D). Plaintiff later refiled. Currently, Wilkerson, through attorney Brewster, is seeking both a motion to dismiss and sanctions under the Florida Anti-SLAPP statute against Plaintiff which is scheduled for a hearing on April 14, 2026. Attorney Brewster believes Plaintiff seeks to depose him in the U.S. District for Northern Illinois, along with his client Wilkerson in the U.S. District for Eastern North Carolina, to improperly secure testimony, in part, to use in the unrelated Florida state court litigation.

ARGUMENT

Rule 45 of the Federal Rules of Civil Procedure governs issuing and quashing a subpoena. The Court has broad discretion to resolve motions to quash. Griffin v. Foley, 542 F.3d 209, 223 (7th Cir. 2008). The Court should quash this subpoena regardless of the extension of discovery. The reason is simple. "Deposing an opponent's attorney is a drastic measure. It not only creates a

6

side-show and diverts attention from the merits of the case, its use also has a strong potential for abuse. Thus, a motion to depose an opponent's attorney is viewed with a jaundiced eye and is infrequently proper." M & R Amusements Corp. v. Blair, 142 F.R.D. 304, 305 (N.D. Ill. 1992). There are two widely known tests that Courts consider in these circumstances (1) Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986) and (2) In re Subpoena Issued to Dennis Friedman, 350 F.3d 65 (2d Cir. 2003). Under the *Shelton* test, a party seeking to depose opposing counsel must show that "(1) no other means exists to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." 805 F. 2d at 1327 (citation omitted). The *In re Friedman* test focuses on the considerations of "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." 350 F.3d at 72. This Court in M & R Amusements Corp. v. Blair used the following criteria to evaluate the propriety of an opposing attorney's deposition: "(1) whether the information sought is relevant to a major issue in the case . . .; (2) no other means for obtaining the relevant information exists . . .; (3) the need for the information outweighs the inherent risks of deposing opposition counsel . . .; and (4) the information sought is not privileged." 305-6 (citations omitted) *See also* Carolina Cas. Ins. Co. v. Merge Healthcare, Inc., No. 11 C 3844, 2011 U.S. Dist. LEXIS 132174 (N.D. Ill. Nov. 16, 2011).

  Here, Plaintiff counsel's effort is clearly a drastic measure. The Court must view this effort with a jaundiced eye, particularly when Plaintiff seeks to depose Attorney Brewster the day before his client Wilkerson. It is certain to create a significant side-show, divert attention from the real merits of the case, and has a strong potential for abuse. Attorney Brewster has been continually

7

representing Wilkerson since 2022 when he became a federal whistleblower against President Trump's social media company. Attorney Brewster is counsel to Wilkerson in his SEC whistleblower complaint, represented Wilkerson during his interview with DOJ, FBI and SEC and personally prepared numerous post-interview supplemental correspondences and disclosures to such agencies, and represented Wilkerson in a subsequent deposition by SEC enforcement attorneys. Attorney Brewster is also representing Wilkerson in his pending award application with the SEC whistleblower program. He also represents Wilkerson as a non-party witness in several cases filed by or against Plaintiff involving business disputes related to Truth Social's SPAC transaction. Finally, attorney Brewster is counsel to Wilkerson in a parallel multi-defendant Florida state court defamation case in Sarasota County in which attorney Brito represents TMTG. Attorney Brewster is central to Wilkerson's legal strategy and its effectuation, and he is one of a few people in the world Wilkerson trusts. Plaintiff's counsel knows this and is trying to exploit it.

In this context, Plaintiff's counsel simply cannot show (1) whether the information sought is relevant to a major issue in the case; (2) no other means for obtaining the relevant information exist; (3) the need for the information outweighs the inherent risks of deposing opposition counsel; and (4) the information sought is not privileged. *Id*. Plaintiff's attempt to depose attorney Brewster will inherently require attorney Brewster to disclose privileged information in the form of attorney-client privileged communications or privileged attorney work product. This is prohibited. Further, Plaintiff has already (or could have) obtained from *The Washington Post* all non-privileged communications between attorney Brewster and *The Washington Post* during the discovery period, which is still open. This makes Plaintiff's request highly duplicative, unduly burdensome, and therefore prohibited. Further, if Plaintiff seeks to question attorney Brewster about the meaning or intention of non-privileged communications between attorney Brewster and *The Washington*

*Post*, attorney Brewster will, with a high degree of probability, be unable to answer because of either the attorney-client communication privilege or attorney work product privilege. Any attempt for attorney Brewster to answer such questions would be an ethical minefield, and place an undue, in fact extreme, burden on attorney Brewster, who is a non-party to the proceeding. This would create the very sideshow that is prohibited.

