# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# Tampa Division

| | |
|---|---|
| TRUMP MEDIA & TECHNOLOGY GROUP CORP., <br><br> Plaintiff, <br><br> v. <br><br> WP COMPANY, LLC, d/b/a The Washington Post, <br><br> Defendant. | Case No. 8:26-cv-1535-TPB-AAS |
| In re Subpoena Issued to: <br><br> PHILIP S. BREWSTER, ESQ., <br><br> Movant. | Case No. 8:26-mc-11-TPB-AAS |

## PLAINTIFF'S RESPONSE TO MOVANT'S
## AMENDED MOTION TO QUASH SUBPOENA AND SUPPLEMENT

Plaintiff, TRUMP MEDIA & TECHNOLOGY GROUP CORP. ("Plaintiff" or "TMTG"), by and through its undersigned counsel, hereby files its Response to the Amended Motion to Quash Subpoena and Supplement (together, the "Motion to Quash") filed by Movant, PHILIP S. BREWSTER, ESQ. ("Mr. Brewster"). In support, Plaintiff states as follows:

## INTRODUCTION

Mr. Brewster's Motion to Quash rests on a fatally flawed premise: that he is categorically immune from deposition because he is an attorney who represents non-party Will Wilkerson ("Mr. Wilkerson") in other matters. It is uncontroverted that he is not opposing counsel in in the underlying defamation action for which he has been subpoenaed—*Trump Media & Technology Group Corp. v. WP Company, LLC d/b/a The Washington Post,* Case No. 8:23-cv-1535-TPB-AAS (the "Underlying Action"). His attempt to characterize himself as "opposing counsel" does not entitle him to the categorical protection he seeks.

Mr. Brewster's Motion to Quash misstates both his role and the basis for the subpoena. TMTG does not seek to depose Mr. Brewster about litigation strategy, privileged attorney-client communications, or attorney work product. TMTG seeks testimony because Mr. Brewster is a unique fact witness with first-hand knowledge of non-privileged matters material to the parties' claims and defenses in the Underlying Action. His relevant knowledge arises ***from his own non-privileged communications*** and conduct with Washington Post reporter Drew Harwell ("Mr. Harwell"), the author of the article that is the subject of the Underlying Action. Mr. Brewster exchanged ***more than 100*** text messages or instant messages with Mr. Harwell, in addition to countless emails and conversations. Mr. Brewster did not

merely serve as a passive conduit for a client. He personally communicated non-privileged information to Mr. Harwell, provided documents and information concerning the matters reported in the subject article, reviewed and edited factual statements that Mr. Harwell intended to include, and continued communicating with Mr. Harwell after TMTG sent its retraction demand. Indeed, Mr. Brewster is identified by name in the article itself, confirming that he was not merely acting in the background as counsel, but was an active participant in the reporting process and in the development of the false and defamatory assertions now at issue.

Mr. Brewster's testimony is highly relevant, non-privileged, and fills the gaps left in the document productions from The Post and testimony from other witnesses. Those materials and witnesses are no substitute for Mr. Brewster's own testimony regarding what he communicated, what information or support he provided, what he intended to convey, what he said during calls, and how he coordinated with Mr. Harwell in the reporting process. Because Mr. Brewster is a percipient witness on those issues, his Motion to Quash should be denied.

## MEMORANDUM OF LAW

### I.   Legal Standard

Blanket protective orders prohibiting a deposition—even that of counsel—are "rarely granted absent extraordinary circumstances." *Virtus Pharmaceuticals, LLC*

*v. Woodfield Distribution, LLC,* 2024 WL 6979645, at *2 (M.D. Fla. Apr. 22, 2024). Courts in the Eleventh Circuit have often applied the three-part test set forth in *Shelton v. American Motors Corp.,* 805 F.2d 1323 (8th Cr. 1986), when a party seeks to depose opposing counsel. *See id.* Under that test, the party must demonstrate: (1) the deposition is the only practical means for obtaining the information; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to preparing the case. *See id.* As this Court recognized in *Virtus Pharmaceuticals:*

> [S]ome courts have found that *Shelton's* three-prong test applies 'in only two instances: (1) when trial or litigation counsel are being deposed; and (2) when such questioning would expose litigation strategy in the pending case.' . . . And other courts have found that *Shelton* does not apply when the opposing party's trial counsel – the attorney whose deposition a party seeks – 'has also participated in the events that underlie the action.' . . . So, whether *Shelton* or an unnamed version of *Shelton* applies, courts faced with requests to depose opposing counsel are concerned with protecting a trial attorney's thought processes and strategy.

*Id.* at *2 (citations omitted).

