UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TRUMP MEDIA & TECHNOLOGY GROUP CORP.,**

    Plaintiff,

v.                                                   Case No. 8:23-cv-1535-TPB-AAS

**WP COMPANY LLC d/b/a The Washington Post,**

    Defendant.
_____/

## ORDER

Non-party Phil Brewster, Esq. (Attorney Brewster) filed an amended motion to quash the subpoena issued by Plaintiff Trump Media & Technology Group (TMTG) for his deposition on March 12, 2026. (Doc. 175). Attorney Brewster also supplemented the amended motion to quash. (Doc. 176). TMTG opposed the motion. (Doc. 177).

**I.    BACKGROUND**

TMTG initiated this defamation action against WP Company LLC d/b/a The Washington Post (The Post) in July 2023 regarding a story detailing certain alleged bridge financing received by TMTG. (Doc. 1). Attorney Brewster is not a party to the dispute. Attorney Brewster is a licensed Illinois attorney and is a solo practitioner with an office in Winnetka, Illinois. Attorney

Brewster is counsel to Will Wilkerson. Mr. Wilkerson cooperated with the U.S. Department of Justice (DOJ), the Federal Bureau of Investigation (FBI), and the U.S. Securities and Exchange Commission (SEC) regarding federal law enforcement and regulatory investigations into TMTG's alleged bridge financing efforts and its ultimate special purpose acquisition company (SPAC) transaction. Mr. Wilkerson also served as a source for The Post, which published the article at issue in this action, and for The Guardian, which published the article at issue in a Florida state court action in which Mr. Wilkerson is being sued by TMTG.

Attorney Brewster has represented Mr. Wilkerson since August 2022 in his federal whistleblowing matters, including the filing of an SEC whistleblower complaint, preparing and representing Mr. Wilkerson for an in-person interview with the DOJ, FBI, and SEC, preparing numerous post-interview supplemental correspondences and disclosures to such agencies, and subsequently preparing and representing Mr. Wilkerson in a deposition by SEC enforcement attorneys. Attorney Brewster is representing Mr. Wilkerson in his pending award application with the SEC whistleblower program. Attorney Brewster also represents Mr. Wilkerson as a non-party witness in several cases filed by or against TMTG involving business disputes related to Truth Social's SPAC transaction. Finally, Attorney Brewster is counsel to Mr.

Wilkerson in the multi-defendant Florida state court defamation case in Sarasota County (2024 CA 003653 NC). As already noted above, the Florida state court case arises from Mr. Wilkerson's role as a source to The Guardian, which, like The Post, also reported on the TMTG's bridge financing and the ultimate SPAC transaction.

Despite having more than two years to conduct discovery in this action, TMTG did not request documents from or attempt to depose Attorney Brewster until serving him with a deposition subpoena on February 26, 2026—two business days before the original close of discovery. The deposition was scheduled for March 12, 2026, the day before the deposition of Mr. Wilkerson. Because Attorney Brewster's deposition was noticed to occur in Chicago, Illinois, this motion was originally filed in the Northern District of Illinois, Eastern Division. The motion was then transferred to this court and consolidated with the underlying action.

## II. ANALYSIS

The court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). "[T]he scope of discovery

through a subpoena is the same as that applicable to Rule 34 and the other discovery rules." Fed. R. Civ. P. 45(d)(1) advisory committee's note to the 1970 Amendment.

Courts in the Eleventh Circuit have applied the three-part test outlined in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), when a party seeks to depose opposing counsel. *See Virtus Pharmaceuticals, LLC v. Woodfield Distribution, LLC*, No. 8:21-cv-2427-WFJ-SPF, 2024 WL 6979645, at *2 (M.D. Fla. Apr. 22, 2024). Under the *Shelton* test, a party seeking to depose opposing counsel must show that "(1) no other means exists to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." 805 F. 2d at 1327 (citation omitted). Although Attorney Brewster is not opposing counsel in this action, Attorney Brewster is TMTG's opposing counsel in the Florida state court case and a variety of other cases and investigations. (Doc. 175-1, p. 4). Thus, the court considers Attorney Brewster's noticed deposition subject to the *Shelton* test.

TMTG fails to meet the *Shelton* test requirements. However, even if the *Shelton* test does not apply to Attorney Brewster, the noticed subpoena violates Fed. R. Civ. P. 45(d)(3)(A). First, TMTG has already (or could have) obtained from The Post all non-privileged communications between Attorney Brewster

and The Post during the over two-year discovery period, making its request duplicative and unduly burdensome. In addition, TMTG did not attempt to depose Attorney Brewster or request documentation until two days before the discovery deadline.

Second, TMTG's attempt to depose Attorney Brewster will undoubtedly include attempts at disclosure of privileged information, including attorney-client privileged communications and protected opinion work product, failing the second requirement of the *Shelton* test. These privileged or other protected matters are also protected under Fed. R. Civ. P. 45(d)(3)(A). Even if TMTG only questions Attorney Brewster about the meaning or intention of non-privileged communications between Attorney Brewster and The Post, Attorney Brewster will be constrained in his answers due to protections afforded attorney-client privileged communications and attorney work product. Any attempt by Attorney Brewster to answer such questions would place an undue burden on Attorney Brewster, who is a non-party to the proceeding and still actively representing Mr. Wilkerson in litigation against TMTG.

Finally, although Attorney Brewster may have some factual testimony, it is unlikely to be crucial to the preparation of the case and could be obtained through other means. Because TMTG's subpoena requires disclosure of privileged and duplicative matters, it subjects Attorney Brewster to an undue

burden. Thus, TMTG's subpoena to Attorney Brewster fails to meet the requirements of the *Shelton* test and must be quashed as a violation of Federal Rule of Civil Procedure 45(d)(3)(A).

### III. CONCLUSION

For the reasons stated above, Attorney Brewster's amended motion to quash TMTG's subpoena for deposition (Doc. 175) is **GRANTED**.

Under Federal Rule of Civil Procedure 45(d)(1), a party or attorney serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and courts must enforce the duty by imposing appropriate sanctions—which may include reasonable attorney's fees—if a party or attorney does not comply. The decision to award sanctions under Rule 45(d)(1) is discretionary with the court.[1] *See In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 20-MD-2924-RLR, 2022 WL 1591128, at *3 (S.D. Fla. May 19, 2022). Thus, upon consideration of the parties' arguments, each party shall bear its own attorney's fees in relation to this motion.

---

[1] The Eleventh Circuit has affirmed that district courts may order attorney's fees as sanctions under Rule 45(d)(1) when a subpoena is "grossly overbroad and unduly burdensome" and reflects "an attorney's complete disregard for her duty, as the subpoena's issuer, to avoid subjecting [the recipient] to undue burden and expense." *Progressive Emu Inc. v. Nutrition & Fitness Inc.*, 785 F. App'x 622, 629 (11th Cir. 2019).

**ORDERED** in Tampa, Florida, on March 11, 2026.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge