**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TRUMP MEDIA & TECHNOLOGY**
**GROUP CORP.,**

     **Plaintiff,**

**v.**                                   **Case No.  8:23-cv-1535-TPB-AAS**

**WP COMPANY, LLC,**
**d/b/a The Washington Post,**

     **Defendant.**
_____**/**

## **ORDER**

The court held a discovery hearing today on Defendant WP Company, LLC, d/b/a The Washington Post's (The Post) motion to compel (Doc. 145), Trump Media & Technology Group Corp. (TMTG) response in opposition (Doc. 161, S-Doc. 183); TMTG's motions to overrule privilege designations (S-Docs. 146, 147; S-Docs. 180, 181) and the Post's response in opposition (Doc. 162, S-Doc. 182). As stated at the discovery hearing:

(1)    TMTG's motions to overrule privilege designations (S-Docs. 146, 147; S-Docs. 180, 181) are **TAKEN UNDER ADVISEMENT** pending an *in camera* review of a selection of the documents in dispute. By **April 1, 2026** at **5:00 p.m.**, TMTG must provide The Post with a list of 50 documents from those withheld and identified in each of TMTG's motions (so 100 documents total)

1

that TMTG requests be submitted for *in camera* review. By **April 3, 2026** at **11:00 a.m.**, The Post must provide the 100 documents selected by TMTG to the court for *in camera* review via email at CHAMBERS_FLMD_SANSONE@flmd.uscourts.gov. If the court concludes that any of these documents were improperly withheld, the court will require The Post to submit the remaining documents at issue in the motions to compel for *in camera* review.

(2)    The Post's motion to compel (Doc. 145) is **GRANTED in part and DENIED in part**, as follows:

(a) The motion to compel is granted as to the production of Phillip Juhan's hit report. By **April 7, 2026**, TMTG must produce a hit report for Mr. Juhan's computer source folder and cell phone source folder;

(b) The motion to compel is granted in part as to the production of Eric Swider's hit report. By **April 7, 2026**, TMTG must either withdraw Mr. Swider as a witness or produce a hit report for Mr. Swider's documents;

(c) The motion to compel is granted in part as to prior testimony responsive to the Post's request for production no. 36. By **April 10, 2026**, or as soon thereafter that it is available, TMTG must produce the deposition transcripts of TMTG's Rule 30(b)(6)

2

corporate representative, Phillip Juhan, Devin Nunes, Scott Glabe, and Jacob Langer from *Digital World Acquisition Corp. v. Arc Global Investments II, LLC*, Case No. 2024 CA 001061 NC, filed in the Circuit Court of the Twelfth Judicial Circuit, Sarasota County, Florida (the DWAC Case). This production is limited to depositions occurring on or before April 3, 2026. The Post may periodically inquire whether any additional depositions of TMTG's Rule 30(b)(6) corporate representative, Mr. Juhan, Mr. Nunes, Mr. Glabe, and Mr. Langer occur after April 3, 2026.

(d) The motion to compel is granted in part as to The Post's interrogatory no. 49. By **April 10, 2026**, TMTG must provide its most recent initial disclosures and its most recent interrogatory answers that address the damages being sought in the DWAC case. The Post may periodically inquire with TMTG's counsel as to whether further amendments are made to these initial disclosures and interrogatory answers in the DWAC case.

(e) The motion to compel is denied as moot as to the Post's request for production no. 48. TMTG's counsel represented at the hearing that it produced all documents responsive to The Post's request for production no. 48 within TMTG's possession, custody, and control.

(f) The motion to compel is granted in part as to The Post's interrogatory no. 22 and request for production no. 51. TMTG's hit report listed over 1,000 hits on the search string "Entoro OR Entaro OR Entero OR (James w/3 Row)," but TMTG only produced 100 documents that contain those terms. By **April 10, 2026**, TMTG must produce the documents containing the remaining 900 hits. If any documents are withheld as privileged, TMTG must identify those privilege log entries.

(g) The motion to compel is denied as moot as to The Post's interrogatory no. 23. TMTG's counsel represented at the hearing that it produced the financial documents responsive to The Post's interrogatory no. 23.

(h) The motion to compel is granted as to requests for communications with third parties, non-lawyers, and non-privileged communication withheld on TMTG's privilege log. By **April 10, 2026**, TMTG must produce communications with third parties withheld on TMTG's privilege log, including TMTG's public relations firm, MZ Group, and communications with congressional staff. As for communications with other third parties, these communications must be produced, or the privilege log must be

4

amended if the communications involve communications with outside counsel.

(i) The motion to compel is granted in part as to The Post's request for TMTG to supplement its privilege log with information substantiating its privilege claims. By **April 1, 2026**, at **5:00 p.m.**, The Post must provide TMTG with a list of 50 documents withheld on TMTG's privilege log for which The Post challenges the claim of privilege. By **April 8, 2026**, TMTG must provide the listed documents or update the privilege log to substantiate its privilege claim. To the extent The Post still claims that TMTG is withholding non-privileged documents, The Post must notify TMTG of which documents it continues to challenge by **April 10, 2026**. TMTG must then submit these documents to the court for *in camera* review by **April 15, 2026** via email at CHAMBERS_FLMD_SANSONE@flmd.uscourts.gov

**ORDERED** in Tampa, Florida, on March 31, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

5