# Exhibit 21



# REFERRAL FEE AGREEMENT

| Referral Fee Agreement Required Information and Summary | |
|---|---|
| Execution Date: | |
| Counterparty Name: | Trump Media and Technology Group (T Media Tech, LLC) |
| Physical Address: | 1100 South Ocean Blvd<br>Palm Beach, FL 33480 |
| State of Formation: | |
| Type of Entity: | LLC |
| Counterparty Representative Name: | John Haley |
| Representative Title: | Outside Counsel |
| Telephone Number: | 305.588.1860 |
| Email Address: | john.haley@nelsonmullins.com |
| Entoro Securities LLC: | Attention: James C. Row, CFA<br>333 W. Loop N., Suite 333<br>Houston, TX 77024<br>jrow@entoro.com<br>+1.713.823.2900 Main |
| Signed Entoro NDANC Agreement: | |
| Referral Fee: | 3% of Gross Proceeds |
| Reserved: | |
| Reserved: | |

Dear:

Entoro Securities LLC ("Entoro" or "we"), a Delaware limited liability company, which is a registered broker-dealer and member of the Financial Industry Regulatory Authority ("FINRA"), is pleased to provide referrals for TMTG (together with its affiliates and subsidiaries, hereby referred to as "you" or the "Company"). The terms of our engagement are set forth below. We look forward to working with you.

For the purposes of this agreement, "Transaction" shall refer to any equity or debt investment.

For the purposes of this agreement "Entoro Introduced Parties" shall refer to any or debt investor introduced via meeting, email, or phone to the Company by Entoro, or via introduction facilitated by Entoro, including, but not limited to those parties listed in Schedule B. The Company and Entoro, on mutual consent, can add to Schedule B.

## Services

Entoro's services under this engagement will, to the extent requested and appropriate, consist of:

 a. Making introductions to prospective investors, and

 b. Facilitating communication and interaction between Company and prospective investors or lenders.

POST_23-cv-1535_0009623

**Fees & Expenses**

The Company will deliver the following to Entoro on completion of any Transaction subscribed to by Entoro Introduced Parties:

    a.  A cash referral fee equal to 3% percent of the gross proceeds or equivalent of any Transaction for Investors on Schedule B;

    b.  The Success Fee shall be paid in full in cash to Entoro at the closing of each Transaction, regardless of any escrow, future draw down, earn-out or other contingency.

    c.  Company shall be responsible for expenses incurred for required background check via Entoro's Asset Control provider. Estimated one-time expense is in the $200-$500 range. Price range reflects whether US citizen, number of places lived, etc. among other factors.

**Term**

(a)  This Agreement shall have an initial term of x months (the "Initial Term") and thereafter automatically shall be extended on a monthly basis (the Initial Term, as it may be extended from time to time, unless terminated prior to renewal, is referred to herein as the "Term"). This Agreement may be terminated by either party without cause by giving 60 calendar days' written notice to the other party before the expiration of the Term. Upon any such termination, any fees, and expenses due to Entoro shall be remitted to Entoro promptly (including fees and expenses accrued before, but invoiced after, such termination).

(b)  If this Agreement is terminated for any reason before the closing of any particular Transaction contemplated herein, and the Company, within 12 months of such termination consummates, or enters into an agreement in principle to engage in (and subsequently consummates), a transaction similar to the Transaction with any party (i) that is an Investor introduced to the Company, or shown the Transaction, by Entoro; (ii) that is identified orally or in writing during the Term by Entoro as a prospective party to the Transaction; or (iii) with whom the Company or the Company Representatives had discussions about the Transaction during the Term, then Entoro shall be entitled to receive all of the Fees set forth in the Fees & Expenses section above upon the consummation of such transaction as if no termination had occurred. No later than 10 days after the termination of this Agreement, Entoro will provide to the Company a written, final version of Schedule B (the "Entoro Contact List") of all parties introduced to the Company by Entoro, which list shall be binding unless the Company provides written objection within 10 days of receipt.

(c)  To the degree that Entoro Introduced Parties opt to invest in or lend to Company incrementally, this Agreement contemplates incremental Success Fees for subsequent capitalization installments from Parties listed in Schedule B for three years beyond the date of any initial capitalization.

(d)  No expiration or termination of this Agreement shall affect (i) the Company's obligations as set forth in this Agreement, (ii) Entoro's right to receive, and the Company's obligation to pay, any and all fees and expenses due, whether or not any Transaction is consummated before or after the termination of this Agreement; (iii) any confidentiality or non-circumvention provisions contained in this or any other Agreement executed by the

Entoro Referral Fee Agreement                                                                                          2

parties; and (iv) the provisions of this Agreement relating to choice of Law, waiver of jury trial, and jurisdiction.

