**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

TRUMP MEDIA & TECHNOLOGY GROUP CORP.,

    Plaintiff,

v.

                                           Case No: 8:23-cv-01535-TPB-AAS

WP COMPANY LLC d/b/a The Washington Post,

    Defendant.

_____/

**DEFENDANT WP CO. LLC d/b/a THE WASHINGTON POST'S
UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL
UNREDACTED MOTIONS TO EXCLUDE THE EXPERT TESTIMONY
OF MR. SOMAL AND DR. BHAGAT AND APPENDED EXHIBITS
<u>PURSUANT TO ECF NO. 91 WITH LEGAL MEMORANDUM</u>**

Pursuant to Local Rule 1.11 and the Stipulated Protective Order, ECF No. 91, Defendant WP Company LLC d/b/a The Washington Post ("The Post"), by and through its undersigned counsel, hereby moves for leave to file under seal The Post's unredacted motions to exclude the expert testimony of Mr. Sameer Somal and Dr. Sanjai Bhagat and certain exhibits appended to those motions.

### I.    Description of Documents to be Sealed

The Post seeks leave to file under seal the following items attached hereto:

- An unredacted version of its Motion to Exclude the Expert Testimony of Mr. Sameer Somal that contains testimony of witnesses and materials designated as confidential under the Stipulated Protective Order because of document designations by

Plaintiff Trump Media & Technology Group Corp. ("TMTG"), ECF No. 91;

- The Expert Report of Mr. Sameer Somal and Dr. Sanjai Bhagat, which TMTG designates as confidential in full under the Stipulated Protective Order (Ex. 1 to Mot. to Exclude Mr. Somal's Testimony and Ex. 1 to Mot. to Exclude Dr. Bhagat's Testimony);

- The transcript of the deposition of Mr. Somal, which is designated as confidential under the Stipulated Protective Order (Ex. 2 to Mot. to Exclude Mr. Somal's Testimony and Ex. 3 to Mot. to Exclude Dr. Bhagat's Testimony);

- The transcript of the deposition of Dr. Bhagat, which is designated as confidential under the Stipulated Protective Order (Ex. 3 to Mot. to Exclude Mr. Somal's Testimony and Ex. 2 to Mot. to Exclude Dr. Bhagat's Testimony);

- Appendix F to the Expert Report of Mr. Somal and Dr. Bhagat, which TMTG designates as confidential under the Stipulated Protective Order (Ex. 4 to Mot. to Exclude Mr. Somal's Testimony);

- Appendix D to the Expert Report of Mr. Sameer Somal and Dr. Bhagat, which TMTG designates as confidential under the Stipulated Protective Order (Ex. 6 to Mot. to Exclude Mr. Somal's Testimony);

2

- An unredacted version of its Motion to Exclude the Expert Testimony of Dr. Sanjai Bhagat that contains testimony of witnesses and materials designated as confidential under the Stipulated Protective Order;

- Appendix E1 to the Expert Report of Mr. Sameer Somal and Dr. Bhagat, which TMTG designates as confidential under the Stipulated Protective Order (Ex. 4 to Mot. to Exclude Dr. Bhagat's Testimony);

- The replacement version of Appendix E to the Expert Report of Mr. Sameer Somal and Dr. Bhagat, which TMTG designates as confidential under the Stipulated Protective Order (Ex. 5 to Mot. to Exclude Dr. Bhagat's Testimony);

- The Expert Report of Dr. Shane Johnson, which The Post designates as confidential under the Stipulated Protective Order because it discusses materials that TMTG has designated as confidential (Ex. 7 to Mot. to Exclude Dr. Bhagat's Testimony); and

- The letter from Nicholas G. Gamse to Alejandro Brito *et al.* dated November 26, 2025, which The Post designates as confidential under the Stipulated Protective Order because it discusses materials that TMTG has designated as confidential (Ex. 8 to Mot. to Exclude Dr. Bhagat's Testimony).

## II.    Reason That Filing Each Item is Necessary

Filing the unredacted material is necessary because the Court must review The Post's references to relevant deposition testimony, expert reports, appendices, and other materials to resolve The Post's motions to exclude the expert testimony of TMTG's two disclosed expert witnesses.

## III.    Reason that Sealing Each Item is Necessary

The Post asserts no basis for sealing beyond TMTG's designation of material as confidential under the Stipulated Protective Order and takes no position on the propriety of any such designations. *See* ECF No. 91. The Post has designated Dr. Johnson's expert report as confidential under the Stipulated Protective Order only because, in his report, Dr. Johnson refers to and discusses material that TMTG has designated as confidential. The Post has designated its November 26, 2025 correspondence with TMTG as confidential under the Stipulated Protective Order only because, in that correspondence, The Post refers to and discusses material that TMTG has designated as confidential.

The Post has minimized this request because it will publicly file redacted versions of its motions and seeks to seal only those portions of the filings and accompanying exhibits that disclose confidential information. No less restrictive alternative would comply with the terms of the protective order based on TMTG's designations.

4

## IV.   Statement of Proposed Duration/Retrieval of Sealed Items

In accordance with Local Rule 1.11(e), The Post proposes that the seal remain in place for ninety (90) days after the case is closed and all appeals are exhausted, and shall be subject to renewal by appropriate motion.

The motions and accompanying exhibits have been filed as electronic copies, and thus, there are no tangible items the parties wish to be sealed.

## V.   Legal Memorandum

In considering a motion to seal, the Court must balance the parties' interests in keeping information confidential against the public interest in accessing court documents. *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). "The common law right of access may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citation omitted). When determining whether good cause exists, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.*

The Post asserts no basis for sealing besides TMTG's designation of materials as confidential under the Stipulated Protective Order and takes no position on the propriety of any of TMTG's designations.

## VI.    Conclusion

For the foregoing reasons, The Post respectfully requests that the Court grant leave to file under seal The Post's motions to exclude the expert testimony of Mr. Sameer Somal and Dr. Sanjai Bhagat and certain exhibits appended to those motions.

Dated: April 24, 2026                              Respectfully submitted,

THOMAS & LoCICERO PL                     WILLIAMS & CONNOLLY LLP

*/s/ Carol Jean LoCicero*                          */s/ Thomas G. Hentoff*
Carol Jean LoCicero (FBN 603030)      Thomas G. Hentoff (*pro hac vice*)
Linda R. Norbut (FBN 1011401)           Nicholas G. Gamse (*pro hac vice*)
601 South Boulevard                            Claire R. Cahill (*pro hac vice*)
Tampa, FL  33606                                 Samuel M. Lazerwitz (*pro hac vice*)
Telephone: (813) 984-3060                    Isabelle Jensen Beaton (*pro hac vice*)
Facsimile: (813) 984-3070                     Catherine A. Reid (*pro hac vice*)
clocicero@tlolawfirm.com                      680 Maine Avenue, S.W.
lnorbut@tlolawfirm.com                        Washington, DC  20024
                                                         Telephone: (202) 434-5000
*Counsel for Defendant*                        Facsimile: (202) 480-8371
                                                         thentoff@wc.com
                                                         ngamse@wc.com
                                                         ccahill@wc.com
                                                         slazerwitz@wc.com
                                                         ibeaton@wc.com
                                                         creid@wc.com

                                                         *Counsel for Defendant*

6

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that counsel for The Post conferred through email on April 23, 2026 with counsel for Plaintiff concerning the relief requested herein, who indicated that Plaintiff consents to the relief sought.

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2026, I electronically filed a true and correct copy of the foregoing motion with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the email address of all counsel of record.

*/s/ Carol Jean LoCicero*

Carol Jean LoCicero
Counsel for Defendant