**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TRUMP MEDIA & TECHNOLOGY GROUP CORP.,

    Plaintiff,

v.

WP COMPANY LLC d/b/a The Washington Post,

    Defendant.

_____/

Case No: 8:23-cv-01535-TPB-AAS

**DEFENDANT WP CO. LLC'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL UNREDACTED OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DR. SHANE JOHNSON AND APPENDED EXHIBITS <u>PURSUANT TO ECF NO. 91 WITH LEGAL MEMORANDUM</u>**

Pursuant to Local Rule 1.11 and the Stipulated Protective Order, ECF No. 91, Defendant WP Company LLC d/b/a The Washington Post ("The Post"), by and through its undersigned counsel, hereby moves for leave to file under seal The Post's unredacted opposition to Plaintiff Trump Media and Technology Group Corp.'s ("TMTG") motion to exclude the expert testimony of Dr. Shane Johnson and certain exhibits appended to the opposition.

### I.    Description of Documents to be Sealed

The Post seeks leave to file under seal the following items attached hereto:

- An unredacted version of its Opposition to TMTG's Motion to Exclude the Expert Testimony of Dr. Shane Johnson that contains testimony of witnesses and materials designated as confidential

under the Stipulated Protective Order because of document designations by TMTG, ECF No. 91;

- The Expert Report of Dr. Shane Johnson, which The Post designates as confidential under the Stipulated Protective Order because it discusses materials that TMTG has designated as confidential (Ex. 1 to Opp'n to TMTG's Mot. to Exclude Dr. Johnson's Testimony);

- The transcript of the deposition of Dr. Johnson, which is designated as confidential under the Stipulated Protective Order (Ex. 2 to Opp'n to TMTG's Mot. to Exclude Dr. Johnson's Testimony);

- The Expert Report of Mr. Sameer Somal and Dr. Sanjai Bhagat, which is designated as confidential in full by TMTG under the Stipulated Protective Order (Ex. 3 to Opp'n to TMTG's Mot. to Exclude Dr. Johnson's Testimony);

- The transcript of the deposition of Dr. Sanjai Bhagat, which is designated as confidential under the Stipulated Protective Order (Ex. 4 to Opp'n to TMTG's Mot. to Exclude Dr. Johnson's Testimony);

- The transcript of the deposition of Mr. Sameer Somal, which is designated as confidential under the Stipulated Protective Order

2

(Ex. 5 to Opp'n to TMTG's Mot. to Exclude Dr. Johnson's Testimony);

- Appendix E1 to the Expert Report of Mr. Sameer Somal and Dr. Sanjai Bhagat, which is designated as confidential in full by TMTG under the Stipulated Protective Order (Ex. 6 to Opp'n to TMTG's Mot. to Exclude Dr. Johnson's Testimony); and

- Excerpts from the transcript of the deposition of Mr. Phillip Juhan, which is designated as confidential under the Stipulated Protective Order (Ex. 8 to Opp'n to TMTG's Mot. to Exclude Dr. Johnson's Testimony).

## II.   Reason That Filing Each Item is Necessary

Filing the unredacted material is necessary because the Court must review The Post's references to relevant deposition testimony, expert reports, appendices, and other materials to resolve TMTG's motion to exclude the expert testimony of Dr. Johnson.

## III.   Reason that Sealing Each Item is Necessary

The Post asserts no basis for sealing beyond TMTG's designation of material as confidential under the Stipulated Protective Order and takes no position on the propriety of any such designations. *See* ECF No. 91. The Post has designated Dr. Johnson's expert report as confidential under the Stipulated Protective Order only because, in his report, Dr. Johnson refers to and discusses material that TMTG has designated as confidential. During his deposition, Dr. Johnson also

3

refers to and discusses material that TMTG has designated as confidential, chiefly Mr. Somal and Dr. Bhagat's expert report.

The Post has minimized this request because it will publicly file redacted versions of its legal memorandum in opposition to TMTG's motion and seeks to seal only those portions of the filings and accompanying exhibits that disclose confidential information.  No less restrictive alternative would comply with the terms of the protective order based on TMTG's designations.

## IV.  Statement of Proposed Duration/Retrieval of Sealed Items

In accordance with Local Rule 1.11(e), The Post proposes that the seal remain in place for ninety (90) days after the case is closed and all appeals are exhausted, and shall be subject to renewal by appropriate motion.

The legal memorandum and accompanying exhibits have been filed as electronic copies, and thus, there are no tangible items the parties wish to be sealed.

## V.  Legal Memorandum

In considering a motion to seal, the Court must balance the parties' interests in keeping information confidential against the public interest in accessing court documents. *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001).  "The common law right of access may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citation

omitted).  When determining whether good cause exists, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.*

The Post asserts no basis for sealing besides TMTG's designation of materials as confidential under the Stipulated Protective Order and takes no position on the propriety of any of TMTG's designations.

## VI.    Conclusion

For the foregoing reasons, The Post respectfully requests that the Court grant leave to file under seal The Post's opposition to TMTG's motion to exclude the expert testimony of Dr. Johnson and certain appended exhibits.

Dated: May 15, 2026

THOMAS & LoCICERO PL

*/s/ Carol Jean LoCicero*
Carol Jean LoCicero (FBN 603030)
Linda R. Norbut (FBN 1011401)
601 South Boulevard
Tampa, FL  33606
Telephone: (813) 984-3060
Facsimile: (813) 984-3070
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com

*Counsel for Defendant*

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

*/s/ Thomas G. Hentoff*
Thomas G. Hentoff (*pro hac vice*)
Nicholas G. Gamse (*pro hac vice*)
Claire R. Cahill (*pro hac vice*)
Samuel M. Lazerwitz (*pro hac vice*)
Isabelle Jensen Beaton (*pro hac vice*)
Catherine A. Reid (*pro hac vice*)
680 Maine Avenue, S.W.
Washington, DC  20024
Telephone: (202) 434-5000
Facsimile: (202) 480-8371
thentoff@wc.com
ngamse@wc.com
ccahill@wc.com
slazerwitz@wc.com
ibeaton@wc.com
creid@wc.com

*Counsel for Defendant*

6

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that counsel for The Post conferred through email on May 13, 2026 with counsel for Plaintiff concerning the relief requested herein, who indicated that Plaintiff consents to the relief sought.

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2026, I electronically filed a true and correct copy of the foregoing motion with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the email address of all counsel of record.

/s/ *Carol Jean LoCicero*

Carol Jean LoCicero
Counsel for Defendant