**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TRUMP MEDIA & TECHNOLOGY
GROUP CORP.,

     Plaintiff,

v.                              Case No. 8:23-cv-1535-TPB-AAS

WP COMPANY LLC,

     Defendant.

_____/

## ORDER DENYING MOTIONS TO SEAL

This matter is before the Court on the following motions: (1) "Plaintiff's Unopposed Motion to Seal Plaintiff's Motion for Partial Summary Judgment" (Docs. 218, 225); (2) "Defendant WP Co. LLC d/b/a The Washington Post's Unopposed Motion for Leave to File Under Seal Unredacted Opposition to Plaintiff's Summary Judgment Motion and Appended Exhibits Pursuant to ECF No. 91 with Legal Memorandum" (Doc. 235);  (3) "Plaintiff's Unopposed Motion to Seal Response to Defendant's Motion for Summary Judgment"  (Doc. 236); and (4) "Plaintiff's Unopposed Motion to Seal Reply in Support of Plaintiff's Motion for Partial Summary Judgment" (Docs. 248).

Based upon review of the motions, the court file, and the record, the Court finds as follows:

## Background

Plaintiff Trump Media Technology Group, Inc. ("TMTG") brought this lawsuit for defamation against WP Company LLC (the "Post") arising from an article titled "Trust linked to porn-friendly bank could gain a stake in Trump's Truth Social," published by the Post on May 13, 2023. The article described events related to a contemplated merger between TMTG and Digital World Acquisition Corp. ("DWAC") as part of taking TMTG's "Truth Social" business public. According to the article, in late 2021, Patrick Orlando, CEO of DWAC, arranged for $8 million in loans to TMTG from an entity known as "ES Family Trust" as part of a deal in which ES Family Trust would acquire an equity interest in the public entity to be formed from the merger. The article reported that some of the funds were wired by another entity, Paxum Bank, which had ties to ES Family Trust and to the adult film industry.

The article also reported that TMTG paid a finder's fee of $240,000 in connection with the loans to Entoro Securities, a Texas entity of which Orlando was a managing director. The article stated that neither the loan-for-stock deal nor the payment of the finder's fee had been disclosed to shareholders of DWAC or the SEC, and presented the opinion of New York University law professor Michael Ohlrogge that these matters could affect the value of the shares and should have been disclosed.

TMTG filed suit against the Post for defamation and conspiracy in state court in Sarasota County, Florida, and the Post removed the action to this Court.

TMTG's lawsuit originally alleged that six different statements in the article relating to the loan and the finder's fee were false and defamatory.  As a result of previous orders of the Court, the case has been narrowed to address only two of the statements in the article: (1) "The companies also have not disclosed to shareholders or the SEC that Trump Media paid a $240,000 finder's fee for helping to arrange the $8 million loan deal with ES Family Trust;" and (2) "The recipient of that fee was an outside brokerage associated with Patrick Orlando, then Digital World's CEO."

A jury trial in this case is set for the trial term beginning August 3, 2026, with a pretrial conference scheduled for July 13, 2026.  The deadline for filing summary judgment motions was April 24, 2026.  The parties timely filed cross-motions for summary judgment and voluminous supporting materials but simultaneously moved the Court to seal most of these filings in their entirety.  Pursuant to Local Rule 1.11(b)(8), the motions to seal were accompanied by the items for which sealing was requested, and those materials remain sealed pending the Court's resolution of the motions to seal.

## Legal Standard

Filing information under seal is disfavored.  *See, e.g.*, *Verma v. Mem. Healthcare Group, Inc.*, No. 3:16-cv-427-J-225JRK, 2017 WL 8315889, at *1 (M.D. Fla. May 2, 2017).  Because there is a presumption in favor of public access to court proceedings, Local Rule 1.11(a) expressly limits a party's ability to file information under seal to "compelling" circumstances:

> Sealing a docketed item . . . used in the adjudication or other resolution of a claim or defense requires a reason sufficiently compelling to overcome the presumption of public access.  Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation.

As stated in the Local Rule, the fact that documents have been designated as confidential under a confidentiality order or protective order is insufficient to support filing documents under seal when they are submitted in connection with substantive motions (including summary judgment and *Daubert* motions).  *See Toms v. State Farm Life Ins. Co.*, No. 8:21-CV-736-KKM-JSS, 2022 WL 2953523, at *3 (M.D. Fla. July 26, 2022); *Regions Bank v. Kaplan*, No 8:16-cv-2867-T-23AAS, 2018 WL 7982868, at *1-2 (M.D. Fla. Jan. 10, 2018).

