**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

| | |
|---|---|
| TRUMP MEDIA & TECHNOLOGY GROUP CORP., | Case No. 8:23-cv-1535-TPB-AAS |
| Plaintiff, | |
| v. | |
| WP COMPANY, LLC, d/b/a The Washington Post, | |
| Defendant. | |

**PLAINTIFF'S *UNOPPOSED* MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO SEAL AS TO EXHIBITS P AND Q, AND, IN THE ALTERNATIVE, AMENDED MOTION TO SEAL THROUGH TARGETED REDACTION OF EXHIBITS P AND Q**

Plaintiff, TRUMP MEDIA & TECHNOLOGY GROUP CORP. ("TMTG"), by and through its undersigned counsel and pursuant to Local Rules 1.11 and 3.01, and the Court's Order dated June 16, 2026 (ECF No. 251), respectfully moves the Court to reconsider its denial of Defendants' motion to seal as to two exhibits—Exhibits P and Q to Defendant's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment—or, alternatively, for leave to file those exhibits with targeted redactions. In support, TMTG states as follows:

**INTRODUCTION**

The Court denied the parties' prior motions to seal because the parties relied on confidentiality designations rather than a particularized showing of harm. ECF

No. 251 at 6. The Court also explained that the request most likely to be granted would be one for "targeted redaction of very limited and specifically identified information," including information protected by Fed. R. Civ. P. 5.2 or other discrete information supported by a good faith redaction argument. *Id.* at 7.

This motion is limited to that relief. TMTG seeks to redact only two categories of information: (1) personal identifying and other sensitive personal information in Exhibit P; and (2) unrelated internal accounting information in Exhibits P and Q. TMTG does not seek to redact any Entoro Securities, ES Family Trust, ES note, loan, or finder's fee material in either exhibit.

Exhibit P is a long text-message thread between Will Wilkerson and Mr. Juhan. Much of the thread consists of routine operational chatter, such as scheduling, vendor-payment logistics, Zoom invitations, a sick-day exchange, and restaurant links. TMTG does not ask to seal that thread as a whole. Instead, TMTG seeks targeted redaction of discrete personal identifiers and sensitive personal information, including: a non-party's COVID-related medical information (p. 18); full bank-account and routing numbers (pp. 35-36); an EIN (p. 36); and private email addresses and telephone numbers where they appear. Proposed redactions to Exhibit P are attached as **Exhibit 1**.

Exhibit Q is TMTG's internal "Transaction Report" for its prepaid-expense account. TMTG seeks to redact only unrelated vendor, invoice, ledger, journal entry,

2

and account balance information. It will leave public every entry relating to Entoro

Securities, the $240,000 referral or finder's fee, and related audit adjustments.

Proposed redactions to Exhibit Q are attached as **Exhibit 2**.

## ARGUMENT

### I.    Legal Standard

The public's common-law right of access to judicial records is not absolute;

it "may be overcome by a showing of good cause." *Romero v. Drummond Co.*, 480

F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 597–99 (1978). The Eleventh Circuit has recognized that "confidential"

commercial and financial information may, on a proper showing, be shielded from

public disclosure even where the materials are attached to a merits motion. *Chicago

Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311, 1313 (11th Cir.

2001). And courts in this District routinely hold that the touchstone of the analysis

is whether the specific information at issue is *relevant* to the matters the court must

adjudicate: where information "plays no role in the adjudication of the merits," the

public's interest in access to it is correspondingly diminished, and good cause to

protect it is more readily shown. Equally important, the Court's own Order

recognizes that *targeted redaction* is the least onerous alternative the law favors.

ECF No. 251 at 7. The availability of redaction as a narrowly tailored substitute for

**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

wholesale sealing is itself a *Romero* factor weighing in favor of the limited relief sought here.

## II.  Exhibit P Should Be Redacted For Discrete Personal Identifiers and Sensitive Personal Information.

The proposed redactions to Exhibit P are narrow and category specific. They are not based on a broad assertion that the entire Wilkerson-Juhan thread is confidential business information. Most of the thread is mundane and need not be sealed. The specific information TMTG seeks to redact, however, falls within the type of information the Court expressly identified as most appropriate for targeted redaction.

*First*, Exhibit P contains personal identifiers and financial account information. The full bank account and routing numbers, and the EIN, are the types of identifiers that Rule 5.2 protects or that present comparable privacy and misuse concerns. Public disclosure would serve no role in resolving whether TMTG paid a $240,000 finder's fee, whether that fee was disclosed, or who received it.

*Second*, Exhibit P contains sensitive non-party personal information, including a non-party's COVID-related medical information and private contact information. Disclosure of that material would invade legitimate privacy interests of non-parties and would not advance public understanding of the summary judgment issues. The requested redactions therefore satisfy the good cause standard.

**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

TMTG will not redact any text in Exhibit P concerning Entoro Securities, ES Family Trust, the ES note, the $8 million loan, the $240,000 finder's fee, or the identity of the alleged recipient of that fee. Those topics bear on the merits and will remain publicly available.

## III.    Exhibit Q Should Be Redacted For Unrelated Internal Accounting Information.

Exhibit Q is a granular internal accounting report covering TMTG's prepaid-expense account from September 2021 through June 2024. The relevant entries are those concerning the Entoro Securities payment and related audit adjustments. TMTG does not seek to redact those entries.

The remaining entries concern unrelated vendors, law firms, consultants, invoice numbers, journal entry codes, running balances, and accounting treatment. They do not bear on the two statements remaining in this case: whether TMTG paid a $240,000 finder's fee in connection with the ES Family Trust loan and whether the recipient was an outside brokerage associated with Patrick Orlando.

Public disclosure of the unrelated ledger information would expose non-public vendor-payment and accounting details without helping the public evaluate the Court's merits rulings. That limited commercial and financial privacy interest outweighs the minimal public interest in unrelated ledger entries, particularly where the relevant Entoro and finder's fee entries will remain unredacted

BRITO, PLLC
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## IV.   Local Rule 1.11(B) Showing.

**Identification and description of items (LR 1.11(b)(2)):** Exhibit P is a Wilkerson-Juhan text-message thread. TMTG seeks redaction only of discrete personal identifiers and sensitive personal information, including the items identified above. Exhibit Q is an internal Transaction Report for TMTG's prepaid-expense account. TMTG seeks redaction only of unrelated internal accounting entries.

**Reason filing is necessary (LR 1.11(b)(3)):** The exhibits were filed in connection with the parties' summary judgment briefing. The unredacted portions are relevant to the remaining issues and should remain available to the Court and the public.

**Reason redaction is necessary (LR 1.11(b)(3)):** Redaction is necessary to protect non-party medical and contact information, and unrelated internal accounting information that has no bearing on the statements at issue.

**Why no less restrictive means is adequate (LR 1.11(b)(3)):** TMTG seeks redaction, not sealing. Redaction is the least restrictive means because it protects only discrete information while leaving the rest of Exhibits P and Q, including the merits-related material, public.

**Proposed duration (LR 1.11(b)(5)):** TMTG requests that the redactions remain in place for ninety (90) days after the case is closed and all appeals are

**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

exhausted, subject to renewal under Local Rule 1.11(e).

**Proposed duration (LR 1.11(b)(7)):** The following non-parties may have an interest in establishing or maintaining the requested redactions and are being served with this motion: James Row (c/o Maura Burke, Pierson Ferdinand LLP); Philip S. Brewster, Esq. (Brewster Law Firm LLC); Will Wilkerson (c/o Philip Brewster, Patrick M. Mincey, and Stephen J. Bell); Patrick M. Mincey, Esq. and Stephen J. Bell, Esq. (Mincey Bell); and Patrick Orlando (c/o Adam L. Schwartz, Esq., Vedder Price).

## CONCLUSION

For the foregoing reasons, TMTG respectfully requests that the Court reconsider its June 16, 2026 Order as applied to Exhibits P and Q, or alternatively grant TMTG leave to file Exhibits P and Q in redacted form as proposed in **Exhibits 1 and 2**, and grant any further relief the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that counsel conferred with counsel for Defendant, Nicholas Gamse, regarding the relief requested herein. Counsel for Defendant indicated that Defendant does not oppose the relief sought.

**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Dated: June 22, 2026

Respectfully submitted,

**BRITO, PLLC**
*Counsel for Plaintiff*
2121 Ponce de Leon Boulevard
Suite 650
Miami, FL 33134
Office: 305-614-4071
Fax: 305-440-4385

By: /s/ *Alejandro Brito*
    **ALEJANDRO BRITO**
    Florida Bar No. 098442
    Primary: abrito@britopllc.com
    Secondary: apiriou@britopllc.com
    **JALAINE GARCIA**
    Florida Bar No. 58632
    Primary: jgarcia@britopllc.com
    **IAN MICHAEL CORP**
    Florida Bar No. 1010943
    Primary: icorp@britopllc.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed

on June 22, 2026 through the Court's CM/ECF electronic filing system upon:

Carol J. Locicero, Esq.
Linda Riedemann Norbut, Esq.
Thomas & LoCicero, PL
601 South Blvd
Tampa, FL 33606-2629
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com

Thomas G. Hentoff, Esq.
Nicholas G. Gamse, Esq.
Williams & Connolly
680 Maine Avenue S.W.
Washington, DC 20024
thentoff@wc.com
ngamse@wc.com
*Counsel for Defendant*

By: /s/ *Alejandro Brito*

**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071