**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TRUMP MEDIA & TECHNOLOGY
GROUP CORP.,

      Plaintiff,

v.                                                                    Case No. 8:23-cv-1535-TPB-AAS

WP COMPANY LLC,

      Defendant.

                             /

## ORDER GRANTING MOTION FOR RECONSIDERATION IN PART

This matter is before the Court on "Plaintiff's Unopposed Motion for Reconsideration of Order Denying Motion to Seal as to Exhibits P and Q, and, in the Alternative, Amended Motion to Seal through Targeted Redaction of Exhibits P and Q" (Doc. 253).  Based upon review of the motion, the court file, and the record, the motion is granted in part as follows:  the unredacted versions of Exhibits P (Doc. 235-18) and Q (Doc. 235-19) to Defendant's response to Plaintiff's motion for summary judgment (Doc. 235) will remain under seal.  The Court accepts the redacted versions of these exhibits, filed by Plaintiff  in the public record (Docs. 253-1; 253-2), as Exhibits P and Q to Defendant's response to Plaintiff's summary judgment motion.

While the Court has granted Plaintiff's motion on a very limited basis, the parties should not expect the Court to engage in this process with respect to further documents filed in this case.  Filing information under seal is *disfavored*, and the

parties should not assume that motions to seal will be granted simply because they may agree amongst themselves that certain documents should be sealed. The parties therefore should redact information that is truly irrelevant to the resolution of the matter before the Court and/or protected by Fed. R. Civ. P. 5.2 in advance of filing documents with the Court. *See, e.g., Tsareff v. Tiernan & Hoover, Inc.*, No. 1:10-CV-980-SEB-DKL, 2013 WL 12386994, at *2 (S.D. Ind. Feb. 6, 2013) ("If information contained in exhibits is irrelevant to the resolution of the matter before the Court and, therefore, the Court need not consider it in making its determinations, then the information can and should be redacted from the exhibits when filed and the exhibits should not be filed under seal.").

Accordingly, it is **ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff's Unopposed Motion for Reconsideration of Order Denying Motion to Seal as to Exhibits P and Q, and, in the Alternative, Amended Motion to Seal through Targeted Redaction of Exhibits P and Q" (Doc. 253) is **GRANTED IN PART** as set forth herein.

2. The motion is otherwise **DENIED**.

3. Pursuant to the foregoing and the Court's June 16, 2026, Order denying the parties' motions to seal (Doc. 251), the Clerk is **DIRECTED** to

   a. unseal all attachments to the motions at Docs. 218, 225, 236, and 248; and

b.  unseal the attachments to the motion at Doc. 235, ***except for***

Exhibit P (Doc. 235-18) and Exhibit Q (Doc. 235-19), which will

remain under seal.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of

June, 2025.

_____

TOM BARBER
UNITED STATES DISTRICT JUDGE