The timing of Plaintiff's subpoena also indicates that Plaintiff has ulterior motives in deposing attorney Brewster. Plaintiff chose not to depose attorney Brewster for nearly two years in the instant action. Now on April 14, 2026, Plaintiff is facing a motion to dismiss (arising from Plaintiff amending its previously dismissed complaint) and a motion for sanctions under the Florida Anti-SLAPP statute in its state court litigation in which Wilkerson is a defendant and attorney Brewster is his counsel. In that context, Plaintiff seeks a discovery deposition of both attorney Brewster and his client Wilkerson. These facts indicate that any deposition of attorney Brewster will involve Plaintiff seeking information not relevant to this matter, but to its state court litigation against Wilkerson. Plaintiff is impermissibly attempting to drive wedge between client and attorney. Any deposition by Plaintiff's counsel is rife for abuse in this context.

## CONCLUSION

For these reasons, attorney Brewster respectfully requests the Court quash Plaintiff's subpoena. Should this Court not quash the subpoena and allow attorney Brewster's deposition to proceed, the Court is requested to enter a protective order (1) directing Plaintiff not to direct any question to attorney Brewster which is likely to require attorney Brewster to disclose attorney-client privileged communications or attorney work product arising from his representation of Wilkerson since 2022, (2) precluding Plaintiff from directing any question to attorney Brewster that is unreasonably cumulative or duplicative or is obtainable from some other source that is more

convenient, (3) precluding Plaintiff from directing any question to attorney Brewster about facts not specifically and directly relevant to Plaintiff's litigation against *The Washington Post*, (4) precluding Plaintiff from directing any questions to attorney Brewster relevant to its separate litigation against Wilkerson in Florida state court, and further (5) hold in abeyance any deposition of attorney Brewster until all outstanding depositions and discovery is completed, and, at that time, require Plaintiff's Counsel seek leave of this Court to do so after proving such deposition is still necessary and consistent with the *Shelton* test and its progeny. Finally, this Court is requested to grant reasonable attorney's fees and costs incurred in quashing this subpoena or in the alternative its modification.

This the 3rd day of March, 2026.

**BREWSTER LAW FIRM LLC**

By: /s/ Philip S. Brewster

Philip S. Brewster, Esq.
ARDC No. 6285810
Brewster Law Firm LLC
560 Green Bay Road, Suite 402
Winnetka, Illinois 60093
philip.brewster@brewsteradvisory.com
(847) 386-6514
Counsel for Non-Party Phil Brewster

CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing AMENDED MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY PHIL BREWSTER'S CONTESTED MOTION TO QUASH SUBPOENA with the Clerk of Court using the CM/ECF system and will send a copy to all counsel by electronic mail as follows:

Alejandro Brito
Jalaine Garcia
Ian Michael Corp
Brito, PLLC
2121 Ponce de Leon Boulevard, Suite 650
Miami, Florida 33134
abrito@britopllc.com
jgarcia@britopllc.com
icorp@britopllc.com
Counsel for Plaintiff

Carol Jean LoCicero
Linda R. Norbut
Thomas & LoCicero PL
601 South Boulevard
Tampa, Florida 33606
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com

Counsel for Defendant

Thomas G. Hentoff
Nicholas G. Gamse
Isabelle J. Beaton
Williams & Connolly LLP
680 Maine Avenue, S.W.
Washington, D.C. 20024
thentoff@wc.com
ngamse@wc.com
ibeaton@wc.com
Counsel for Defendant

This the 3rd day of March, 2026.

**BREWSTER LAW FIRM LLC**

By: /s/ Philip S. Brewster

Philip S. Brewster, Esq.
ARDC No. 6285810
Brewster Law Firm LLC
560 Green Bay Road, Suite 402
Winnetka, Illinois 60093
philip.brewster@brewsteradvisory.com
(847) 386-6514
Counsel for Non-Party Phil Brewster