Where an attorney is a fact witness, his or her deposition may be both necessary and appropriate. "An attorney's deposition may be necessary and appropriate where the attorney is the person with the best information concerning non-privileged matters relevant to the lawsuit." *Gamache v. Hogue,* 595 F.Supp.3d 1344, 1350 (M.D. Ga. 2022) (internal quotation marks and citation omitted). Further, "[w]hen an attorney serves a client in a way that is not legal in nature, the attorney-

client privilege does not protect their communications." *Id.* at 1352. Moreover, "[t]ypically, the attorney-client privilege is readily waived by disclosure to a third party." *Id.*

## II. Mr. Brewster's Deposition Should Proceed.

Mr. Brewster's Amended Motion to Quash filed in the Northern District of Illinois is premised on the assertion that TMTG seeks to depose "opposing counsel," and his Supplement continues that same theme by characterizing him as adverse counsel in related matters and invoking the "exceptional circumstances" language used when the Northern District of Illinois transferred his motion. But *Amin v. NBCUniversal Media, LLC,* 2024 WL 3169820 (S.D. Ga. May 24, 2024) undermines that premise and supports the denial of Mr. Brewster's Motion to Quash.

In *Amin,* the Court denied a motion to quash the deposition of a non-party attorney who, like Mr. Brewster, argued that a deposition would intrude on privilege because of her role as counsel in related matters. The Court held that the heightened *Shelton* framework did not apply because the attorney "is not now and has never been counsel to a party in this case," and because the requested deposition was narrowly directed to her communications with the media defendant and documents she shared with it. *Id.* at *3. The court emphasized that "the Federal Rules of Civil Procedure do not prevent a party from deposing a lawyer—even the lawyer

representing the opposing party—as long as 'the deposition seeks relevant, non-privileged information.'" *Id.* Applying a balancing approach rather than *Shelton,* the Court concluded that the plaintiff's need for the attorney's testimony regarding her communications with the publisher outweighed her privilege concerns, particularly where it was undisputed that she had communicated with the publisher about the facts reported and therefore possessed relevant discoverable information. *Id.* at *4-5.

The same reasoning applies here. Mr. Brewster is not counsel for the Washington Post in the Underlying Action. He is being subpoenaed because of his own first-hand factual, voluntary involvement in the events underlying the article at issue. As in *Amin,* Mr. Brewster's representation of Mr. Wilkerson in other matters does not insulate him from testifying about his own non-privileged communications and conduct bearing directly on the reporting, sourcing, development, and publication of the article at issue in this action. Because Mr. Brewster is a unique fact witness with direct knowledge of non-privileged communications and conduct bearing on the article at issue, his Motion to Quash should be denied.

### A. Mr. Brewster Is a Unique Fact Witness on Non-Privileged Issues Central to the Underlying Case.

The subpoena is proper because Mr. Brewster is a percipient witness with unique factual knowledge. His relevant knowledge arises from his own

communications and actions with Mr. Harwell. TMTG expects the evidence to show that Mr. Brewster exchanged more than 100 text messages or instant messages with Mr. Harwell, in addition to countless emails and conversations. Those communications were not incidental. Mr. Brewster provided documents and information concerning the facts that were reported, reviewed factual content that Mr. Harwell intended to include in the article, and made edits to factual statements that were going to appear in the article.

As his Motion to Quash acknowledges, the article concerns matters involving TMTG and arose from reporting in which Mr. Wilkerson served as a source to The Post. Mr. Brewster's involvement in the development of that reporting makes him a direct factual witness to issues at the center of this case, not a peripheral attorney whose knowledge is derivative or purely privileged.

Moreover, after TMTG sent its retraction demand, Mr. Brewster emailed Mr. Harwell and specifically stated that The Post could expect Mr. Wilkerson's full support. Testimony about such conduct goes directly to what non-privileged information was communicated, what support was claimed to exist for the reporting, and how the article was sourced and reinforced after TMTG challenged it.

### B. The Requested Testimony is Relevant, Non-Privileged, and Important to the Claims and Defenses.

Even under the authorities Mr. Brewster invokes, quashing the subpoena is not warranted where the requested testimony concerns relevant, non-privileged factual information important to the case. Mr. Brewster's own Motion to Quash relies on standards that ask whether the information is relevant, whether it is available through other means, whether privilege concerns predominate, and whether the need for the testimony outweighs the risks ordinarily associated with deposing counsel. Those considerations favor allowing the deposition here.

*First,* the testimony sought is plainly relevant. This case turns, in significant part, on what information The Post received, what support existed for the factual assertions that were published, what role sources and intermediaries played in communicating and shaping those assertions, and whether the reporting process reflected appropriate verification or coordination. Mr. Brewster has first-hand knowledge on those issues because he personally communicated with Mr. Harwell, personally provided information and documents, personally reviewed and edited factual assertions intended for publication, and personally continued those communications after TMTG's retraction demand.

The testimony is also non-privileged. TMTG is not seeking attorney-client communications between Mr. Brewster and Mr. Wilkerson merely because they

exist, nor is TMTG seeking protected litigation strategy. TMTG seeks factual testimony regarding Mr. Brewster's own communications with a reporter, his provision of materials and information to that reporter, his participation in reviewing factual assertions for publication, and his own conduct in connection with the article. Those are not categorically privileged subjects. To the extent a particular question at deposition calls for privileged matter, privilege can be asserted on a question-by-question basis. That ordinary mechanism is more than sufficient. It does not justify barring the deposition altogether.

### C. The Post's Document Production and Other Witnesses Are Not An Adequate Substitute For Mr. Brewster's Testimony.

Mr. Brewster argues that the information is available from other sources, "starting with Defendant," and his supplement seeks a protective order precluding questioning that is cumulative, duplicative, or obtainable elsewhere. That argument fails because documents and other testimony cannot substitute for Mr. Brewster's own testimony about his own conduct, statements, intentions, and communications with The Post.

The Post's production of emails or messages may show that communications occurred, but it cannot fully answer what Mr. Brewster meant by particular statements, what factual support he claimed to possess, what he conveyed orally during phone calls, what he understood specific edits or revisions to mean, or how

he coordinated with Mr. Harwell during the reporting process. Written communications are particularly inadequate where the relevant exchanges also included numerous phone calls and other oral conversations, especially where certain messages reflect an intent to avoid communicating in writing.

Nor can Mr. Harwell or Mr. Wilkerson substitute for Mr. Brewster. Mr. Harwell can testify to his own understanding and actions, but he cannot testify for Mr. Brewster as to what Mr. Brewster intended, represented, or was claiming to substantiate. Likewise, Mr. Wilkerson cannot replace testimony from Mr. Brewster where Mr. Brewster personally communicated with Mr. Harwell, personally reviewed and edited factual statements, and personally made representations after the retraction demand. Only Mr. Brewster can provide complete testimony regarding his own role. That is precisely why the subpoena is necessary. TMTG is not seeking cumulative discovery. It seeks testimony from a witness with unique first-hand knowledge unavailable in full from any other source.

### III. The Supplement Does Not Justify Quashing the Subpoena or Imposing the Sweeping Restrictions Requested.

Mr. Brewster's Supplement adds nothing warranting relief. It principally relies on the fact that the Northern District of Illinois transferred the motion to quash based on "exceptional circumstances" under Rule 45(f), including the prospect of privilege disputes and the compressed discovery schedule. But a transfer order is not

a ruling that the deposition is improper on the merits. It reflects only that this Court was better positioned to resolve the dispute in light of timing and case management concerns.

The Supplement also seeks a broad protective order forbidding questions likely to elicit privilege, barring questions deemed cumulative, precluding inquiry into facts not "specifically and directly relevant," and requiring TMTG to wait until all other discovery is complete before seeking leave again. Those requests are overbroad and unnecessary.

The ordinary rules governing depositions already protect against improper questioning. If a specific question calls for privileged communications or work product, an objection may be made, and privilege asserted. If a question is truly outside the permissible scope of discovery, the witness may object accordingly. What Mr. Brewster seeks instead is effectively a preemptive immunity order that could insulate a key factual witness from meaningful examination based on abstract concerns untethered to specific questions. There is no basis to quash the subpoena or hold the deposition in abeyance.

## **CONCLUSION**

For the foregoing reasons, TMTG respectfully requests that the Court deny Philip S. Brewster's Amended Motion to Quash and Supplement in their entirety, and enter such further order as the Court deems just and proper.

Dated: March 10, 2026                Respectfully submitted,

                                    **BRITO, PLLC**
*Counsel for Plaintiff*
2121 Ponce de Leon Boulevard
Suite 650
Miami, FL 33134
Office: 305-614-4071
Fax: 305-440-4385

By: /s/ *Alejandro Brito*
    **ALEJANDRO BRITO**
    Florida Bar No. 098442
    Primary: abrito@britopllc.com
    Secondary: apiriou@britopllc.com
    **JALAINE GARCIA**
    Florida Bar No. 58632
    Primary: jgarcia@britopllc.com
    **IAN MICHAEL CORP**
    Florida Bar No. 1010943
    Primary: icorp@britopllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on March 10, 2026 through the Court's CM/ECF electronic filing system upon:

Carol J. Locicero, Esq.
Linda Riedemann Norbut, Esq.
Thomas & LoCicero, PL
601 South Blvd
Tampa, FL 33606-2629
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com

Thomas G. Hentoff, Esq.
Nicholas G. Gamse, Esq.
Williams & Connolly
680 Maine Avenue S.W.
Washington, DC 20024
thentoff@wc.com
ngamse@wc.com
*Counsel for Defendant*

Philip S. Brewster, Esq.
Brewster Law Firm LLC
560 Green Bay Road, Suite 402
Winnetka, IL 60093
philip.brewster@brewsteradvisory.com
*Movant*

By: /s/ *Alejandro Brito*