### Choice of Law; Waiver of Jury Trial; Jurisdiction

THIS AGREEMENT SHALL BE DEEMED TO BE MADE IN TEXAS. ALL DISPUTES ARISING OUT OF OR RELATED TO THIS AGREEMENT SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF TEXAS WITHOUT REGARD TO PRINCIPLES OF CONFLICTS OF LAWS. EACH OF THE PARTIES (ON ITS OWN BEHALF AND, TO THE EXTENT PERMITTED BY APPLICABLE LAW, ON BEHALF OF ITS EQUITY HOLDERS) IRREVOCABLY WAIVES ANY RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) RELATED TO OR ARISING OUT OF THE ENGAGEMENT OF ENTORO PURSUANT TO, OR THE PERFORMANCE BY ENTORO OF THE SERVICES CONTEMPLATED BY, THIS AGREEMENT. REGARDLESS OF ANY PRESENT OR FUTURE DOMICILE OR PRINCIPAL PLACE OF BUSINESS OF THE PARTIES HERETO, EACH PARTY HEREBY IRREVOCABLY CONSENTS AND AGREES THAT ANY CLAIMS OR DISPUTES BETWEEN OR AMONG THE PARTIES HERETO ARISING OUT OF OR RELATED TO THIS AGREEMENT SHALL BE BROUGHT AND MAINTAINED IN ANY FEDERAL OR STATE COURT OF COMPETENT JURISDICTION SITTING IN THE COUNTY OF HARRIS IN THE STATE OF TEXAS OR IN THE UNITED STATES DISTRICT COURT FOR THE HARRIS COUNTY, TEXAS, WHICH COURTS SHALL HAVE EXCLUSIVE JURISDICTION OVER THE ADJUDICATION OF SUCH MATTERS, AND AGREES TO VENUE IN SUCH COURTS; EACH PARTY FURTHER IRREVOCABLY SUBMITS AND CONSENTS IN ADVANCE TO SUCH JURISDICTION AND VENUE IN ANY ACTION OR SUIT COMMENCED IN ANY SUCH COURTS, AND HEREBY WAIVES IN ALL RESPECTS ANY CLAIM OR OBJECTION WHICH IT MAY HAVE BASED UPON LACK OF PERSONAL JURISDICTION, IMPROPER VENUE OR *FORUM NON CONVENIENS*. THE COMPANY AGREES THAT A FINAL JUDGMENT IN ANY SUCH ACTION, SUIT OR CLAIM BROUGHT IN ANY OF THE COURTS REFERRED TO ABOVE SHALL BE CONCLUSIVE AND BINDING UPON IT AND MAY BE ENFORCED IN ANY OTHER COURTS HAVING JURISDICTION OVER IT BY SUIT UPON SUCH JUDGMENT.

Entoro Referral Fee Agreement                                                                                          3

Very truly yours,

ENTORO SECURITIES LLC


By: _____
    James C. Row
    Authorized Representative


Accepted and agreed to as of _____(date)



By: _____
    Name:
    Title:

Entoro Referral Fee Agreement          4

CONFIDENTIAL          POST_23-cv-1535_0009626

## EXHIBIT A

### Indemnity and Contribution Agreement

(a) The Company agrees to indemnify and hold harmless Entoro and its affiliates (and their respective members, shareholders, control persons, directors, officers, employees and agents) (collectively, the "Entoro Indemnified Parties") to the full extent allowed by law against any and all claims, losses, damages, liabilities, costs and expenses as incurred (including all reasonable fees and disbursements of legal counsel and all reasonable travel and other out-of-pocket expenses incurred in connection with investigation of, preparation for, and defense of, any pending or threatened claim and any litigation or other proceeding arising therefrom (collectively, "Losses"), whether or not in connection with pending or threatened litigation arising out of or related to any actual or proposed Transaction or Entoro's engagement hereunder; *provided, however,* there shall be excluded from such indemnification any such Losses that arise primarily out of or are based primarily upon any action or failure to act by Entoro (other than an action or failure to act undertaken at the request or with the consent of the Company), that is found in a final judicial determination (or a settlement tantamount thereto) to constitute bad faith, willful misconduct or gross negligence on the part of Entoro.

(b) If the foregoing indemnity is unavailable or insufficient to hold any of the Entoro Indemnified Parties harmless, then the Company shall contribute to amounts paid or payable by the Entoro Indemnified Parties in respect of such Losses in such proportion as appropriately reflects the relative benefits received by, and, if applicable law does not permit allocation solely on the basis of benefits, relative fault of, the Company and the Entoro Indemnified Parties in connection with the matters as to which such Losses relate and other equitable considerations, subject to the limitation that in any event the aggregate contributions of the Entoro Indemnified Parties in respect of such Losses will not exceed the amount of fees and expenses actually received by Entoro and its affiliates pursuant to this Agreement up to that time. For purposes hereof, relative benefits to the Company and Entoro shall be deemed to be in the same proportion that the total value received or contemplated to be received by the Company and/or its security holders in connection with any transaction bears to the fees paid to Entoro and its affiliates pursuant to this Agreement.

(c) The Company will not, without the prior written consent of Entoro, settle any litigation relating to Entoro's engagement hereunder unless such settlement includes an express, complete, and unconditional release of Entoro and the Entoro Indemnified Parties with respect to all claims asserted in such litigation or relating to Entoro's engagement hereunder; such release to be set forth in an instrument signed by all parties to such settlement.

Entoro Referral Fee Agreement                                                                 5

CONFIDENTIAL

## SCHEDULE B

1.  Anton Postolnikov and affiliated entities

Counterparts. This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Counterparts may be delivered via facsimile, electronic mail (including pdf or any electronic signature complying with the U.S. federal ESIGN Act of 2000, e.g., www.docusign.com) or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

6

POST_23-cv-1535_0009628