Instead, the presumption of public access may only be overcome by a showing of good cause.  *See Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In determining whether good cause exists, courts balance, among other factors, the potential for impairing court functions or harming legitimate privacy interests, the degree of and likelihood of injury if the information is made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.  *Id.*

"The burden to demonstrate that sealing is warranted rests with the proponent, requiring that it 'describe the alleged harm it will suffer from any disclosure with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"  *Rav Bahamas, Ltd. v. Genting*

*Americas, Inc.*, No. 24-CV-23874, 2026 WL 194459, at *8 (S.D. Fla. Jan. 26, 2026)

(quoting *PayCargo, LLC v. CargoSprint LLC*, No. 19-CV-22995, 2021 WL 2072446,

at *2 (S.D. Fla. May 24, 2021)).

<u>Analysis</u>

TMTG seeks to file under seal the entirety of its motion for partial summary

judgment, its reply memorandum in support of summary judgment, its response to

the Post's motion for summary judgment, and various exhibits to these filings.  In

support, TMTG offers only a conclusory assertion that the material it seeks to seal

has been designated as confidential under a confidentiality order:

> Sealing is necessary because public disclosure of the unredacted
> material would reveal allegedly confidential and privileged
> information, including deposition testimony, internal business
> information, and non-party communications, the parties have
> designated as such under the Stipulated Protective Order [DE 91].
> Public filing would undermine the confidentiality interests preserved
> by the Stipulated Protective Order and could disclose information the
> parties and affected non-parties have treated as confidential during
> discovery.

(Doc. 218 at 2).  The Post, for its part, seeks to file its response to TMTG's motion

for partial summary judgment under seal.  The Post, however, states that it does so

only because the response includes or references information that TMTG or non-

party Patrick Orlando designated as confidential under the confidentiality order.

*See* (Doc. 235 at 2).  The Post's motion does not request that any material be sealed

on the ground that it reflects the Post's confidential information.  Nor has the Post

filed a memorandum supporting any of TMTG's motions to seal on the ground that

they involve the Post's confidential information.  *See* Local Rule 1.11(c) ("Within

fourteen days after service or other delivery of a motion to seal, any party or non-party interested in establishing or maintaining the seal may file a memorandum supporting the seal.")

In short, the only reason offered by either side for sealing any of these materials is that an interested party designated the materials as confidential under an agreed confidentiality order – a reason that the Local Rules and case law expressly say is insufficient to support sealing. The motions offer no argument as to why any particular piece of information or even any category of information presents a risk of harm to the interested parties that outweighs the public's right of access or is otherwise appropriate for sealing under the good cause standard.

Additionally, the Court has reviewed much of the material for purposes of determining the pending summary judgment motions. From that review, it appears that little of the material, if any, is the type of information for which a good faith argument for sealing could even be offered. This may explain why the parties do not try to offer one. Highlighting the absurdity of the sealing requests, one of the exhibits TMTG seeks to seal is the Post's 2023 article, which was widely disseminated to the public when it was published and has been on file in the public docket in this case since July 2023.

Accordingly, the motions to seal are denied. Local Rule 1.11(d) provides that an order denying a motion to seal is automatically stayed for fourteen days to permit "a motion to reconsider, for review, to withdraw the item, or for other relief." Local Rule 1.01(b), however, allows the Court to suspend the application of this

rule.  The Court finds that in the interests of justice, efficient case management, and the public's right of access, the rule regarding the automatic 14-day stay should be partially suspended here.  Accordingly, the Court will delay unsealing of the materials filed with the motions only until June 23, 2026, when the Court intends to direct the Clerk to unseal these materials.

The parties are directed to file any motions for reconsideration or other relief by 5 p.m. on June 22, 2026.  However, the parties should bear in mind the case law in this District and Circuit on the limited scope for motions to reconsider.  This is not an opportunity for a general "do-over" of the motions to seal.  The type of request with the best chance of being granted would be a request for targeted redaction of very limited and specifically identified information, such as information of the type protected by Fed. R. Civ. P. 5.2 or other discrete items of information for which the moving party can present a good faith argument for redaction under the standards set forth above.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1.  "Plaintiff's Unopposed Motion to Seal Plaintiff's Motion for Partial Summary Judgment" (Docs. 218; 225) is **DENIED**.

2.  "Defendant WP Co. LLC d/b/a The Washington Post's Unopposed Motion for Leave to File Under Seal Unredacted Opposition to Plaintiff's Summary Judgment Motion and Appended Exhibits Pursuant to ECF No. 91 with Legal Memorandum" (Doc. 235) is **DENIED**.

3. "Plaintiff's Unopposed Motion to Seal Response to Defendant's Motion for Summary Judgment" (Doc. 236) is **DENIED**.

4. "Plaintiff's Unopposed Motion to Seal Reply in Support of Plaintiff's Motion for Partial Summary Judgment" (Docs. 248) is **DENIED**.

5. The Clerk is directed to maintain the filings addressed in this Order under seal until further order of the Court. The Court plans to order the materials at issue unsealed on June 23, 2026.

6. Any motions for reconsideration or other relief must be filed before 5 p.m. on June 22, 2026.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of June, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE