APPEAL,CLOSED,LEAD,MEDIATION,SL DOC,STAYED,TANGIBLE

# U.S. District Court
# Middle District of Florida (Tampa)
# CIVIL DOCKET FOR CASE #: <u>8:23−cv−01535−TPB−AAS</u>

Trump Media & Technology Group Corp. v. WP Company LLC
Assigned to: Judge Thomas P. Barber
Referred to: Magistrate Judge Amanda Arnold Sansone
Demand: $9,999,000
Member case:
   8:26−mc−00011−TPB−AAS

 Case in other court:  1th Judicial Circuit − Sarasota County, 2023−CA−004552
Cause: 28:1441 Notice of Removal−Libel, Assault, Slander

Date Filed: 07/10/2023
Date Terminated: 07/17/2026
Jury Demand: Both
Nature of Suit: 320 Assault Libel & Slander
Jurisdiction: Diversity

## **Plaintiff**

| | | |
|---|---|---|
| **Trump Media & Technology Group Corp.** | represented by | **Alejandro Brito**<br>Brito, PLLC<br>2121 Ponce de Leon Boulevard<br>Suite 650<br>Coral Gables, FL 33134<br>305−614−4071<br>Fax: 305−440−4385<br>Email: <u>abrito@britopllc.com</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Jesse R. Binnall**<br>Binnall Law Group<br>717 King Street<br>Suite 200<br>Alexandria, VA 22314<br>703−888−1943<br>Email: <u>jesse@binnall.com</u><br>*TERMINATED: 01/13/2026*<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Stephen B. French**<br>Binnall Law Group PLLC<br>717 King Street<br>Suite 200<br>Alexandria, VA 22314<br>703−888−1943<br>Email: <u>stephen@binnall.com</u><br>*TERMINATED: 01/13/2026*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

1

**Ian Corp**
Brito PLLC
2121 Ponce De Leon Blvd.
Suite 650
Coral Gables, FL 33134
305−614−4071
Email: Icorp@britopllc.com
*ATTORNEY TO BE NOTICED*

**Jalaine Garcia**
Brito, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
305−614−4071
Fax: 305−440−4385
Email: jgarcia@britopllc.com
*ATTORNEY TO BE NOTICED*

**Jared Joseph Roberts**
717 King Street
Suite 200
Alexandria, VA 22314
703−888−1943
Email: jared@binnall.com
*TERMINATED: 01/13/2026*
*ATTORNEY TO BE NOTICED*

**Jason R. Kobal**
Kobal Law, P.A.
12169 W Linebaugh Ave
Tampa, FL 33626−1732
813−873−2440
Fax: 813−873−2444
Email: koballaw@yahoo.com
*ATTORNEY TO BE NOTICED*

**Shawn Flynn**
Binnall Law Group
717 King Street
Suite 200
Alexandria, VA 22314
703−888−1943
Email: shawn@binnall.com
*TERMINATED: 05/05/2025*
*ATTORNEY TO BE NOTICED*

**Steven S. Biss**
Law Office of Steven S. Biss
300 West Main Street
Suite 102
Charlottesville, VA 22903

804–501–8272
Email: stevenbiss@earthlink.net
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **WP Company LLC**<br>*doing business as*<br>The Washington Post | represented by | **Thomas G. Hentoff**<br>Williams & Connolly<br>680 Maine Avenue S.W.<br>Washington, DC 20024<br>202–434–5804<br>Email: thentoff@wc.com<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Catherine A. Reid**
Williams & Connolly
680 Maine Ave SW
Washington, DC 20015
202–434–5743
Email: creid@wc.com
*ATTORNEY TO BE NOTICED*

**Claire Rossell Cahill**
Williams & Connolly
680 Maine Avenue SW
Washington, DC 20024
202–434–5000
Email: ccahill@wc.com
*ATTORNEY TO BE NOTICED*

**Isabelle Jensen Beaton**
680 Maine Ave SW
Washington, DC 20024
202–460–0735
Email: ibeaton@wc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Linda Riedemann Norbut**
Thomas & LoCicero PL
601 South Boulevard
Tampa, FL 33606
(813) 984–3060
Fax: (813) 984–3070
Email: lnorbut@tlolawfirm.com
*ATTORNEY TO BE NOTICED*

**Nicholas G. Gamse**
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
202–434–5000
Email: ngamse@wc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Samuel Max Lazerwitz**
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
202–434–5264
Fax: 202–434–5029
Email: slazerwitz@wc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Carol J. Locicero**
Thomas & LoCicero, PL
601 South Blvd
Tampa, FL 33606–2629
813/984–3060
Fax: 813/984–3070
Email: clocicero@tlolawfirm.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Philip S. Brewster**                        represented by **Jason Winter**
950 Main Avenue
Suite 1210
Cleveland, OH 44113
216–675–3300
Email: jason@wintertrimacco.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/29/2026 | 260 | NOTICE OF APPEAL as to 258 Judgment, 255 Order on Motion for Summary Judgment 257 Order by Trump Media & Technology Group Corp.. Filing fee $605, receipt number AFLMDC–25326384. ***Case Stayed. (Brito, Alejandro) (Entered: 07/29/2026) |
| 07/17/2026 | 259 | NOTICE of Local Rule 1.11(e), which provides that, unless an order states another time, a seal under Rule 1.11 expires ninety days after a case is closed and all appeals are exhausted. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non–party must move for relief before the seal expires. (Signed by Deputy Clerk). (RLD) (Entered: 07/17/2026) |
| 07/17/2026 | 258 | |

4

| | | |
|---|---|---|
| | | JUDGMENT in favor of WP Company LLC against Trump Media & Technology Group Corp. ( Signed by Deputy Clerk) (RLD) (Entered: 07/17/2026) |
| 07/16/2026 | 257 | **ORDER: "Defendant WP Co. LLC d/b/a The Washington Post's Motion for Summary Judgment" (Doc. 211) is granted. "Plaintiff's Motion for Partial Summary Judgment" (Doc. [218–1]) is denied. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff. Following entry of judgment, the Clerk is directed to terminate any pending motions and deadlines and thereafter close this case. See Order for details. Signed by Judge Thomas P. Barber on 7/16/2026. (EKB)** (Entered: 07/16/2026) |
| 07/02/2026 | 256 | RESPONSE in Opposition re 252 MOTION for Sanctions *for an adverse jury instruction under rule 37(b)(2)(A) and for fees and expenses under rules 37(a)(5), 37(b)(2)(C), and 37(c)(1),* filed by Trump Media & Technology Group Corp.. (Garcia, Jalaine) (Entered: 07/02/2026) |
| 07/02/2026 | 255 | **ENDORSED ORDER: Defendant's motion for summary judgment (Doc. 211) is granted. Plaintiff has failed to present evidence that would allow a jury to find by clear and convincing evidence that Defendant published the allegedly defamatory statements with actual malice. For the same reason, Plaintiff's motion for partial summary judgment (Doc. [218–1]) is denied. The Pretrial Conference set for July 13, 2026, is cancelled. A written order memorializing and explaining these rulings will follow in due course. Signed by Judge Thomas P. Barber on 7/2/2026. (EKB)** (Entered: 07/02/2026) |
| 06/26/2026 | 254 | **ORDER. "Plaintiff's Unopposed Motion for Reconsideration of Order Denying Motion to Seal as to Exhibits P and Q, and, in the Alternative, Amended Motion to Seal through Targeted Redaction of Exhibits P and Q" (Doc. 253) is granted in part and denied in part. The Clerk is directed to unseal all attachments to the motions at Docs. 218, 225, 236, and 248; and to unseal the attachments to the motion at Doc. 235, *except for* Exhibit P (Doc. [235–18]) and Exhibit Q (Doc. [235–19]), which will remain under seal. See Order for details. Signed by Judge Thomas P. Barber on 6/26/2026. (EKB)** (Entered: 06/26/2026) |
| 06/22/2026 | 253 | Unopposed MOTION for Reconsideration re 251 Sealed Order on Motion to Seal, and in the Alternative, Amended Motion to Seal Through Targeted Redaction of Exhibits P and Q by Trump Media & Technology Group Corp. (Attachments: # 1 Exhibit, # 2 Exhibit)(Brito, Alejandro) Modified on 6/23/2026 to edit docket text. (WLB). Added MOTION for Leave to File on 6/23/2026 (WLB). (Entered: 06/22/2026) |
| 06/18/2026 | 252 | MOTION for Sanctions *for an adverse jury instruction under rule 37(b)(2)(A) and for fees and expenses under rules 37(a)(5), 37(b)(2)(C), and 37(c)(1),* by WP Company LLC. (Attachments: # 1 Exhibit 1 – Discovery Terms Hit Report – personal phone, # 2 Exhibit 2 – Discovery Terms Hit Report – personal laptop, # 3 Exhibit 3 – Text Messages, # 4 Exhibit 4 – J. Garcia Apr. 10 Email, # 5 Exhibit 5 – I. Beaton Apr. 22 Email, # 6 Exhibit 6 – I. Beaton Feb. 13 Email, # 7 Exhibit 7 – TMTG 6th Supp. Resp. and Objections to WP's 1st Interrogatories) (Locicero, Carol) Modified to remove capitalization and duplicate text on 6/22/2026 (AM). (Entered: 06/18/2026) |
| 06/16/2026 | 251 | **ORDER. "Plaintiff's Unopposed Motion to Seal Plaintiff's Motion for Partial Summary Judgment" (Docs. 218; 225) is denied. "Defendant WP Co. LLC d/b/a The Washington Post's Unopposed Motion for Leave to File Under Seal** |

| | | |
|---|---|---|
| | | **Unredacted Opposition to Plaintiff's Summary Judgment Motion and Appended Exhibits Pursuant to ECF No. 91 with Legal Memorandum" (Doc. 235) is denied. "Plaintiff's Unopposed Motion to Seal Response to Defendant's Motion for Summary Judgment" (Doc. 236) is denied. "Plaintiff's Unopposed Motion to Seal Reply in Support of Plaintiff's Motion for Partial Summary Judgment" (Docs. 248) is denied. The Clerk is directed to maintain the filings addressed in this Order under seal until further order of the Court. The Court plans to order the materials at issue unsealed on June 23, 2026. Any motions for reconsideration or other relief must be filed before 5 p.m. on June 22, 2026. See Order for details. Signed by Judge Thomas P. Barber on 6/16/2026. (EKB)** (Entered: 06/16/2026) |
| 06/04/2026 | 250 | Tangible Item Received. 1 USB by WP Company LLC re 249 Order on Motion for Leave to File Document. Stored in the file room. (CTR) (Entered: 06/04/2026) |
| 06/01/2026 | 249 | **ENDORSED ORDER: Defendant's motion to file audio exhibits (Doc. 216) is granted. Defendant is directed to deliver the thumb drive referenced in the motion to the Clerk's office, along with a copy of this Order, on or before June 5, 2026. Signed by Judge Thomas P. Barber on 6/1/2026. (EKB)** (Entered: 06/01/2026) |
| 05/29/2026 | 248 | Unopposed MOTION to file REPLY in Support of Plaintiff's Motion for Partial Summary Judgment under seal by Trump Media & Technology Group Corp. (Attachments: # 1 Proposed Sealed Item Reply, # 2 Proposed Sealed Item Exhibit U)(Brito, Alejandro). Modified on 6/1/2026 to remove capitalization (ARL). (Attachments 1 &2 replaced on 6/29/2026) (SRC). Modified on 6/29/2026 to unseal attachments pursuant to Order (Doc. 254). (SRC) (Entered: 05/29/2026) |
| 05/29/2026 | 247 | REPLY to Response to Motion re 211 MOTION for Summary Judgment */ Defendant WP Co. LLC D/B/A The Washington Post's Reply in Support of Its Motion for Summary Judgment* filed by WP Company LLC. (Locicero, Carol) (Entered: 05/29/2026) |
| 05/29/2026 | 246 | **ENDORSED ORDER: "Defendant WP Company LLC's Unopposed Motion for Three–Page Enlargement of Summary Judgment Reply" (Doc. 244) is hereby granted. Signed by Judge Thomas P. Barber on 5/29/2026. (RL)** (Entered: 05/29/2026) |
| 05/29/2026 | 245 | **ENDORSED ORDER: "Plaintiff's Unopposed Motion for Leave to Exceed Page Limit for Reply in Support of Its Motion for Partial Summary Judgment" (Doc. 243) is hereby granted. Signed by Judge Thomas P. Barber on 5/29/2026. (RL)** (Entered: 05/29/2026) |
| 05/28/2026 | 244 | UNOPPOSED MOTION for Three Page Enlargement of Summary Judgment by WP Company LLC. (Locicero, Carol) Modified text on 5/29/2026 (JDR). (Entered: 05/28/2026) |
| 05/28/2026 | 243 | Unopposed MOTION to File Excess Pages by Trump Media & Technology Group Corp.. (Brito, Alejandro) (Entered: 05/28/2026) |
| 05/28/2026 | 242 | **ENDORSED ORDER: The "Joint Motion for Continuance with Incorporated Memorandum of Law" (Doc. 241) is denied. Signed by Judge Thomas P. Barber on 5/28/2026. (RL)** (Entered: 05/28/2026) |
| 05/28/2026 | 241 | |

6

| | | |
|---|---|---|
| | | JOINT MOTION to Continue with Incorporated Memorandum of Law by WP Company LLC. (Locicero, Carol) Modified text on 5/29/2026 (JDR). (Entered: 05/28/2026) |
| 05/22/2026 | 240 | **ENDORSED ORDER: "Plaintiff's Unopposed Motion for Leave to Exceed Page Limit for Response to Defendant's Motion to Exclude the Expert Testimony of Mr. Sameer Somal" (Doc. 231) is granted. Signed by Judge Thomas P. Barber on 5/22/2026. (RL)** (Entered: 05/22/2026) |
| 05/22/2026 | 239 | **ENDORSED ORDER: "Plaintiff's Unopposed Motion for Leave to Exceed Page Limit for Response to Defendant's Motion to Exclude the Expert Testimony of Dr. Sanjai Bhagat" (Doc. 230) is granted. Signed by Judge Thomas P. Barber on 5/22/2026. (RL)** (Entered: 05/22/2026) |
| 05/22/2026 | 238 | **ENDORSED ORDER: "Plaintiff's Unopposed Motion for Leave to Exceed Page Limit for Response to Defendant's Motion for Summary Judgment" (Doc. 229) is granted. Signed by Judge Thomas P. Barber on 5/22/2026. (RL)** (Entered: 05/22/2026) |
| 05/22/2026 | 237 | **ENDORSED ORDER: "Defendant WP Company LLC's Unopposed Motion for Five−Page Enlargements of Page Limits for Oppositions to Plaintiff's Motions for Partial Summary Judgment and to Exclude the Expert Testimony of Dr. Shane A. Johnson" (Doc. 228) is granted. Signed by Judge Thomas P. Barber on 5/22/2026. (RL)** (Entered: 05/22/2026) |
| 05/15/2026 | 236 | MOTION to file RESPONSE *in Opposition to Defendant's Motion for Summary Judgment* under seal by Trump Media & Technology Group Corp. (Attachments: # 1 Proposed Sealed Item Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, # 2 Proposed Sealed Item Composite Exhibit S, # 3 Proposed Sealed Item Exhibit T)(Garcia, Jalaine). (Attachments 1, 2 & 3 replaced on 6/29/2026) (SRC). Modified on 6/29/2026 to unseal attachments pursuant to Order (Doc. 254). (SRC) (Entered: 05/15/2026) |
| 05/15/2026 | 235 | Unopposed MOTION to file RESPONSE *to Plaintiff's Motion for Partial Summary Judgment* under seal by WP Company LLC (Attachments: # 1 Proposed Sealed Item Post Summary Judgment Opposition, # 2 Proposed Sealed Item Gamse Declaration, # 3 Proposed Sealed Item Gamse Ex. A, # 4 Proposed Sealed Item Gamse Ex. B, # 5 Proposed Sealed Item Gamse Ex. C, # 6 Proposed Sealed Item Gamse Ex. D, # 7 Proposed Sealed Item Gamse Ex. E, # 8 Proposed Sealed Item Gamse Ex. F, # 9 Proposed Sealed Item Gamse Ex. G, # 10 Proposed Sealed Item Gamse Ex. H, # 11 Proposed Sealed Item Gamse Ex. I, # 12 Proposed Sealed Item Gamse Ex. J, # 13 Proposed Sealed Item Gamse Ex. K, # 14 Proposed Sealed Item Gamse Ex. L, # 15 Proposed Sealed Item Gamse Ex. M, # 16 Proposed Sealed Item Gamse Ex. N, # 17 Proposed Sealed Item Gamse Ex. O, # 18 Proposed Sealed Item Gamse Ex. P, # 19 Proposed Sealed Item Gamse Ex. Q, # 20 Proposed Sealed Item Gamse Ex. R, # 21 Proposed Sealed Item Gamse Ex. S, # 22 Proposed Sealed Item Gamse Ex. T, # 23 Proposed Sealed Item Gamse Ex. U, # 24 Proposed Sealed Item Harwell Declaration, # 25 Proposed Sealed Item Harwell Ex. 1, # 26 Proposed Sealed Item Harwell Ex. 2, # 27 Proposed Sealed Item Harwell Ex. 3, # 28 Proposed Sealed Item Harwell Ex. 4, # 29 Proposed Sealed Item Harwell Ex. 5, # 30 Proposed Sealed Item Harwell Ex. 6, # 31 Proposed Sealed Item Harwell Ex. 7, # 32 Proposed Sealed Item Harwell Ex. 8, # 33 Proposed Sealed Item Harwell Ex. 9, # 34 Proposed Sealed Item Harwell Ex. 10, # 35 Proposed Sealed Item Harwell Ex. 11, # 36 Proposed Sealed Item Harwell Ex. 12, # 37 Proposed Sealed Item Harwell Ex. 13, # 38 Proposed Sealed Item Harwell |

| | | |
|---|---|---|
| | | Ex. 14, # 39 Proposed Sealed Item Harwell Ex. 15, # 40 Proposed Sealed Item Harwell Ex. 16, # 41 Proposed Sealed Item Harwell Ex. 17, # 42 Proposed Sealed Item Harwell Ex. 18, # 43 Proposed Sealed Item Harwell Ex. 19, # 44 Proposed Sealed Item Harwell Ex. 20, # 45 Proposed Sealed Item Harwell Ex. 21, # 46 Proposed Sealed Item Harwell Ex. 22, # 47 Proposed Sealed Item Harwell Ex. 23, # 48 Proposed Sealed Item Harwell Ex. 24, # 49 Proposed Sealed Item Harwell Ex. 25, # 50 Proposed Sealed Item Harwell Ex. 26, # 51 Proposed Sealed Item Harwell Ex. 27, # 52 Proposed Sealed Item Harwell Ex. 28, # 53 Proposed Sealed Item Harwell Ex. 29, # 54 Proposed Sealed Item Harwell Ex. 30, # 55 Proposed Sealed Item Harwell Ex. 31, # 56 Proposed Sealed Item Harwell Ex. 32, # 57 Proposed Sealed Item Harwell Ex. 33, # 58 Proposed Sealed Item Seibel Declaration)(Locicero, Carol). (Attachment 1 replaced on 7/1/2026) (CTR). (Attachment 2 replaced on 7/1/2026) (CTR). (Attachment 3 replaced on 7/1/2026) (CTR). (Attachment 4 replaced on 7/1/2026) (CTR). (Attachment 5 replaced on 7/1/2026) (CTR). (Attachment 6 replaced on 7/1/2026) (CTR). (Attachment 7 replaced on 7/1/2026) (CTR). (Attachment 8 replaced on 7/1/2026) (CTR). (Attachment 8 replaced on 7/1/2026) (CTR). (Attachment 9 replaced on 7/1/2026) (CTR). (Attachment 10 replaced on 7/1/2026) (CTR). (Attachment 11 replaced on 7/1/2026) (CTR). (Attachment 12 replaced on 7/1/2026) (CTR). (Attachment 13 replaced on 7/1/2026) (CTR). (Attachment 14 replaced on 7/1/2026) (CTR). (Attachment 15 replaced on 7/1/2026) (CTR). (Attachment 16 replaced on 7/1/2026) (CTR). (Attachment 17 replaced on 7/1/2026) (CTR). (Attachment 20 replaced on 7/1/2026) (CTR). (Attachment 21 replaced on 7/1/2026) (CTR). (Attachment 22 replaced on 7/1/2026) (CTR). (Attachment 23 replaced on 7/1/2026) (CTR). (Attachment 24 replaced on 7/1/2026) (CTR). (Attachment 25 replaced on 7/1/2026) (CTR). (Attachment 26 replaced on 7/1/2026) (CTR). (Attachment 27 replaced on 7/1/2026) (CTR). (Attachment 28 replaced on 7/1/2026) (CTR). (Attachment 29 replaced on 7/1/2026) (CTR). (Attachment 30 replaced on 7/1/2026) (CTR). (Attachment 31 replaced on 7/1/2026) (CTR). (Attachment 32 replaced on 7/1/2026) (CTR). (Attachment 33 replaced on 7/1/2026) (CTR). (Attachment 34 replaced on 7/1/2026) (CTR). (Attachment 35 replaced on 7/1/2026) (CTR). (Attachment 36 replaced on 7/1/2026) (CTR). (Attachment 37 replaced on 7/1/2026) (CTR). (Attachment 38 replaced on 7/1/2026) (CTR). (Attachment 39 replaced on 7/1/2026) (CTR). (Attachment 40 replaced on 7/1/2026) (CTR). (Attachment 41 replaced on 7/1/2026) (CTR). (Attachment 42 replaced on 7/1/2026) (CTR). (Attachment 43 replaced on 7/1/2026) (CTR). (Attachment 44 replaced on 7/1/2026) (CTR). (Attachment 45 replaced on 7/1/2026) (CTR). (Attachment 46 replaced on 7/1/2026) (CTR). (Attachment 47 replaced on 7/1/2026) (CTR). (Attachment 48 replaced on 7/1/2026) (CTR). (Attachment 49 replaced on 7/1/2026) (CTR). (Attachment 50 replaced on 7/1/2026) (CTR). (Attachment 51 replaced on 7/1/2026) (CTR). (Attachment 52 replaced on 7/1/2026) (CTR). (Attachment 53 replaced on 7/1/2026) (CTR). (Attachment 54 replaced on 7/1/2026) (CTR). (Attachment 55 replaced on 7/1/2026) (CTR). (Attachment 56 replaced on 7/1/2026) (CTR). (Attachment 57 replaced on 7/1/2026) (CTR). (Attachment 58 replaced on 7/1/2026) (CTR). Modified on 7/1/2026 to unseal attachments pursuant to Order (Doc. 254). (CTR). (Entered: 05/15/2026) |
| 05/15/2026 | 234 | MOTION to file RESPONSE *to Exclude Dr. Sanjai Bhagat* under seal by Trump Media & Technology Group Corp. (Attachments: # 1 Proposed Sealed Item Response in Opposition to Motion to Exclude Dr. Sanjai Bhagat, # 2 Proposed Sealed Item Exhibit A)(Garcia, Jalaine). (Entered: 05/15/2026) |
| 05/15/2026 | 233 | MOTION to file MOTION *Response to Motion to Exclude Sameer Somal* under seal |

8

| | | |
|---|---|---|
| | | by Trump Media & Technology Group Corp. (Attachments: # 1 Proposed Sealed Item Response to Motion to Exclude Sameer Somal, # 2 Proposed Sealed Item Exhibit A)(Garcia, Jalaine). (Entered: 05/15/2026) |
| 05/15/2026 | 232 | Unopposed MOTION to file RESPONSE *to Plaintiff's Motion to Exclude the Expert Opinions and Testimony of Shane A. Johnson, Ph.D.* under seal by WP Company LLC (Attachments: # 1 Proposed Sealed Item Post Daubert Opposition, # 2 Proposed Sealed Item Ex. 1, # 3 Proposed Sealed Item Ex. 2, # 4 Proposed Sealed Item Ex. 3, # 5 Proposed Sealed Item Ex. 4, # 6 Proposed Sealed Item Ex. 5, # 7 Proposed Sealed Item Ex. 6, # 8 Proposed Sealed Item Ex. 7, # 9 Proposed Sealed Item Ex. 8)(Locicero, Carol). (Entered: 05/15/2026) |
| 05/14/2026 | 231 | Unopposed MOTION to File Excess Pages *for Response to Defendant's Motion to Exclude Expert Testimony of Mr. Sameer Somal* by Trump Media & Technology Group Corp.. (Brito, Alejandro) (Entered: 05/14/2026) |
| 05/14/2026 | 230 | Unopposed MOTION to File Excess Pages *for Response to Defendant's Motion to Exclude Expert Testimony of Dr. Sanjai Bhagat* by Trump Media & Technology Group Corp.. (Brito, Alejandro) (Entered: 05/14/2026) |
| 05/14/2026 | 229 | Unopposed MOTION to File Excess Pages *for Response to Defendant's Motion for Summary Judgment* by Trump Media & Technology Group Corp.. (Brito, Alejandro) (Entered: 05/14/2026) |
| 05/12/2026 | 228 | Unopposed MOTION to File Excess Pages */ Defendant WP Company LLC's Unopposed Motion Five–Page Enlargements of Page Limits for Oppositions to Plaintiff's Motions for Partial Summary Judgment and to Exclude the Expert Testimony of Dr. Shane A. Johnson* by WP Company LLC. (Locicero, Carol) Modified docket text on 5/13/2026 (JG). (Entered: 05/12/2026) |
| 05/01/2026 | 227 | REDACTION to 221 Defendant's Unopposed Motion for Leave to File Under Seal Unredacted Motions to Exclude the Expert Testimony of Mr. Somal and Dr. Bhagat and Appended Exhibits *Defendant Washington Post's [REDACTED] Motion to Exclude Expert Testimony of Mr. Sameer Somal (redacted version of sealed filing DE 221)* by WP Company LLC. (Attachments: # 1 Exhibit Ex. 1, # 2 Exhibit Ex. 2, # 3 Exhibit Ex. 3, # 4 Exhibit Ex. 4, # 5 Exhibit Ex. 5 – The Article, # 6 Exhibit Ex. 6)(Locicero, Carol) (Entered: 05/01/2026) |
| 05/01/2026 | 226 | REDACTION to 220 Defendant's Unopposed Motion for Leave to File Under Seal Unredacted Motions to Exclude the Expert Testimony of Mr. Somal and Dr. Bhagat and Appended Exhibits */ Defendant Washington Post's [REDACTED] Motion to Exclude Expert Testimony of Dr. Sanjai Bhagat (redacted version of sealed filing DE 220)* by WP Company LLC. (Attachments: # 1 Exhibit Ex. 1, # 2 Exhibit Ex. 2, # 3 Exhibit Ex. 3, # 4 Exhibit Ex. 4, # 5 Exhibit Ex. 5, # 6 Exhibit Ex. 6, # 7 Exhibit Ex. 7, # 8 Exhibit Ex. 8, # 9 Exhibit Ex. 9 – Beaton Declaration, # 10 Exhibit Ex. 10 – Beaton Decl. Ex. A, # 11 Exhibit Ex. 11 – Beaton Decl. Ex. B, # 12 Exhibit Ex. 12 – Beaton Decl. Ex. C)(Locicero, Carol) (Entered: 05/01/2026) |
| 04/28/2026 | 225 | MOTION to file DOCUMENT under seal by Trump Media & Technology Group Corp. (Attachments: # 1 Proposed Sealed Item A, # 2 Proposed Sealed Item B–1, # 3 Proposed Sealed Item B–2, # 4 Proposed Sealed Item B–3, # 5 Proposed Sealed Item C, # 6 Proposed Sealed Item D, # 7 Proposed Sealed Item E, # 8 Proposed Sealed Item F–1, # 9 Proposed Sealed Item F–2, # 10 Proposed Sealed Item G, # 11 Proposed Sealed Item H, # 12 Proposed Sealed Item I, # 13 Proposed Sealed Item J–1, # 14 Proposed Sealed Item J–2, # 15 Proposed Sealed Item J–3, # 16 Proposed |

| | | |
|---|---|---|
| | | Sealed Item K, # 17 Proposed Sealed Item L–1, # 18 Proposed Sealed Item L–2, # 19 Proposed Sealed Item L–3, # 20 Proposed Sealed Item M, # 21 Proposed Sealed Item N, # 22 Proposed Sealed Item O, # 23 Proposed Sealed Item P, # 24 Proposed Sealed Item Q, # 25 Proposed Sealed Item R)(Brito, Alejandro). (Attachments 1 – 25 replaced on 6/29/2026) (SRC). Modified on 6/29/2026 to unseal attachments pursuant to Order (Doc. 254) (SRC). (Entered: 04/28/2026) |
| 04/27/2026 | 223 | REQUEST for oral argument *Motion to Exclude the Expert Opinions and Testimony of Shane A. Johnson, Ph.D* by Trump Media & Technology Group Corp. (Brito, Alejandro) Modified on 4/28/2026 to edit the docket text (RPB). (Entered: 04/27/2026) |
| 04/25/2026 | 222 | REQUEST for oral argument re 220 Defendant's Unopposed Motion for Leave to File Under Seal Unredacted Motions to Exclude the Expert Testimony of Mr. Somal and Dr. Bhagat and Appended Exhibits, 221 Defendant's Unopposed Motion for Leave to File Under Seal Unredacted Motions to Exclude the Expert Testimony of Mr. Somal and Dr. Bhagat and Appended Exhibits by WP Company LLC. (Locicero, Carol) Modified docket text on 4/27/2026 (JOS). (Entered: 04/25/2026) |
| 04/25/2026 | 221 | Defendant's Unopposed Motion for Leave to File Under Seal Unredacted Motions to Exclude the Expert Testimony of Mr. Somal and Dr. Bhagat and Appended Exhibits by WP Company LLC (Attachments: # 1 Proposed Sealed Item The Post Motion to Exclude Mr. Sameer Somal Testimony, # 2 Proposed Sealed Item Ex. 1, # 3 Proposed Sealed Item Ex. 2, # 4 Proposed Sealed Item Ex. 3, # 5 Proposed Sealed Item Ex. 4, # 6 Proposed Sealed Item Ex. 5, # 7 Proposed Sealed Item Ex. 6)(Locicero, Carol). Modified docket text on 4/27/2026 (JOS). (Entered: 04/25/2026) |
| 04/25/2026 | 220 | Defendant's Unopposed Motion for Leave to File Under Seal Unredacted Motions to Exclude the Expert Testimony of Mr. Somal and Dr. Bhagat and Appended Exhibits under seal by WP Company LLC (Attachments: # 1 Proposed Sealed Item The Post Motion to Exclude Dr. Bhagat Testimony, # 2 Proposed Sealed Item Ex. 1, # 3 Proposed Sealed Item Ex. 2, # 4 Proposed Sealed Item Ex. 3, # 5 Proposed Sealed Item Ex. 4, # 6 Proposed Sealed Item Ex. 5, # 7 Proposed Sealed Item Ex. 6, # 8 Proposed Sealed Item Ex. 7, # 9 Proposed Sealed Item Ex. 8, # 10 Proposed Sealed Item Beaton Declaration, # 11 Proposed Sealed Item Ex. A to Beaton Declaration, # 12 Proposed Sealed Item Ex. B to Beaton Declaration, # 13 Proposed Sealed Item Ex. C to Beaton Declaration)(Locicero, Carol). Modified docket text on 4/27/2026 (JOS). (Entered: 04/25/2026) |
| 04/25/2026 | 219 | REQUEST for oral argument *Plaintiff's Motion for Partial Summary Judgment* by Trump Media & Technology Group Corp.. (Garcia, Jalaine) (Entered: 04/25/2026) |
| 04/24/2026 | 218 | *Plaintiff's* MOTION to file MOTION *for Partial Summary Judgment* under seal by Trump Media & Technology Group Corp. (Attachments: # 1 Proposed Sealed Item Plaintiff's Motion for Partial Summary Judgment)(Garcia, Jalaine). (Attachment 1 replaced on 6/29/2026) (SRC). Modified on 6/29/2026 to unseal attachment pursuant to Order (Doc. 254). (SRC) (Entered: 04/24/2026) |
| 04/24/2026 | 217 | *Plaintiff's* MOTION to file MOTION *to Exclude the Expert Opinions and Testimony of Shane A. Johnson, Ph.D.* under seal by Trump Media & Technology Group Corp. (Attachments: # 1 Proposed Sealed Item Plaintiff's Motion to Exclude Opinions and Testimony of Shane A. Johnson, # 2 Proposed Sealed Item Exhibit A, # 3 Proposed Sealed Item Exhibit B, # 4 Proposed Sealed Item Exhibit C)(Garcia, Jalaine). (Entered: 04/24/2026) |

| | | |
|---|---|---|
| 04/24/2026 | 216 | Consent MOTION for Leave to File AUDIO EXHIBITS WITH INCORPORATED MEMORANDUM OF LAW by WP Company LLC. (Hentoff, Thomas) (Entered: 04/24/2026) |
| 04/24/2026 | 215 | REQUEST for oral argument re 211 MOTION for Summary Judgment by WP Company LLC. (Hentoff, Thomas) (Entered: 04/24/2026) |
| 04/24/2026 | 214 | DECLARATION of MARK SEIBEL re 211 MOTION for Summary Judgment by WP Company LLC. (Hentoff, Thomas) (Entered: 04/24/2026) |
| 04/24/2026 | 213 | DECLARATION of LORI MONTGOMERY re 211 MOTION for Summary Judgment by WP Company LLC. (Hentoff, Thomas) (Entered: 04/24/2026) |
| 04/24/2026 | 212 | DECLARATION of Thomas G. Hentoff re 211 MOTION for Summary Judgment by WP Company LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Hentoff, Thomas) (Entered: 04/24/2026) |
| 04/24/2026 | 211 | MOTION for Summary Judgment by WP Company LLC. (Attachments: # 1 Affidavit DECLARATION OF DREW HARWELL IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33)(Hentoff, Thomas) (Entered: 04/24/2026) |
| 04/24/2026 | 210 | **ENDORSED ORDER: "Plaintiff's Unopposed Motion for Leave to Exceed Page Limit for Plaintiff's Motion for Partial Summary Judgment" (Doc. 209) is hereby granted. Signed by Judge Thomas P. Barber on 4/24/2026. (RL)** (Entered: 04/24/2026) |
| 04/24/2026 | 209 | MOTION for Leave to File to Exceed Page Limit for Motions for Partial Summary Judgment by Trump Media & Technology Group Corp. (Brito, Alejandro) Modified on 4/24/2026 to remove capitalization (ARL). (Entered: 04/24/2026) |
| 04/21/2026 | 205 | **ENDORSED ORDER granting 203 Motion to Appear Pro Hac Vice; granting 204 Motion to Appear Pro Hac Vice. Attorneys Claire R. Cahill and Catherine A. Reid may appear pro hac vice, subject to the requirement that counsel submit their Pro Hac Vice E–File Registration (see https://www.flmd.uscourts.gov/for–lawyers) within seven days of this order. Signed by Magistrate Judge Amanda Arnold Sansone on 4/21/2026. (BEE)** (Entered: 04/21/2026) |
| 04/20/2026 | 204 | UNOPPOSED MOTION for Catherine A. Reid to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–24810764 for $150 by WP Company LLC. (Locicero, Carol) Motions referred to Magistrate Judge Amanda Arnold Sansone. Modified text on 4/21/2026 (JDR). (Entered: 04/20/2026) |
| 04/20/2026 | 203 | UNOPPOSED MOTION for Claire R. Cahill to appear pro hac vice, Special Admission fee paid, Receipt No. BFLMDC–24810618 for $150 by WP Company LLC. (Locicero, Carol) Motions referred to Magistrate Judge Amanda Arnold Sansone. Modified text on 4/21/2026 (JDR). (Entered: 04/20/2026) |
| 04/17/2026 | 202 | |

11

| | | |
|---|---|---|
| | | **ORDER regarding in camera review. Signed by Magistrate Judge Amanda Arnold Sansone on 4/17/2026. (BEE)** (Entered: 04/17/2026) |
| 04/13/2026 | 201 | **ENDORSED ORDER: "Defendant WP Company LLC's Unopposed Motion for Five–Page Enlargement of Summary Judgment Motion Page Limit" (Doc. 199) is hereby granted. Signed by Judge Thomas P. Barber on 4/13/2026. (RL)** (Entered: 04/13/2026) |
| 04/10/2026 | 200 | TRANSCRIPT of Hearing held on 04–01–26 before Judge Amanda Arnold Sansone. Court Reporter/Transcriber: Bill Jones. Email address: bill_jones@flmd.uscourts.gov. Telephone number: 813–301–6158. NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 5/1/2026. Redacted Transcript Deadline set for 5/11/2026. Release of Transcript Restriction set for 7/9/2026. (HWJ) (Entered: 04/10/2026) |
| 04/10/2026 | 199 | Unopposed MOTION to File Excess Pages for Five–Page Enlargement of Summary Judgment Motion Page Limit by WP Company LLC. (Locicero, Carol) Modified docket text on 4/10/2026 (JOS). (Entered: 04/10/2026) |
| 04/08/2026 | 198 | **ORDER denying 146, 147, 180, 181 Motions to Compel. Signed by Magistrate Judge Amanda Arnold Sansone on 4/8/2026. (BEE)** (Entered: 04/08/2026) |
| 03/31/2026 | 194 | Minute Entry. In Person Proceedings held before Magistrate Judge Amanda Arnold Sansone: MOTION HEARING held on 3/31/2026 re 181 SEALED MOTION to Overrule Certain of Defendant's Privilege Designations and to Compel Production of Documents re 158 Sealed Order on Motion to Seal, filed by Trump Media & Technology Group Corp., 146 MOTION to Compel Overrule Privilege Designations filed by Trump Media & Technology Group Corp., 180 SEALED MOTION Motion to Overrule Certain of Defendant's Privilege Designations and to Compel Production of Documents re 158 Sealed Order on Motion to Seal, filed by Trump Media & Technology Group Corp., 147 MOTION to Compel Overrule Privilege Designations *re Pre–publication* filed by Trump Media & Technology Group Corp., 145 MOTION to Compel filed by WP Company LLC. (DIGITAL) (JS) (JS). Modified on 5/7/2026 to correct date (JS). (Entered: 04/01/2026) |
| 03/31/2026 | 193 | **ORDER granting in part and denying in part 145 Motion to Compel; taking under advisement 146 147 180 181 Motions to Compel. Signed by Magistrate Judge Amanda Arnold Sansone on 3/31/2026. (BEE)** (Entered: 03/31/2026) |
| 03/31/2026 | 192 | **ENDORSED ORDER granting 191 Joint Oral for extension of time. The deadline to complete the deposition of Phillip Juhan is extended to April 10, 2026. Signed by Magistrate Judge Amanda Arnold Sansone on 3/31/2026. (BEE)** (Entered: 03/31/2026) |
| 03/31/2026 | 191 | JOINT ORAL MOTION for extension of the deadline to take the deposition of Phillip Juhan. (BEE) (Entered: 03/31/2026) |
| 03/25/2026 | 190 | |

| | | |
|---|---|---|
| | | **ENDORSED ORDER** granting **189** Motion to Appear Pro Hac Vice. Attorney Samuel M. Lazerwitz may appear pro hac vice, subject to the requirement that counsel submit his Pro Hac Vice E–File Registration (see https://www.flmd.uscourts.gov/for–lawyers) within seven days of this order. Signed by Magistrate Judge Amanda Arnold Sansone on 3/25/2026. (BEE) (Entered: 03/25/2026) |
| 03/25/2026 | 189 | Unopposed MOTION for Samuel M. Lazerwitz to appear pro hac vice (Receipt# BFLMDC–24656729 $150.00) by All Defendants. (Norbut, Linda) Motions referred to Magistrate Judge Amanda Arnold Sansone. Modified text to add the payment receipt number from the internet payments made (Natasha from the office of counsel Norbut called to let us know that the payment was made yesterday) on 3/25/2026 (AM). (Entered: 03/25/2026) |
| 03/20/2026 | 188 | **ENDORSED ORDER: The "Joint Motion to Modify Case Management Order" (Doc. 184) is granted. The deadline to complete depositions is extended to March 31, 2026, and the deadline for *Daubert* motions and dispositive motions is extended to April 24, 2026. Signed by Judge Thomas P. Barber on 3/20/2026. (EKB)** (Entered: 03/20/2026) |
| 03/20/2026 | 187 | TRANSCRIPT of Case Management Conference Proceedings held on 03/18/2026 before Judge Thomas P. Barber. Court Reporter/Transcriber: Rebekah Lockwood. Email address: r.lockwooduscr@gmail.com. Telephone number: (813) 301–5380. NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 4/10/2026. Redacted Transcript Deadline set for 4/20/2026. Release of Transcript Restriction set for 6/18/2026. (RML) (Entered: 03/20/2026) |
| 03/19/2026 | 185 | **ENDORSED ORDER** granting **163** Motion to Request Oral Argument. Hearing on **145 146 147** Motions to Compel is scheduled for March 31, 2026, at 11:30 a.m. in Tampa Courtroom 10B before Magistrate Judge Amanda Arnold Sansone. Signed by Magistrate Judge Amanda Arnold Sansone on 3/19/2026. (BEE) (Entered: 03/19/2026) |
| 03/18/2026 | 186 | Minute Entry. In Person Proceedings held before Judge Thomas P. Barber: CASE MANAGEMENT CONFERENCE held on 3/18/2026. Court Reporter: Rebekah Lockwood (SRC) (Entered: 03/19/2026) |
| 03/17/2026 | 184 | Joint MOTION to Modify 88 Case Management Scheduling Order with Incorporated Memorandum of Law by WP Company LLC. (Locicero, Carol) Modified text on 3/18/2026 (MCB). (Entered: 03/17/2026) |
| 03/11/2026 | 179 | **ORDER** granting **175** Amended Motion to Quash. Signed by Magistrate Judge Amanda Arnold Sansone on 3/11/2026. (BEE) (Entered: 03/11/2026) |
| 03/11/2026 | 178 | **ENDORSED ORDER** finding as moot **174** Motion to Quash per **175** Amended Motion to Quash. Signed by Magistrate Judge Amanda Arnold Sansone on 3/11/2026. (BEE) (Entered: 03/11/2026) |

13

| 03/11/2026 | | ***PRO HAC VICE FEES PAID (Receipt Number TPA73891 for $150) by attorney Phillip S. Brewster, appearing on behalf of Philip S. Brewster. (EGP) (Entered: 03/11/2026) |
|---|---|---|
| 03/11/2026 | 177 | RESPONSE re 175 MOTION to Amend 174 MOTION to Quash Non−Party Subpoena by Trump Media & Technology Group Corp. CASE #: 8:26−mc−00011−TPB−AAS. (LD) (Entered: 03/11/2026) |
| 03/11/2026 | 176 | SUPPLEMENT re 175 MOTION to Amend 174 MOTION to Quash Non−Party Subpoena by Philip S. Brewster. CASE #: 8:26−mc−00011−TPB−AAS. (Attachments: # 1 Exhibit A). CASE #: 8:26−mc−00011−TPB−AAS. (LD) (Entered: 03/11/2026) |
| 03/11/2026 | 175 | Amended MOTION to Quash Non−Party Subpoena by Philip S. Brewster. (Attachments: # 1 Exhibit Supplement Memo in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D). CASE #: 8:26−mc−00011−TPB−AAS.(LD) (Entered: 03/11/2026) |
| 03/11/2026 | 174 | MOTION to Quash Non−Party Subpoena by Philip S. Brewster. (Attachments: # 1 Exhibit Supplement Memo in Support of Motion, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C). CASE #: 8:26−mc−00011−TPB−AAS.(LD) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 03/11/2026) |
| 03/11/2026 | 173 | **ENDORSED ORDER: This matter is before the Court sua sponte. The instant case, Case No. 8:26−mc−11, is a discovery dispute arising out of a related case, Trump Media & Technology Group Corp. v. WP Company LLC, Case No. 8:23−cv−1535, also pending before the Court. In the interest of judicial economy and convenience, the Court directs the Clerk to consolidate the instant case and Case No. 8:23−cv−1535 (the "Consolidated Case"). This action shall proceed under the Consolidated Case, and all subsequent filings shall be made in the Consolidated Case. The Clerk is further directed (1) to promptly docket notice of the entry of this Order in the Consolidated Case, (2) to file Documents 1, 4, and 24 from the instant case in the Consolidated Case, (3) to add Philip Brewster to the Consolidated Case as an interested party, and (4) to terminate any pending motions and deadlines in the instant case and thereafter close the instant case. Signed by Judge Thomas P. Barber on 3/10/2026. Case number: 8:26−mc−11−TPB−AAS.(EKB)(LD)** (Entered: 03/11/2026) |
| 03/11/2026 | 172 | NOTICE of Appearance by Jason Winter on behalf of Philip S. Brewster (Winter, Jason) (Entered: 03/11/2026) |
| 03/11/2026 | 171 | NOTICE of Lead Counsel Designation by Alejandro Brito on behalf of Trump Media & Technology Group Corp. Lead Counsel: Alejandro Brito. (Brito, Alejandro) Modified text on 3/11/2026 (ABM). (Entered: 03/11/2026) |
| 03/11/2026 | 170 | THIRD NOTICE TO COUNSEL Jason R. Kobal of Local Rule 2.01(a), which requires membership or special admission in the Middle District bar to practice in the Middle District, except for the limited exceptions identified in the Rule. To apply for membership in the Middle District, visit www.flmd.uscourts.gov/for−lawyers. (Signed by Deputy Clerk). (WLB) (Entered: 03/11/2026) |
| 03/11/2026 | 169 | NOTICE TO COUNSEL Steven S. Biss, Alejandro Brito, Ian Corp, Jalaine Garcia, and Jason R. Kobal of Local Rule 2.02(a), which states, "The first paper filed on behalf of a party must designate only one lead counsel who − unless the party changes the designation − remains lead counsel throughout the action." Counsel must |

14

| | | file a **Notice of Lead Counsel Designation** identifying lead counsel. (Signed by Deputy Clerk). (WLB) (Entered: 03/11/2026) |
|---|---|---|
| 03/10/2026 | 168 | **ENDORSED ORDER granting 167 Motion to seal. The Clerk is directed to file the response and attached documents at 167 under seal. Signed by Magistrate Judge Amanda Arnold Sansone on 3/10/2026. (BEE)** Modified on 3/10/2026 (BEE). (Entered: 03/10/2026) |
| 03/10/2026 | 166 | **ENDORSED ORDER granting 159 Motion to File Excess Pages; granting 160 Motion to File Excess Pages. Signed by Magistrate Judge Amanda Arnold Sansone on 3/10/2026. (BEE)** (Entered: 03/10/2026) |
| 03/10/2026 | 165 | **ENDORSED ORDER granting 164 Motion to seal. The Clerk is directed to file the response and attached documents at 164 under seal. Signed by Magistrate Judge Amanda Arnold Sansone on 3/10/2026. (BEE)** Modified on 3/10/2026 (BEE). (Entered: 03/10/2026) |
| 03/09/2026 | 163 | REQUEST for Oral Argument re 162 Response in Opposition to Motion to Compel Production of Documents by WP Company LLC. (Locicero, Carol) Modified on 3/10/2026 to edit docket text. (WLB). (Entered: 03/09/2026) |
| 03/09/2026 | 162 | RESPONSE in Opposition re 146 MOTION to Compel Overrule Privilege Designations, 147 MOTION to Compel Overrule Privilege Designations (re Pre–publication) filed by WP Company LLC. (Attachments: # 1 Exhibit (Ex. A – placeholder page), # 2 Exhibit (Ex. B – placeholder page)) (Locicero, Carol) Modified on 3/10/2026 to edit docket text. (WLB). (Entered: 03/09/2026) |
| 03/09/2026 | 161 | RESPONSE in Opposition re 145 MOTION to Compel filed by Trump Media & Technology Group Corp. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit E, # 4 Exhibit F)(Garcia, Jalaine) Modified on 3/10/2026 to edit docket text. (WLB). (Entered: 03/09/2026) |
| 03/09/2026 | 160 | Unopposed MOTION for Leave to Enlarge Page Limit for Omnibus Response to Plaintiff's Two Pending Motions to Compel by WP Company LLC. (Locicero, Carol) Modified on 3/10/2026 to edit docket text. (WLB). (Entered: 03/09/2026) |
| 03/09/2026 | 159 | Unopposed MOTION for Leave to Exceed Page Limit for Response to Defendant's Motion to Compel Discovery by Trump Media & Technology Group Corp. (Brito, Alejandro) Modified on 3/10/2026 to edit docket text. (WLB). (Entered: 03/09/2026) |
| 03/09/2026 | 158 | **ENDORSED ORDER granting 156 Motion to seal; granting 157 Motion to seal. The Clerk is directed to file the motions and attached documents at 156 157 under seal. Signed by Magistrate Judge Amanda Arnold Sansone on 3/9/2026. (BEE)** Modified on 3/10/2026 (BEE). (Entered: 03/09/2026) |
| 03/06/2026 | 155 | NOTICE of a related action per Local Rule 1.07(c) by Trump Media & Technology Group Corp.. Related case(s): Yes (Brito, Alejandro) (Entered: 03/06/2026) |
| 03/05/2026 | 154 | **ORDER denying 141 Motion for Protective Order. Signed by Magistrate Judge Amanda Arnold Sansone on 3/5/2026. (BEE)** (Entered: 03/05/2026) |
| 03/05/2026 | 153 | **ORDER granting 140 Motion for Protective Order Regarding 30(b)(6) deposition topics. Signed by Magistrate Judge Amanda Arnold Sansone on 3/5/2026. (BEE)** (Entered: 03/05/2026) |
| 03/02/2026 | 152 | |

| | | |
|---|---|---|
| | | RESPONSE in Opposition re 140 MOTION for Protective Order filed by Trump Media & Technology Group Corp.. (Attachments: # 1 Exhibit Article)(Garcia, Jalaine) Modified text on 3/3/2026 (LSS). (Entered: 03/02/2026) |
| 03/02/2026 | 151 | RESPONSE in Opposition re 141 MOTION for Protective Order filed by WP Company LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Locicero, Carol).Modified text on 3/5/2026 (LSS). (Entered: 03/02/2026) |
| 03/02/2026 | 150 | **ORDER granting 144 Motion for Extension of Time to Complete Discovery. The parties' requested depositions must be completed by March 13, 2026. Signed by Magistrate Judge Amanda Arnold Sansone on 3/2/2026. (BEE)** (Entered: 03/02/2026) |
| 03/02/2026 | 149 | **ENDORSED ORDER directing to respond to 146 MOTION to Overrule Privilege Designations, 147 MOTION to Overrule Privilege Designations, 145 MOTION to Compel. Responses due by 3/9/2026 Signed by Magistrate Judge Amanda Arnold Sansone on 3/2/2026. (BEE)** (Entered: 03/02/2026) |
| 03/02/2026 | 148 | **ENDORSED ORDER granting 143 Motion to File Excess Pages for 144 Partially Contested Motion for Limited Extension of Time to Complete Discovery. Signed by Magistrate Judge Amanda Arnold Sansone on 3/2/2026. (BEE)** (Entered: 03/02/2026) |
| 02/28/2026 | 147 | MOTION to Compel Overrule Privilege Designations *re Pre−publication* by Trump Media & Technology Group Corp. (Garcia, Jalaine) Motions referred to Magistrate Judge Amanda Arnold Sansone. Modified on 3/2/2026 to edit the docket text (MLB). (Entered: 02/28/2026) |
| 02/28/2026 | 146 | MOTION to Compel Overrule Privilege Designations by Trump Media & Technology Group Corp. (Garcia, Jalaine) Motions referred to Magistrate Judge Amanda Arnold Sansone. Modified on 3/2/2026 to edit the docket text (MLB). (Entered: 02/28/2026) |
| 02/28/2026 | 145 | MOTION to Compel by All Defendants. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit, # 25 Exhibit, # 26 Exhibit, # 27 Exhibit, # 28 Exhibit, # 29 Exhibit, # 30 Exhibit)(Hentoff, Thomas) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 02/28/2026) |
| 02/26/2026 | 144 | Joint MOTION for Limited Extension of Time to Complete Discovery *Partially Contested* by WP Company LLC. (Locicero, Carol) Motions referred to Magistrate Judge Amanda Arnold Sansone. Modified text on 3/2/2026 (LAW). (Entered: 02/26/2026) |
| 02/26/2026 | 143 | Joint Unopposed MOTION to File Excess Pages *for Joint Discovery Motion & Supporting Memorandum* by WP Company LLC. (Locicero, Carol) Modified text on 3/2/2026 (LAW). (Entered: 02/26/2026) |
| 02/23/2026 | 142 | **ENDORSED ORDER directing responses to 140 MOTION for Protective Order, 141 MOTION for Protective Order. Responses due by 3/2/2026 Signed by Magistrate Judge Amanda Arnold Sansone on 2/23/2026. (BEE)** (Entered: 02/23/2026) |

| | | |
|---|---|---|
| 02/20/2026 | 141 | MOTION for Protective Order as to Defendant's Amended Rule 30(B)(6) Notice of Taking Deposition of the Corporate Representative of Trump Media & Technology Group Corp. by Trump Media & Technology Group Corp.. (Attachments: # 1 Exhibit A)(Brito, Alejandro) Motions referred to Magistrate Judge Amanda Arnold Sansone. Modified on 2/20/2026 to edit docket text (JDR). (Entered: 02/20/2026) |
| 02/20/2026 | 140 | OPPOSED MOTION for Protective Order 30(B)(6) Regarding Deposition Topics by WP Company LLC. (Attachments: # 1 Exhibit A – Ltr. of 2026.02.05, # 2 Exhibit B – Notice of Deposition, # 3 Exhibit C – Email communication of 2026.02.09)(Locicero, Carol) Motions referred to Magistrate Judge Amanda Arnold Sansone. Modified on 2/20/2026 to edit docket text (JDR). (Entered: 02/20/2026) |
| 02/10/2026 | 139 | MEDIATION report Hearing held on February 10, 2026. Hearing outcome: Adjourned.. (Divers, Brett) (Entered: 02/10/2026) |
| 01/13/2026 | 138 | NOTICE TO COUNSEL Jared Joseph Roberts of Local Rule 2.01(b)(2)(B), which requires members of the Middle District bar to maintain with the clerk a current telephone number, mailing address, and email address. Update your contact information for the Middle District through PACER. (Signed by Deputy Clerk). (JG) (Entered: 01/13/2026) |
| 01/13/2026 | 137 | **ENDORSED ORDER granting 136 Motion to Withdraw as Counsel. Attorneys Stephen B. French, Jesse R. Binnall, and Jared J. Roberts terminated. Signed by Magistrate Judge Amanda Arnold Sansone on 1/13/2026. (BEE)** (Entered: 01/13/2026) |
| 01/12/2026 | 136 | MOTION for Stephen B. French, Jesse R. Binnall, and Jared J. Roberts to Withdraw as Attorney by Trump Media & Technology Group Corp.. (Roberts, Jared) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 01/12/2026) |
| 12/04/2025 | 135 | TRANSCRIPT of Case Management Conference Proceedings held on 11/19/2025 before Judge Thomas P. Barber. Court Reporter/Transcriber: Rebekah Lockwood. Email address: r.lockwooduscr@gmail.com. Telephone number: (813) 301–5380.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 12/26/2025. Redacted Transcript Deadline set for 1/5/2026. Release of Transcript Restriction set for 3/4/2026. (RML) (Entered: 12/04/2025) |
| 11/30/2025 | 134 | TRANSCRIPT of discovery conference held on 11/19/25 before Judge Amanda Arnold Sansone. Court Reporter/Transcriber: Rebecca Sabo. Email address: Rebecca_Sabo@flmd.uscourts.gov. Telephone number: 4068556410.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or |

| | | |
|---|---|---|
| | | purchased through the Court Reporter. Redaction Request due 12/22/2025. Redacted Transcript Deadline set for 12/31/2025. Release of Transcript Restriction set for 3/2/2026. (RMS) (Entered: 11/30/2025) |
| 11/25/2025 | | Reset Scheduling Order Deadlines: Plaintiff rebuttal disclosure of expert due by 2/12/2026 ; Defendant disclosure of expert due by 1/15/2026 per 132 Endorsed Order. (FLY) (Entered: 11/25/2025) |
| 11/24/2025 | 133 | NOTICE of hearing: Case Management Conference set for MARCH 18, 2026, at 01:30 PM in Tampa Courtroom 14 A before Judge Thomas P. Barber. (SRC) (Entered: 11/24/2025) |
| 11/19/2025 | 132 | **ENDORSED ORDER: As addressed during the case management conference, Defendant's expert disclosure deadline is extended to 1/15/2026 and Plaintiff's rebuttal expert disclosure deadline is extended to 2/12/2026. Signed by Judge Thomas P. Barber on 11/19/2025. (SRC)** (Entered: 11/24/2025) |
| 11/19/2025 | 131 | Minute Entry. In Person Proceedings held before Judge Thomas P. Barber: CASE MANAGEMENT CONFERENCE held on 11/19/2025. Court Reporter: Rebekah Lockwood (SRC) (Entered: 11/24/2025) |
| 11/19/2025 | 129 | Minute Entry. In Person Proceedings held before Magistrate Judge Amanda Arnold Sansone: Discovery Hearing held on 11/19/2025. (DIGITAL) (JS) (Entered: 11/20/2025) |
| 11/19/2025 | 128 | **ORDER denying without prejudice 120 Motion for Protective Order; granting Motions 121, 122, 123, 124, 125, 126; denying without prejudice 127 Motion for Discovery Sanctions. See order for dates and deadlines. Signed by Magistrate Judge Amanda Arnold Sansone on 11/19/2025. (BEE)** (Entered: 11/19/2025) |
| 11/19/2025 | 127 | DEFENDANT'S ORAL MOTION for discovery sanctions. (BEE) (Entered: 11/19/2025) |
| 11/19/2025 | 126 | PLAINTIFF'S ORAL MOTION for Defendant to provide the availability for deposition for the Corporate Representative of WP Company, LLC, Drew Harwell, Mark Seibel, Magda Jean–Louis, Cameron Burr, Lori Montgomery, and Sally Buzbee. (BEE) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 11/19/2025) |
| 11/19/2025 | 125 | DEFENDANT'S ORAL MOTION for a deadline for TMTG to produce documents in response to The Post's Second Set of Requests for Production. (BEE) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 11/19/2025) |
| 11/19/2025 | 124 | DEFENDANT'S ORAL MOTION for an updated, complete, and verified response to interrogatory no. 3, and verification that Plaintiff's counsel has collected the data from the repositories identified in the updated, complete, and verified response to interrogatory no. 3. (BEE) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 11/19/2025) |
| 11/19/2025 | 123 | DEFENDANT'S ORAL MOTION to produce the remaining approximately 18,000 documents produced in the Digital World Acquisition Corp. case. (BEE) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 11/19/2025) |
| 11/19/2025 | 122 | DEFENDANT'S ORAL MOTION for an updated report of the repositories searched, the date range of data available for each repository, the search terms and hits for each search term. (BEE) Motions referred to Magistrate Judge Amanda Arnold Sansone. |

| | | (Entered: 11/19/2025) |
|---|---|---|
| 11/19/2025 | 121 | DEFENDANT'S ORAL MOTION for a date that Jacob Langer's compelled documents be produced. (BEE) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 11/19/2025) |
| 11/17/2025 | 120 | MOTION for Protective Order by Trump Media & Technology Group Corp. (Brito, Alejandro) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 11/17/2025) |
| 11/17/2025 | 119 | NOTICE by WP Company LLC re 112 Order on Motion to Compel Order on Motion for Hearing / Conference (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit)(Gamse, Nicholas) (Entered: 11/17/2025) |
| 10/30/2025 | 118 | TRANSCRIPT of Motion Hearing held on 10/24/25 before Judge SANSONE. Court Reporter/Transcriber: Lori Ann Cecil Vollmer. Email address: lori_cecilvollmer@flmd.uscourts.gov. Telephone number: 8133305336.

NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 11/20/2025. Redacted Transcript Deadline set for 12/1/2025. Release of Transcript Restriction set for 1/28/2026. (LAC) (Entered: 10/30/2025) |
| 10/29/2025 | 117 | **ENDORSED ORDER granting 116 Motion to Appear Pro Hac Vice. Attorney Isabelle Jensen Beaton may appear pro hac vice, subject to the requirement that counsel submit her Pro Hac Vice E–File Registration (see https://www.flmd.uscourts.gov/for–lawyers) within seven days of this order. Signed by Magistrate Judge Amanda Arnold Sansone on 10/29/2025. (BEE)** (Entered: 10/29/2025) |
| 10/28/2025 | 116 | Unopposed MOTION for Isabelle Jensen Beaton to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–24050745 for $150 by WP Company LLC. (Locicero, Carol) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 10/28/2025) |
| 10/27/2025 | 113 | NOTICE TO COUNSEL Jason R. Kobal of Local Rule 2.01(a), which requires membership or special admission in the Middle District bar to practice in the Middle District, except for the limited exceptions identified in the Rule. To apply for membership in the Middle District, visit www.flmd.uscourts.gov/for–lawyers. (Signed by Deputy Clerk). (MSN) (Entered: 10/27/2025) |
| 10/24/2025 | 114 | Minute Entry. In Person Proceedings held before Magistrate Judge Amanda Arnold Sansone: Discovery Hearing held on 10/24/2025. (DIGITAL) (JS) (Entered: 10/27/2025) |
| 10/24/2025 | 112 | **ORDER granting 108 Motion to Compel; granting 109 Motion to Compel; granting 110 Motion to Compel; granting 111 Motion for Discovery Hearing. A follow–up discovery hearing is scheduled for November 19, 2025, at 10:00 AM in Tampa Courtroom 10B before Magistrate Judge Amanda Arnold Sansone.** |

| | | Signed by Magistrate Judge Amanda Arnold Sansone on 10/24/2025. (BEE) (Entered: 10/24/2025) |
|---|---|---|
| 10/24/2025 | 111 | JOINT ORAL MOTION for another discovery hearing. (BEE) (Entered: 10/24/2025) |
| 10/24/2025 | 110 | Defendant's ORAL MOTION to compel Plaintiff to provide documents responsive to Interrogatory No. 14. (BEE) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 10/24/2025) |
| 10/24/2025 | 109 | Defendant's ORAL MOTION for further information about witness repository collections efforts. (BEE) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 10/24/2025) |
| 10/24/2025 | 108 | Defendant's ORAL MOTION to Compel Plaintiff to provide the documents it intends to rely on for its damages claim and documents previously compelled. (BEE) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 10/24/2025) |
| 10/24/2025 | 107 | NOTICE of Appearance by Jalaine Garcia on behalf of Trump Media & Technology Group Corp. (Garcia, Jalaine) Modified on 10/27/2025 to edit docket text (MSN). (Entered: 10/24/2025) |
| 10/24/2025 | 106 | NOTICE TO COUNSEL Jason R. Kobal of Local Rule 2.01(a), which requires membership or special admission in the Middle District bar to practice in the Middle District, except for the limited exceptions identified in the Rule. To apply for membership in the Middle District, visit www.flmd.uscourts.gov/for–lawyers. (Signed by Deputy Clerk). (MSN) (Entered: 10/24/2025) |
| 10/23/2025 | 105 | NOTICE of Appearance by Ian Corp on behalf of Trump Media & Technology Group Corp. (Corp, Ian) Modified on 10/24/2025 to edit docket text (MSN). (Entered: 10/23/2025) |
| 10/23/2025 | 104 | NOTICE of Appearance by Alejandro Brito on behalf of Trump Media & Technology Group Corp. (Brito, Alejandro) Modified on 10/24/2025 to edit docket text (MSN). (Entered: 10/23/2025) |
| 10/21/2025 | 103 | NOTICE by WP Company LLC re 99 Order on Motion to Compel */ Joint Discovery Status Update /* (Attachments: # 1 Exhibit A – 2025.10.10 – Letter from N. Gamse to J. Roberts, # 2 Exhibit B – 2025.10.10 – TMTG 2nd Supp. Rule 26(a) Initial Disclosures, # 3 Exhibit C – 2025.10.10 – TMTG 3rd Supp. Objections and Responses to WP's 1st ROGGs, # 4 Exhibit D – 2025.10.17 – Letter from N. Gamse to S. French, # 5 Exhibit E – 2025.10.17 – TMTG 4th Supp. Resp. to WP 1st ROGGs, # 6 Exhibit F – 2025.10.17 – TMTG Supp. Resp. to WP's 2nd ROGGs, # 7 Exhibit G – 2025.09.18 – Letter from N. Gamse to J. Roberts)(Locicero, Carol) Modified text on 10/22/2025 (ABM). (Entered: 10/21/2025) |
| 10/06/2025 | 102 | TRANSCRIPT of MOTION TO COMPEL HEARING held on 10/1/25 before Judge SANSONE. Court Reporter/Transcriber: Lori Ann Cecil Vollmer. Email address: lori_cecilvollmer@flmd.uscourts.gov. Telephone number: 8133305336.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release |

| | | |
|---|---|---|
| | | of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 10/27/2025. Redacted Transcript Deadline set for 11/6/2025. Release of Transcript Restriction set for 1/5/2026. (LAC) (Entered: 10/06/2025) |
| 10/02/2025 | 99 | **ORDER granting in part and denying in part 93 Motion to Compel. A follow−up discovery hearing is scheduled for October 24, 2025, at 10:00 AM in Tampa Courtroom 10B before Magistrate Judge Amanda Arnold Sansone. By October 21, 2025, the parties must file a joint notice identifying any discovery issues the parties wish to be addressed at the hearing. See order for additional dates and deadlines. Signed by Magistrate Judge Amanda Arnold Sansone on 10/2/2025. (BEE)** (Entered: 10/02/2025) |
| 10/01/2025 | 100 | Minute Entry. In Person Proceedings held before Magistrate Judge Amanda Arnold Sansone: MOTION HEARING held on 10/1/2025 re 93 MOTION to Compel filed by WP Company LLC. (DIGITAL) (JS) (Entered: 10/02/2025) |
| 09/16/2025 | 98 | **ENDORSED ORDER Setting Hearing on 93 MOTION to Compel: Motion Hearing set for 10/1/2025 at 10:00 AM in Tampa Courtroom 10 B before Magistrate Judge Amanda Arnold Sansone. Signed by Magistrate Judge Amanda Arnold Sansone on 9/16/2025. (BEE)** (Entered: 09/16/2025) |
| 09/03/2025 | 97 | REPLY to Response to Motion re 93 MOTION to Compel */ Defendant's Reply In Support Of Its Motion to Compel [Doc. No. 93]* filed by WP Company LLC. (Locicero, Carol) (Entered: 09/03/2025) |
| 08/28/2025 | 96 | **ENDORSED ORDER granting 95 Motion for leave to file reply in support of 93 Motion to Compel. Reply of no more than four pages due by 9/5/2025. Signed by Magistrate Judge Amanda Arnold Sansone on 8/28/2025. (BEE)** (Entered: 08/28/2025) |
| 08/27/2025 | 95 | MOTION for Leave to File Reply in Support of Motion to Compel by WP Company LLC. (Hentoff, Thomas) (Entered: 08/27/2025) |
| 08/21/2025 | 94 | MEMORANDUM in opposition re 93 Motion to Compel filed by Trump Media & Technology Group Corp.. (Roberts, Jared) (Entered: 08/21/2025) |
| 08/07/2025 | 93 | MOTION to Compel by WP Company LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Hentoff, Thomas) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 08/07/2025) |
| 07/25/2025 | 92 | TRANSCRIPT of status conference held on June 18, 2025 before Judge Thomas P. Barber. Court Reporter: David J. Collier. Email address: david_collier@flmd.uscourts.gov. Telephone number: 813−301−5575.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 8/15/2025. Redacted Transcript Deadline set for 8/25/2025. Release of Transcript Restriction set for 10/23/2025. (DJC) (Entered: 07/25/2025) |

| 07/22/2025 | 91 | **ORDER granting 90 Motion for Protective Order. Signed by Magistrate Judge Amanda Arnold Sansone on 7/22/2025. (BEE)** (Entered: 07/22/2025) |
|---|---|---|
| 07/14/2025 | 90 | Joint MOTION for Protective Order by WP Company LLC. (Attachments: # 1 Text of Proposed Order Stipulated Protective Order)(Hentoff, Thomas) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 07/14/2025) |
| 06/20/2025 | 89 | ANSWER and affirmative defenses with Jury Demand to 70 Amended Complaint by WP Company LLC.(Hentoff, Thomas) (Entered: 06/20/2025) |
| 06/19/2025 | 88 | **CASE MANAGEMENT AND SCHEDULING ORDER: Discovery due by 2/28/2026; Dispositive motions due by 3/27/2026; Plaintiff disclosure of expert report due by 11/14/2025; Defendant disclosure of expert report due by 12/15/2025; Rebuttal disclosure of expert report dye by 1/15/2026. Pretrial Conference set for JULY 13, 2026, at 01:30 PM in Tampa Courtroom 14 A before Judge Thomas P. Barber. Trial set for term commencing 8/3/2026 before Judge Thomas P. Barber. The parties anticipate a JURY TRIAL will take 8 days to complete. Conduct mediation hearing by 3/10/2026. Lead counsel to coordinate dates. Signed by Judge Thomas P. Barber on 6/18/2025. (SRC)** (Entered: 06/19/2025) |
| 06/19/2025 | 87 | NOTICE of hearing: Case Management Conference set for NOVEMBER 19, 2025, at 01:30 PM in Tampa Courtroom 14 A before Judge Thomas P. Barber. (SRC) (Entered: 06/19/2025) |
| 06/18/2025 | 86 | Minute Entry. In Person Proceedings held before Judge Thomas P. Barber: CASE MANAGEMENT CONFERENCE held on 6/18/2025. Court Reporter: David Collier (SRC) (Entered: 06/19/2025) |
| 06/17/2025 | 85 | TRANSCRIPT of Case Management Conference Proceedings held on 01/23/2025 before Judge Thomas P. Barber. Court Reporter/Transcriber: Rebekah Lockwood. Email address: r.lockwooduscr@gmail.com. Telephone number: (813) 301–5380.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 7/8/2025. Redacted Transcript Deadline set for 7/18/2025. Release of Transcript Restriction set for 9/15/2025. (RML) (Entered: 06/17/2025) |
| 06/13/2025 | 84 | CASE MANAGEMENT REPORT. (Locicero, Carol) (Entered: 06/13/2025) |
| 06/06/2025 | 83 | **ORDER. "Defendant WP Company LLC's Motion to Dismiss the Second Amended Complaint with Supporting Memorandum of Law" (Doc. 74) is denied. Defendant is directed to file an answer to the second amended complaint on or before June 20, 2025. The parties are directed to file a case management report within 7 days. *See* (Doc. 77). The case management report will propose a date for completion of discovery no later than December 31, 2025, and for the filing of dispositive and *Daubert* motions no later than January 31, 2026. Signed by Judge Thomas P. Barber on 6/6/2025. (EKB)** (Entered: 06/06/2025) |
| 05/05/2025 | 82 | |

| | | |
|---|---|---|
| | | **ENDORSED ORDER granting 81 Motion to Withdraw as Counsel. Attorney Shawn Flynn terminated. Signed by Magistrate Judge Amanda Arnold Sansone on 5/5/2025. (BEE)** (Entered: 05/05/2025) |
| 05/02/2025 | 81 | MOTION for Shawn Flynn to Withdraw as Attorney by Trump Media & Technology Group Corp.. (Flynn, Shawn) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 05/02/2025) |
| 04/25/2025 | 80 | NOTICE canceling Pretrial Conference scheduled for 5/19/2025 before Judge Thomas P. Barber. (SRC) (Entered: 04/25/2025) |
| 04/08/2025 | 79 | REPLY to Response to Motion re 74 Third MOTION to Dismiss for Failure to State a Claim filed by WP Company LLC. (Hentoff, Thomas) (Entered: 04/08/2025) |
| 04/01/2025 | 78 | **ENDORSED ORDER: "Defendant WP Company, LLC's Unopposed Motion for Leave to File a Short Reply Brief" (Doc. 76) is granted. Defendant may file a two−page reply on or before April 8, 2025. Signed by Judge Thomas P. Barber on 4/1/2025. (EKB)** (Entered: 04/01/2025) |
| 04/01/2025 | 77 | **ENDORSED ORDER: The "Joint Motion to Modify Case Management Order" (Doc. 73) is granted. The parties will file a case management report within 7 days of the Court's order on the pending motion to dismiss the second amended complaint (Doc. 74) and commence document production within 21 days of the Court's order on that motion. Signed by Judge Thomas P. Barber on 4/1/2025. (EKB)** (Entered: 04/01/2025) |
| 02/26/2025 | 76 | Unopposed MOTION for Leave to File Reply in Support of Third Motion to Dismiss for Failure to State a Claim by WP Company LLC. (Hentoff, Thomas) (Entered: 02/26/2025) |
| 02/17/2025 | 75 | MEMORANDUM in opposition re 74 Motion to Dismiss for Failure to State a Claim filed by Trump Media & Technology Group Corp. (Roberts, Jared) Modified text on 2/18/2025 (AA). (Entered: 02/17/2025) |
| 01/27/2025 | 74 | Third MOTION to Dismiss for Failure to State a Claim by WP Company LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Hentoff, Thomas) (Entered: 01/27/2025) |
| 01/27/2025 | 73 | Joint MOTION to Modify *Case Management Order* by WP Company LLC. (Hentoff, Thomas) (Entered: 01/27/2025) |
| 01/24/2025 | 72 | NOTICE of hearing: Case Management Conference set for JUNE 18, 2025, at 01:30 PM in Tampa Courtroom 14 A before Judge Thomas P. Barber. (SRC) (Entered: 01/24/2025) |
| 01/23/2025 | 71 | Minute Entry. In Person Proceedings held before Judge Thomas P. Barber: CASE MANAGEMENT CONFERENCE held on 1/23/2025. Court Reporter: Rebekah Lockwood (SRC) (Entered: 01/24/2025) |
| 01/13/2025 | 70 | SECOND AMENDED COMPLAINT against WP Company LLC with Jury Demand. Filed by Trump Media & Technology Group Corp. (French, Stephen) Modified text on 1/14/2025 (BD). (Entered: 01/13/2025) |
| 01/13/2025 | 69 | NOTICE OF RESCHEDULING HEARING (AS TO TIME ONLY): The Case Management Conference previously scheduled for 1/23/2025 is rescheduled. New hearing time: JANUARY 23, 2025, at 01:30 PM in Tampa Courtroom 14 A before |

| | | |
|---|---|---|
| | | Judge Thomas P. Barber. (SRC) (Entered: 01/13/2025) |
| 12/23/2024 | 68 | **ORDER. "Defendant WP Company LLC's Motion to Dismiss with Supporting Memorandum of Law" (Doc. 49) is granted. The amended complaint (Doc. 48) is hereby dismissed without prejudice, with leave to amend. Plaintiff shall have up to and including January 13, 2025, to file a second amended complaint. See Order for details. Signed by Judge Thomas P. Barber on 12/23/2024. (EKB)** (Entered: 12/23/2024) |
| 12/23/2024 | 67 | **ENDORSED ORDER: "Defendant WP Company LLC's Motion for Leave to File a Short Reply Brief" (Doc. 54) is denied. Signed by Judge Thomas P. Barber on 12/23/2024. (EKB)** (Entered: 12/23/2024) |
| 12/11/2024 | 66 | NOTICE OF RESCHEDULING HEARING: The Case Management Conference previously scheduled for 12/18/2024 is rescheduled. New scheduling date and time: JANUARY 23, 2025, at 09:30 AM in Tampa Courtroom 14 A before Judge Thomas P. Barber. (SRC) (Entered: 12/11/2024) |
| 12/11/2024 | 65 | NOTICE OF RESCHEDULING HEARING (AS TO TIME ONLY): Due to a conflict in the Court's schedule, the Case Management Conference previously scheduled for 12/18/2024 is rescheduled. New hearing time: DECEMBER 18, 2024, at 09:30 AM in Tampa Courtroom 14 A before Judge Thomas P. Barber. (SRC) (Entered: 12/11/2024) |
| 11/04/2024 | 64 | **ENDORSED ORDER: The "Joint Motion to Modify Case Management Order" (Doc. 63) is granted. All deadlines and activities set forth in the Court's December 28, 2023, Case Management and Scheduling Order (Doc. 45) remain stayed pending further order of the Court. The parties are directed to comply with the provisions of paragraph 12 of the motion. The Court will address the schedule at the next case management conference. This Order modifies and supersedes the Court's Order of September 19, 2024 (Doc. 61). Signed by Judge Thomas P. Barber on 11/4/2024. (EKB)** (Entered: 11/04/2024) |
| 10/30/2024 | 63 | Joint MOTION to Modify *Case Management Order* by WP Company LLC. (Hentoff, Thomas) (Entered: 10/30/2024) |
| 10/25/2024 | 62 | NOTICE OF RESCHEDULING HEARING: The Case Management Conference previously scheduled for 10/31/2024 is rescheduled. New scheduling date and time: DECEMBER 18, 2024, at 01:30 PM in Tampa Courtroom 14 A before Judge Thomas P. Barber. (SRC) (Entered: 10/25/2024) |
| 09/19/2024 | 61 | **ENDORSED ORDER: The "Joint Motion to Modify Case Management Order" (Doc. 60) is granted. The parties are directed to comply with the provisions of paragraph 10(a)–(b) of the motion. All other deadlines and activities set forth in the Court's December 28, 2023, Case Management and Scheduling Order (Doc. 45) are stayed pending further order of the Court. The Court will address the schedule at the next case management conference. This Order modifies and supersedes the Court's Order of August 27, 2024 (Doc. 58). Signed by Judge Thomas P. Barber on 9/19/2024. (EKB)** (Entered: 09/19/2024) |
| 09/18/2024 | 60 | Joint MOTION to Modify *Case Management Order* by WP Company LLC. (Hentoff, Thomas) (Entered: 09/18/2024) |
| 09/06/2024 | 59 | NOTICE OF RESCHEDULING HEARING: The Case Management Conference previously scheduled for 9/25/2024 is rescheduled. New scheduling date and time: |

24

| | | |
|---|---|---|
| | | OCTOBER 31, 2024, at 01:30 PM in Tampa Courtroom 14 A before Judge Thomas P. Barber. (SRC) (Entered: 09/06/2024) |
| 08/27/2024 | 58 | **ENDORSED ORDER: The "Joint Motion to Modify Case Management Order" (Doc. 57) is granted. The parties are directed to comply with the provisions of paragraph 7(a)−(c) of the motion. All other deadlines and activities set forth in the Court's December 28, 2023, Case Management and Scheduling Order (Doc. 45) are stayed pending further order of the Court. The Court will address the schedule at the next case management conference. Signed by Judge Thomas P. Barber on 8/27/2024. (EKB)** (Entered: 08/27/2024) |
| 08/22/2024 | 57 | Joint MOTION to Modify 45 Case Management Scheduling Order by Trump Media & Technology Group Corp. (French, Stephen) Modified text on 8/23/2024 (ABM). (Entered: 08/22/2024) |
| 06/04/2024 | 56 | RESPONSE in Opposition re 54 MOTION for Miscellaneous Relief, specifically Leave to File a Reply Brief filed by Trump Media & Technology Group Corp. (Roberts, Jared) (Entered: 06/04/2024) |
| 05/22/2024 | 55 | TRANSCRIPT of Initial Case Management Conference Proceedings held on 12/13/2023 before Judge Thomas P. Barber. Court Reporter/Transcriber: Rebekah Lockwood. Email address: r.lockwooduscr@gmail.com. Telephone number: (813) 301−5380. <br><br> NOTICE TO THE PARTIES − The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 6/12/2024. Redacted Transcript Deadline set for 6/24/2024. Release of Transcript Restriction set for 8/20/2024. (RML) (Entered: 05/22/2024) |
| 05/21/2024 | 54 | MOTION for Miscellaneous Relief, specifically Leave to File a Reply Brief by WP Company LLC. (Hentoff, Thomas) (Entered: 05/21/2024) |
| 05/13/2024 | 53 | RESPONSE in Opposition re 49 Second MOTION to Dismiss for Failure to State a Claim filed by Trump Media & Technology Group Corp.. (French, Stephen) (Entered: 05/13/2024) |
| 04/26/2024 | 52 | NOTICE of hearing: Case Management Conference set for SEPTEMBER 25, 2024, at 01:30 PM in Tampa Courtroom 14 A before Judge Thomas P. Barber. (SRC) (Entered: 04/26/2024) |
| 04/26/2024 | 50 | TRANSCRIPT of Case Management Conference Proceedings held on 04/24/2024 before Judge Thomas P. Barber. Court Reporter/Transcriber: Rebekah Lockwood. Email address: r.lockwooduscr@gmail.com. Telephone number: (813) 301−5380. <br><br> NOTICE TO THE PARTIES − The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or |

| | | purchased through the Court Reporter. Redaction Request due 5/17/2024. Redacted Transcript Deadline set for 5/28/2024. Release of Transcript Restriction set for 7/25/2024. (RML) (Entered: 04/26/2024) |
|---|---|---|
| 04/24/2024 | 51 | Minute Entry. In Person Proceedings held before Judge Thomas P. Barber: CASE MANAGEMENT CONFERENCE held on 4/24/2024. Court Reporter: Rebekah Lockwood (SRC) (Entered: 04/26/2024) |
| 04/22/2024 | 49 | Second MOTION to Dismiss for Failure to State a Claim by WP Company LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Hentoff, Thomas) (Entered: 04/22/2024) |
| 04/08/2024 | 48 | AMENDED COMPLAINT against WP Company LLC with Jury Demand. filed by Trump Media & Technology Group Corp.. (Attachments: # 1 Exhibit A – Excerpts of WaPo Articles)(French, Stephen) (Entered: 04/08/2024) |
| 04/08/2024 | 47 | NOTICE of Appearance by Stephen B. French on behalf of Trump Media & Technology Group Corp. (French, Stephen) (Entered: 04/08/2024) |
| 03/08/2024 | 46 | **ORDER: "Defendant WP Company LLC's Motion to Dismiss with Supporting Memorandum of Law" (Doc. 12) is granted in part and denied in part. The complaint (Doc. [1–2]) is hereby dismissed without prejudice. The motion is otherwise denied. Plaintiff shall have up to and including April 8, 2024, to file an amended complaint. See Order for details. Signed by Judge Thomas P. Barber on 3/8/2024. (ANL) (Entered: 03/08/2024)** |
| 12/28/2023 | 45 | **CASE MANAGEMENT AND SCHEDULING ORDER: Discovery due by 10/23/2024; Dispositive motions due by 11/20/2024; Plaintiff disclosure of expert report due by 7/23/2024; Defendant disclosure of expert report due by 8/23/2024; Rebuttal disclosure of expert report due by 9/23/2024; Pretrial Conference set for MAY 19, 2025, at 01:30 PM in Tampa Courtroom 14 A before Judge Thomas P. Barber. Trial set for term commencing 6/2/2025 before Judge Thomas P. Barber. The parties anticipate a JURY TRIAL will take 8 days to complete. Conduct mediation hearing by 11/1/2024. Lead counsel to coordinate dates. Signed by Judge Thomas P. Barber on 12/28/2023. (SRC) (Entered: 12/28/2023)** |
| 12/16/2023 | 44 | NOTICE of hearing: Case Management Conference set for APRIL 24, 2024, at 01:30 PM in Tampa Courtroom 14 A before Judge Thomas P. Barber. (SRC) (Entered: 12/16/2023) |
| 12/13/2023 | 43 | Minute Entry. In Person Proceedings held before Judge Thomas P. Barber: INITIAL CASE MANAGEMENT CONFERENCE held on 12/13/2023. Court Reporter: Rebekah Lockwood (SRC) (Entered: 12/16/2023) |
| 11/22/2023 | 42 | NOTICE of hearing: Initial Case Management Conference set for DECEMBER 13, 2023, at 09:30 AM in Tampa Courtroom 14 A before Judge Thomas P. Barber. (SRC) (Entered: 11/22/2023) |
| 11/21/2023 | 41 | NOTICE of a related action per Local Rule 1.07(c) by Trump Media & Technology Group Corp.. Related case(s): Yes (Binnall, Jesse) (Entered: 11/21/2023) |
| 11/20/2023 | 40 | CASE MANAGEMENT REPORT. (Binnall, Jesse) (Entered: 11/20/2023) |
| 10/18/2023 | 39 | CORPORATE Disclosure Statement by Trump Media & Technology Group Corp. identifying Corporate Parent Trump Media & Technology Group Corp. for Trump |

| | | |
|---|---|---|
| | | Media & Technology Group Corp. (Binnall, Jesse) Modified text on 10/19/2023 (MCB). (Entered: 10/18/2023) |
| 10/18/2023 | 38 | NOTICE of Lead Counsel Designation by Jesse R. Binnall on behalf of Trump Media & Technology Group Corp. Lead Counsel: Jesse R. Binnall. (Binnall, Jesse) Modified text on 10/19/2023 (MCB). (Entered: 10/18/2023) |
| 10/12/2023 | 37 | **ENDORSED ORDER granting 36 Motion to Appear Pro Hac Vice. Attorney Jesse R. Binnall may appear pro hac vice, subject to the requirement that counsel submit their Pro Hac Vice E−File Registration within seven days of this order. Signed by Magistrate Judge Amanda Arnold Sansone on 10/12/2023. (BEE)** (Entered: 10/12/2023) |
| 10/12/2023 | 36 | MOTION for Jesse R. Binnall to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC−21349423 for $150 by Trump Media & Technology Group Corp.. (Roberts, Jared) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 10/12/2023) |
| 10/12/2023 | 35 | **ORDER. Plaintiff's "Motion to Remand to State Court" (Doc. 7) is denied. Plaintiff's "Motion to Shorten Deadlines and Expedite" (Doc. 11) is denied. See Order for details. Signed by Judge Thomas P. Barber on 10/12/2023. (EKB)** (Entered: 10/12/2023) |
| 10/06/2023 | 34 | NOTICE of supplemental authority re 7 First MOTION to Remand to State Court by Trump Media & Technology Group Corp. (Roberts, Jared) Modified on 10/6/2023 (CTR). (Entered: 10/06/2023) |
| 09/28/2023 | 33 | **ORDER denying 24 Motion to Stay Discovery. Signed by Magistrate Judge Amanda Arnold Sansone on 9/28/2023. (BEE)** (Entered: 09/28/2023) |
| 09/27/2023 | 32 | REPLY to Response to Motion re 24 MOTION to Stay Discovery filed by WP Company LLC. (Hentoff, Thomas) (Entered: 09/27/2023) |
| 09/20/2023 | 31 | **ENDORSED ORDER granting 30 Motion to file Reply Brief re 24 MOTION to Stay Discovery. Reply of no more than five pages is due by 9/27/2023. Signed by Magistrate Judge Amanda Arnold Sansone on 9/20/2023. (BEE)** (Entered: 09/20/2023) |
| 09/19/2023 | 30 | MOTION for Miscellaneous Relief, specifically Leave to File a Short Reply Brief re 24 MOTION to Stay Discovery by WP Company LLC. (Hentoff, Thomas) Modified on 9/20/2023 as to docket text (ARL). (Entered: 09/19/2023) |
| 09/14/2023 | 29 | RESPONSE in Opposition re 24 MOTION to Stay Discovery filed by Trump Media & Technology Group Corp.. (Roberts, Jared) (Entered: 09/14/2023) |
| 09/14/2023 | 28 | NOTICE of Appearance by Shawn Flynn on behalf of Trump Media & Technology Group Corp. (Flynn, Shawn) (Entered: 09/14/2023) |
| 09/07/2023 | 27 | NOTICE of Appearance by Jared Joseph Roberts on behalf of Trump Media & Technology Group Corp. (Roberts, Jared) (Entered: 09/07/2023) |
| 09/05/2023 | 26 | **ENDORSED ORDER directing Trump Media & Technology Group Corp. to respond to 24 MOTION to Stay Discovery. Response due by 9/14/2023. Signed by Magistrate Judge Amanda Arnold Sansone on 9/5/2023. (BEE)** (Entered: 09/05/2023) |
| 08/25/2023 | 25 | |

27

| | | |
|---|---|---|
| | | SUPPLEMENT re 24 MOTION to Stay Discovery *pursuant to Local Rule 3.01(g)* by WP Company LLC. (Hentoff, Thomas) (Entered: 08/25/2023) |
| 08/21/2023 | 24 | MOTION to Stay Discovery with supporting memorandum of law by WP Company LLC. (Hentoff, Thomas) Motions referred to Magistrate Judge Amanda Arnold Sansone. Modified on 8/21/2023 to edit docket text (AJS). (Entered: 08/21/2023) |
| 08/09/2023 | 23 | MEMORANDUM in opposition re 12 Motion to Dismiss for Failure to State a Claim, 19 Order to Strike filed by Trump Media & Technology Group Corp. (Kobal, Jason) Modified text on 8/10/2023 (MCB). (Entered: 08/09/2023) |
| 08/09/2023 | 22 | NOTICE TO COUNSEL Nicholas G. Gamse Local Rule 2.01(c), Special Admission of Non–Resident Lawyer – Submit a Pro Hac Vice E–File Registration through PACER. Visit www.flmd.uscourts.gov/for–lawyers for details (Signed by Deputy Clerk). (JK) (Entered: 08/09/2023) |
| 08/09/2023 | 21 | ENTERED IN ERROR. (JK) Modified on 8/9/2023 (JK). (Entered: 08/09/2023) |
| 08/07/2023 | 20 | **ENDORSED ORDER: "Defendant WP Company LLC's Motion for Leave to File a Short Reply Brief" (Doc. 18) is denied. If necessary to resolve the pending motion, the Court will direct the parties to file supplemental memoranda or set a hearing to further address the legal issues and arguments in this case. Defendant's motion for leave criticized Plaintiff's responsive memorandum as violating the page limitations imposed by the Local Rules. Defendant's point is correct but, ironically, Defendant's motion for leave also violates the Local Rules. It offers substantive argument in violation of the prohibition on filing a reply without leave of court. *See* Local Rule 3.01(d). It also arguably exceeds the page limit of three pages "inclusive of all parts." *Id.* The parties are encouraged to adhere to the terms of Rule 1 of the Federal Rules of Civil Procedure, which provides that "[t]hese rules... should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Unnecessary motion practice, nit–picking, gamesmanship, and "gotcha" litigation tactics are a complete waste of everyone's time and do not further the just, speedy, and inexpensive determination of the issues in this, or any other, proceeding. Signed by Judge Thomas P. Barber on 8/7/2023. (EKB)** (Entered: 08/07/2023) |
| 08/07/2023 | 19 | **ENDORSED ORDER: "Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss" (Doc. 17) is hereby stricken. Plaintiff's memorandum violates the page limitation imposed by Local Rule 3.01(b). The memorandum also appears to violate the typography requirements imposed by Local Rule 1.08. Plaintiff may file a memorandum in opposition that conforms to the Local Rules on or before August 14, 2023. The parties are encouraged to adhere to the terms of Rule 1 of the Federal Rules of Civil Procedure, which provides that "[t]hese rules... should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Unnecessary motion practice, nit–picking, gamesmanship, and "gotcha" litigation tactics are a complete waste of everyone's time and do not further the just, speedy, and inexpensive determination of the issues in this, or any other, proceeding. Signed by Judge Thomas P. Barber on 8/7/2023. (EKB)** (Entered: 08/07/2023) |
| 08/02/2023 | 18 | MOTION for Miscellaneous Relief, specifically to File a Short Reply Brief re: 12 Motion to Dismiss by WP Company LLC. (Hentoff, Thomas) (Entered: 08/02/2023) |

28

| 07/27/2023 | 17 | STRICKEN per 19 Order –– MEMORANDUM in opposition re 12 Motion to Dismiss for Failure to State a Claim filed by Trump Media & Technology Group Corp. (Kobal, Jason) Modified on 7/28/2023 (CTR). Modified to strike on 8/9/2023 (JK). (Entered: 07/27/2023) |
|---|---|---|
| 07/26/2023 | 16 | RESPONSE in Opposition re 7 First MOTION to Remand to State Court filed by WP Company LLC. (Hentoff, Thomas) (Entered: 07/26/2023) |
| 07/21/2023 | 15 | NOTICE informing the parties that they may consent to the jurisdiction of a United States magistrate judge by filing Form AO 85 Notice, Consent, and Reference of a Civil Action to a Magistrate Judge using the event **Consent to Jurisdiction of US Magistrate Judge**. (Signed by Deputy Clerk). (SRC) (Entered: 07/21/2023) |
| 07/21/2023 | 14 | NOTICE of Local Rule 3.02(a)(2), which requires the parties in every civil proceeding, except those described in subsection (d), to file a case management report (CMR) using the uniform form at www.flmd.uscourts.gov. The CMR must be filed (1) within forty days after any defendant appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Judges may have a special CMR form for certain types of cases. These forms can be found at www.flmd.uscourts.gov under the Forms tab for each judge. (Signed by Deputy Clerk). (SRC) (Entered: 07/21/2023) |
| 07/18/2023 | 13 | AMENDED COMPLAINT and NOTICE OF REMOVAL from the 12th Judicial Circuit Court In and For Sarasota County, Florida, case number 2023–CA–004552 filed in State Court on 05/20/2023 filed by WP Company LLC. (Attachments: # 1 Civil Cover Sheet, # 2 State Court COMPLAINT, # 3 State Court Docket Sheet, # 4 State Court Other Documents EXHIBIT 1)(Locicero, Carol) Modified text on 7/18/2023 (KME). Modified on 7/19/2023 to edit docket text (BCB). (Entered: 07/18/2023) |
| 07/17/2023 | 12 | MOTION to Dismiss for Failure to State a Claim by WP Company LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Hentoff, Thomas) (Entered: 07/17/2023) |
| 07/15/2023 | 11 | First MOTION to Expedite by Trump Media & Technology Group Corp.. (Kobal, Jason) (Entered: 07/15/2023) |
| 07/14/2023 | 10 | **ENDORSED ORDER granting 8 Motion to Appear Pro Hac Vice; granting 9 Motion to Appear Pro Hac Vice. Attorneys Thomas G. Hentoff and Nicholas G. Gamse may appear pro hac vice, subject to the requirement that counsel submit their Pro Hac Vice E–File Registration within seven days of this order. Signed by Magistrate Judge Amanda Arnold Sansone on 7/14/2023. (BEE)** (Entered: 07/14/2023) |
| 07/13/2023 | 9 | Unopposed MOTION for Nicholas G. Gamse to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–21038937 for $150 by WP Company LLC. (Locicero, Carol) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 07/13/2023) |
| 07/13/2023 | 8 | Unopposed MOTION for Thomas G. Hentoff to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–21038891 for $150 by WP Company LLC. (Locicero, Carol) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 07/13/2023) |

| 07/12/2023 | 7 | First MOTION to Remand to State Court by Trump Media & Technology Group Corp. (Kobal, Jason) Modified on 7/13/2023 to remove punctuation. (LD). (Entered: 07/12/2023) |
|---|---|---|
| 07/12/2023 | 6 | NOTICE of Lead Counsel Designation by Jason R. Kobal on behalf of Trump Media & Technology Group Corp. Lead Counsel: Steven S. Biss, Esq. (Kobal, Jason) Modified on 7/13/2023 to remove punctuation.(LD). (Entered: 07/12/2023) |
| 07/12/2023 | 5 | NOTICE TO COUNSEL Jason Kobal; Steven S. Biss of Local Rule 2.02(a), which states, "The first paper filed on behalf of a party must designate only one lead counsel who – unless the party changes the designation – remains lead counsel throughout the action." Counsel must file a **Notice of Lead Counsel Designation** identifying lead counsel. (Signed by Deputy Clerk). (AG) (Entered: 07/12/2023) |
| 07/11/2023 | 3 | NOTICE TO COUNSEL Steven S. Biss, Thomas G. Hentoff and Nicholas G. Gamse Local Rule 2.01(c), Special Admission of Non–Resident Lawyer – File a Motion to Appear Pro Hac Vice. Co–counsel with filing rights may electronically file the motion on behalf of the non–resident lawyer or the motion may be filed on paper; Pay the Special Admission Fee; Submit a Pro Hac Vice E–File Registration through PACER. Visit www.flmd.uscourts.gov/for–lawyers for details (Signed by Deputy Clerk). (ABC) (Entered: 07/11/2023) |
| 07/11/2023 | 2 | CERTIFICATE of interested persons and corporate disclosure statement by WP Company LLC identifying Other Affiliate Nash Holdings LLC, Other Affiliate Explore Holdings LLC, Other Affiliate Nash Parallel Investment LLC for WP Company LLC. (Locicero, Carol) Modified text on 7/12/2023 (AG). (Entered: 07/11/2023) |
| 07/10/2023 | 4 | NEW CASE ASSIGNED to Judge Thomas P. Barber and Magistrate Judge Amanda Arnold Sansone. New case number: 8:23–cv–1535–TPB–AAS. (ABC) (Entered: 07/11/2023) |
| 07/10/2023 | 1 | COMPLAINT and NOTICE OF REMOVAL from 1th Judicial Circuit Court in and for Sarasota County, Florida, case number 2023–CA–004552 filed in State Court on 5/20/2023. Filing fee $402, receipt number AFLMDC–21025143 filed by WP Company LLC. (Attachments: # 1 Civil Cover Sheet, # 2 State Court COMPLAINT, # 3 State Court Docket Sheet, # 4 State Court Other Documents)(Locicero, Carol) Modified on 7/11/2023 to edit text(ABC). Modified text on 7/12/2023 (AG). (Entered: 07/10/2023) |

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### Tampa Division

| | |
|---|---|
| TRUMP MEDIA & TECHNOLOGY GROUP CORP.,<br><br>        Plaintiff,<br><br>v.<br><br>WP COMPANY, LLC,<br>d/b/a The Washington Post,<br><br>        Defendant. | Case No. 8:23-cv-1535-TPB-AAS |

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Plaintiff, TRUMP MEDIA & TECHNOLOGY GROUP CORP., by and through its undersigned counsel, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Final Judgment in a Civil Case entered in this action on July 17, 2026 (ECF No. 258), and from the Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Partial Summary Judgment entered on July 16, 2026 (ECF No. 257), together with the endorsed order entered July 2, 2026 (ECF No. 255), and from each and every part thereof. This appeal is taken pursuant to <u>28 U.S.C. § 1291</u> and Rules 3 and 4 of the Federal Rules of Appellate Procedure. The judgment appealed from is a final decision disposing of all claims as to all parties.

Dated: July 29, 2026                    Respectfully submitted,

                                     **BRITO, PLLC**
                                     *Counsel for Plaintiff*
                                     2121 Ponce de Leon Boulevard
                                     Suite 650
                                     Miami, FL 33134
                                     Office: 305-614-4071
                                     Fax: 305-440-4385

                                     By: /s/ *Alejandro Brito*
                                     **ALEJANDRO BRITO**
                                     Florida Bar No. 098442
                                     Primary: abrito@britopllc.com
                                     Secondary: apiriou@britopllc.com
                                     **JALAINE GARCIA**
                                     Florida Bar No. 58632
                                     Primary: jgarcia@britopllc.com
                                     **IAN MICHAEL CORP**
                                     Florida Bar No. 1010943
                                     Primary: icorp@britopllc.com

**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed

on July 29, 2026 through the Court's CM/ECF electronic filing system upon:

Carol J. Locicero, Esq.
Linda Riedemann Norbut, Esq.
Thomas & LoCicero, PL
601 South Blvd.
Tampa, FL 33606-2629
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com

Thomas G. Hentoff, Esq.
Nicholas G. Gamse, Esq.
Williams & Connolly
680 Maine Avenue S.W.
Washington, DC 20024
thentoff@wc.com
ngamse@wc.com
*Counsel for Defendant*

By: /s/ *Alejandro Brito*

3
**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TRUMP MEDIA & TECHNOLOGY**
**GROUP CORP**

      **Plaintiff**

**v.**                                                    **Case No: 8:23-cv-1535-TPB-AAS**

**WP COMPANY LLC**

      **Defendant**

---

## JUDGMENT IN A CIVIL CASE

**Decision by Court.**   This action came before the Court and a decision has been rendered.

    **IT IS ORDERED AND ADJUDGED**

Pursuant to the Court's Order entered on July 16, 2026, judgment in favor of Defendant, WP Company LLC and against the Plaintiff, Trump Media & Technology Group Corp.

**Any motions seeking an award of attorney's fees and/or costs must be filed within the time and in the manner prescribed in Local Rule 7.01, United States District Court Middle District of Florida.**

Date: July 17, 2026

                        MEGAN A. MANN, CLERK

                        s/L. DeAngelis, Deputy Clerk

# CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5**: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e) **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TRUMP MEDIA & TECHNOLOGY
GROUP CORP.,

      Plaintiff,

v.                              Case No. 8:23-cv-1535-TPB-AAS

WP COMPANY LLC,

      Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on "Defendant WP Co. LLC d/b/a The Washington Post's Motion for Summary Judgment and Incorporated Memorandum of Law" (Doc. 211) and "Plaintiff's Motion for Partial Summary Judgment and Incorporated Memorandum of Law" (Doc. 218-1), filed on April 24, 2026. Each party filed a response in opposition to the opposing party's motion, and a reply in support of its own motion. (Docs. 235-1; 236-1; 247; 248-1). Upon review of the motions, responses, replies, court file, and record, the Court finds as follows:

**Introduction**

In 2023, Defendant WP Company LLC (the "Post") published an article titled "Trust linked to porn-friendly bank could gain a stake in Trump's Truth Social," which reported on the finances of Trump Media Technology Group ("TMTG"). After almost three years of litigation, the Post has now admitted that portions of the article included false information. Specifically, the Post admits its story incorrectly stated that TMTG

paid a $240,000 referral fee in connection with an $8 million loan from an entity known as ES Family Trust.  The Post now admits that no such payment was made and recently chose to publish a "Correction" to that effect.[1]  TMTG contends in this defamation lawsuit that the statements about the referral fee were false and defamatory and seeks almost $2 billion in damages resulting from the publication.

However, under controlling United States Supreme Court and Eleventh Circuit precedent following *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), a jury will not have the opportunity to decide this case.  To survive summary judgment, TMTG must show more than just that the Post's statements were false and defamatory.  Current law requires that TMTG also establish that the Post acted with "*actual malice*," that is, TMTG must prove that, at the time the Post published the statements, the Post either actually knew the statements were false or had serious doubt as to whether they were true or false.  Further, to prevail under current law, TMTG must establish actual malice by evidence that goes beyond the "preponderance of the evidence" necessary in the usual civil case and adduce evidence on this issue that is *clear and convincing*.

These standards are exceedingly difficult for any plaintiff to meet, and TMTG has not met them here.  TMTG's evidence establishes beyond any doubt whatsoever that the Post published false information – the Post has admitted that.  Under the facts presented here, reasonable minds could certainly conclude the Post acted unreasonably and should have conducted a better investigation before making the challenged

---

[1] *See Correction*, Washington Post, May 22, 2026 (Doc. 248-2) ("Discovery in the ongoing litigation has established that Trump Media didn't pay a loan referral fee of $240,000, as was stated in the article and was based on The Post's reporting at the time of publication.")

statements.  But under controlling precedent, such a showing is not sufficient to establish actual malice by clear and convincing evidence.  Accordingly, the Court is required to grant summary judgment for the Post.

## Background

This lawsuit for defamation by TMTG[2] against the Post arises from an article titled "Trust linked to porn-friendly bank could gain a stake in Trump's Truth Social," published by the Post on May 13, 2023.  The article described events related to a contemplated merger between TMTG and Digital World Acquisition Corp. ("DWAC") as part of taking TMTG's "Truth Social" business public.  The article noted there had been a delay in obtaining SEC approval for the merger, which supporters of (then) former President Donald Trump and TMTG attributed to political bias.  The article offered an alternative explanation for the delay: concerns over a loan or loans obtained by TMTG, the identities of the lenders, and whether those loans had been properly disclosed by DWAC in its public filings.  The article cited various sources for its story, including "internal documents a company whistleblower has shared with federal investigators and [the Post]" and statements expressly attributed to the whistleblower, former TMTG officer Will Wilkerson.

The article related that in late 2021, with the proposed merger "frozen" and TMTG concerned about paying its bills, DWAC CEO Patrick Orlando announced that he had arranged for $8 million in loans from an entity known as "ES Family Trust." According to the article, the loans were part of a deal in which TMTG would receive the

---

[2]  The Post asserts that the name of Plaintiff following the merger is "TMTG Sub, Inc." and Plaintiff does not appear to disagree.  For convenience, the court will continue to refer to Plaintiff as "Plaintiff" or as " TMTG."

Page 3 of 20

loans, and in exchange, ES Family Trust would acquire an equity interest in the public entity to be formed from the merger of TMTG and DWAC.  This loan-for-stock deal was reflected, according to the article, in a convertible promissory note, although the article acknowledged that the only copy of the note the Post had been able to locate was unsigned.  The article also reported that some of the funds were wired by another entity, Paxum Bank, which had ties to ES Family Trust and to the adult film industry.  Of particular importance here, the article reported that TMTG paid a finder's fee of $240,000 in connection with the loans to Entoro Securities, a Texas entity, of which Orlando was a managing director.

The article stated that neither the loan-for-stock deal nor the finder's fee had been disclosed to shareholders of DWAC or the SEC, and that New York University law professor Michael Ohlrogge opined that the deal was "unusual and rife with questionable decisions and potential conflicts of interest," that these issues could affect the value of the shares, and that they should have been disclosed.  The article also noted that the British journal *The Guardian* had earlier reported that federal prosecutors in New York were investigating whether TMTG violated money laundering statutes in connection with these loans, and that TMTG Chief Executive Officer Devin Nunes filed a lawsuit against Wilkerson and others (including *The Guardian*) asserting that *The Guardian* story was "fabricated."

TMTG's original complaint alleged that nine separate statements in the article relating to the ES Family Trust loan deal, the finder's fee, and the money-laundering investigation were false and defamatory.  The Court dismissed TMTG's original complaint and dismissed an amended complaint for failure to state a claim on which

Page 4 of 20

39

relief can be granted.  The Court allowed TMTG to amend its pleadings, and TMTG's

second amended complaint narrowed its defamation claim to two statements from the

Post's article relating to the purported finder's fee that TMTG alleged were false and

defamatory.  Those statements are:

1. "The companies also have not disclosed to shareholders or the SEC that Trump Media paid a $240,000 finder's fee for helping to arrange the $8 million loan deal with ES Family Trust"; and

2. "The recipient of that fee was an outside brokerage associated with Patrick Orlando, then Digital World's CEO[.]"

The Post moved to dismiss the second amended complaint, arguing among other

things that TMTG had failed to plead facts showing the statements were made with

"actual malice" as required by *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964),

that is, with knowledge they were false or with reckless disregard of whether they were

false.  The Court denied the Post's motion to dismiss the second amended complaint,

concluding that TMTG's allegations "nudged" its claims over the line from conceivable

to plausible, which is sufficient at the pleading stage.

The Post moved for summary judgment, arguing that TMTG has not come

forward with evidence sufficient to allow a jury to conclude, under the clear and

convincing evidence standard, that the Post acted with actual malice.  TMTG moved

for partial summary judgment on various liability issues.   On July 2, 2026, the Court

entered an endorsed order granting the Post's motion for summary judgment and

denying TMTG's motion.  (Doc. 255).  This Order provides further detail and

explanation for that ruling.

### **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A properly supported motion for summary judgment is not defeated by the existence of a factual dispute.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Only the existence of a genuine issue of material fact will preclude summary judgment.  *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact.  *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004).  When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact.  *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995).  If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true, and all reasonable inferences must be drawn in the nonmoving party's favor.  *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

Where the party moving for summary judgment does not bear the burden of proof at trial, it may satisfy its initial summary judgment burden by pointing out that there is an absence of evidence in the record to support a judgment for the opposing party on the claim or defense the moving party attacks.  *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16 (11th Cir. 1993).  Where the moving party will bear the burden of proof on an issue at trial, demonstrating the absence of a genuine issue of material fact

Page 6 of 20

requires the submission of credible evidence that, if not controverted at trial, would entitle the moving party to a directed verdict. *Id.*

In deciding whether a genuine issue of material fact exists at the summary judgment stage, the district court must be guided by the substantive standard that will apply at trial. *See Anderson*, 477 U.S. at 255-56. Accordingly, where a plaintiff will be required at trial to prove an issue by "clear and convincing" evidence, the "appropriate summary judgment question" is whether the record evidence could support a reasonable jury in finding that the plaintiff has proven the issue by clear and convincing evidence. *Id.* at 255-56

The standard for cross-motions for summary judgment is not different from the standard applied when only one party moves for summary judgment. *See Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005). The Court must consider each motion separately, resolving all reasonable inferences against the party whose motion is under consideration. *Id.* "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (quoting *Bricklayers Int'l Union, Local 15 v. Stuart Plastering Co.*, 512 F.2d 1017, 1023 (5th Cir. 1975)).

## Analysis

The general principles of law governing defamation claims are discussed in the Court's prior orders on the Post's motions to dismiss, and that discussion is incorporated here by reference. *See, e.g., Trump Media & Tech. Grp. Corp. v. WP Co.*

*LLC*, 720 F. Supp. 3d 1203, 1208 (M.D. Fla. 2024).  TMTG has not seriously disputed its status as a public figure.  As such, the Post's arguments for summary judgment focus on the issue of actual malice.

### *The Actual Malice Standard*

The Post's article reported that TMTG paid a finder's fee in connection with the ES Family Trust loan to Entoro Securities, a company with which DWAC CEO Patrick Orlando was affiliated, based on Orlando's obtaining the loan for TMTG.  It is now undisputed that the Post got that wrong.  As the Post admits in its very, very belated "Correction" to the article, discovery in this case "has established that Trump Media didn't pay a loan referral fee of $240,000, as was stated in the article[.]"  And because no fee was paid, there was no "failure" to report the fee to shareholders or the authorities as the article had reported.

TMTG, however, as a public figure, is required to prove not only that the challenged statements were false but also that the Post (through its employees who worked on the story, principally reporter Drew Harwell and editor Mark Seibel), published the statements with "actual malice," that is, with actual knowledge that the statements were false or with reckless disregard of whether they were false.  *See Michel v. NYP Holdings, Inc.,* 816 F.3d 686, 702 (11th Cir. 2016) (quoting *Sullivan*, 376 U.S. at 280).

The test for actual malice "is not an objective one and the beliefs or actions of a reasonable person are irrelevant."  *Michel*, 816 F.3d at 702-03.  Rather, the test is subjective: "we ask whether the defendant, instead of acting in good faith, *actually* entertained serious doubts as to the veracity of the published account, or was highly

Page 8 of 20

43

aware that the account was probably false." *Id.* at 703 (emphasis supplied); *Dershowitz v. Cable News Network, Inc.,* 153 F.4th 1189, 1193 (11th Cir. 2025) ("[A]ll that matters are the speakers' subjective beliefs about the truth of their own statements.").

Of course, absent an admission by the defendant, a plaintiff will rarely have direct evidence of the defendant's subjective mental state, and actual malice may be proven with circumstantial evidence. *Harte-Hanks Commc'ns, Inc. v Connaughton,* 491 U.S. 657, 668 (1989).   Such evidence may include a combination of factors such as the inherent improbability of the defamatory claim, reason to doubt the veracity or reliability of the source, the lack of any attempt to corroborate or refute a questionable claim by consulting the most obvious sources, and the defendant's awareness of "other credible information contradicting the claim." *See, e.g.,  Hunt v. Liberty Lobby*, 720 F.2d 631, 643 (11th Cir. 1983) (holding that actual malice may be inferred from circumstances such as improbable allegations and reliance on anonymous or other questionable sources).

Nevertheless, the evidence must be sufficient to show more than that the defendant was negligent in publishing the statement.  *See Dershowitz,* 153 F.4th at 1193 (quoting *Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 510 (1991)).  Courts regularly recognize that evidence showing that a defendant conducted a shoddy investigation is insufficient.  *See, e.g.*, *Harte-Hanks,* 491 U.S. at 688 ("[F]ailure to investigate before publishing, even when a reasonably prudent person would have done so, is not sufficient to establish reckless disregard."); *Scheindlin v. Accelerate 360, LLC,* No. 2:24-CV-553-KCD-NPM, 2026 WL 1026855, at *4 (M.D. Fla. Apr. 16, 2026) ("[C]rappy journalism does not equal actual malice.").  "Actual malice requires more

than a departure from reasonable journalistic standards.  Thus, a failure to investigate, standing on its own, does not indicate the presence of actual malice[.]" *Michel*, 816 F.3d at 703 (citations omitted).  Rather, in order to raise an inference of actual malice, the evidence must show the defendant "purposefully avoided further investigation with the intent to avoid the truth."  *Id.* (citations omitted).

### *The Requirement of Clear and Convincing Evidence*

A public figure defamation plaintiff must not only prove actual malice at trial but must also do so under the clear and convincing evidence standard, rather than the more lenient preponderance of the evidence standard applicable in the usual civil case. Therefore, to defeat the Post's motion for summary judgment and demonstrate a genuine issue for trial, TMTG must point to clear and convincing evidence that the Post acted with actual malice.  *See, e.g.*, *Silvester v. Am. Broad. Companies, Inc.*, 839 F.2d 1491, 1498 (11th Cir. 1988) (citing *Anderson*, 477 U.S. at 248).  In other words, to avoid summary judgment, TMTG's evidence must be "sufficient to satisfy the court that a genuine issue of material fact exists which would allow a jury to find by clear and convincing evidence the existence of actual malice on the part of the defendant" under the standards set forth above.  *See Block v. Matesic*, 789 F. Supp. 3d 1131, 1169 (S.D. Fla. 2025) (quoting *Dockery v. Fla. Democratic Party*, 799 So. 2d 291, 294 (Fla. 2d DCA 2001)).

While not impossible to satisfy, the clear and convincing standard has been described as "heavy," as "daunting," as involving a "high standard of proof," and as "significantly more onerous" than the preponderance of the evidence standard.  *Veritas v. Cable News Network, Inc.*, 121 F.4th 1267, 1283 (11th Cir. 2024); *Block*, 789 F. Supp.

3d at 1169-70. The standard requires that the plaintiff's evidence render the existence of actual malice not only possible, or even probable, but *highly* probable. *See Moore v. Cecil*, 174 F.4th 862, 879 (11th Cir. 2026). The evidence must "be of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established." *Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir. 2019) (quoting *Slomowitz v. Walker*, 429 So. 2d 797, 800 (Fla. 4th DCA 1983)); *Block*, 789 F. Supp. 3d at 1170. It must be sufficient to "instantly [tilt] the evidentiary scales in the affirmative when weighed against" the opposing evidence. *Colorado v. New Mexico*, 467 U.S. 310, 315-16 (1984).

The Court's task therefore is to determine, based on its independent review of the record as a whole, "whether the evidence in the record is sufficient to cross the constitutional threshold that bars the entry of any judgment that is not supported by clear and convincing proof of actual malice." *See Moore*, 174 F.4th at 879 (quoting *Harte-Hanks*, 491 U.S. at 686). Whether the record would support a finding of actual malice by a reasonable jury presents a question of law for the Court. *See id.*

### *The Evidence in this Case*

When assessed under these standards, the Court concludes based on the record that TMTG's evidence fails to cross the "constitutional threshold." The circumstantial evidence adduced by TMTG certainly supports a jury finding that the Post acted unreasonably and should have done a more thorough investigation into the alleged payment of the finder's fee. But it falls short of providing a basis for a jury finding that the evidence clearly and convincingly shows that the Post knew the story was false or published it with reckless disregard of whether it was false, that is, with serious doubt

as to whether the story was true or false or with a high degree of awareness that the story was probably false.

**First**, there is no evidence that the Post fabricated the story that TMTG paid a finder's fee, nor is there anything inherently implausible or even extraordinary about the story itself. *See Michel*, 816 F.3d at 705 (affirming dismissal of defamation complaint, explaining that no facts alleged in the complaint indicated that the challenged statement was "fabricated by the defendants [or] wholly imaginary").

**Second**, the Post did not rely on anonymous tips, rumors, or other manifestly unreliable sources as is sometimes the case. It relied on information received from Wilkerson, an insider in position to know the truth, who was willing to go on the record, and who was providing information not only to the Post but also to other newspapers and government officials. The Post also relied on information from Wilkerson's lawyers, whom the Post understood to be providing information on behalf of Wilkerson. *See id.* (affirming dismissal of defamation complaint where the story was not based on an unverified anonymous phone call).

Harwell's declaration asserts that Wilkerson's lawyers told him that TMTG paid the fee. His contemporaneous notes confirm that assertion, as does a recording of an interview session involving not only the lawyers but Wilkerson himself. TMTG does not dispute Harwell's assertions. Although Wilkerson's deposition testimony might be slightly inconsistent with Harwell's declaration and raise an issue of fact as to whether Wilkerson himself actually told Harwell that TMTG paid the fee, Wilkerson does not deny that his lawyers did so.[3]

---

[3] Wilkerson did not squarely testify that he never told Harwell that the fee had been paid. At one point, he testified that he was the source of the Post's information about payment of the

TMTG argues that Wilkerson was an unreliable source because TMTG suspended and then fired Wilkerson, giving him a motive to fabricate the story in retaliation. As the Court has previously observed, an employee's termination does not necessarily cast doubt on negative information the employee provides about an employer. *See Berisha v. Lawson*, 973 F.3d 1304, 1312 (11th Cir. 2020) (holding that facts that might undermine a source's credibility "do not show that a publisher necessarily acted with malice by relying on the source"); *Loeb v. New Times Commc'ns Corp.*, 497 F. Supp. 85, 92-93 (S.D.N.Y. 1980) (noting that there was no evidence that the defendant's "sources, even if biased, would necessarily provide false information").

Further, it is undisputed that Wilkerson did not "blow the whistle" after he had been fired. He was fired *for* "blowing the whistle," *i.e.*, for providing information to the press. Harwell's declaration explains that he assessed Wilkerson's credibility and concluded based on past experience with Wilkerson that Wilkerson was reliable. No record evidence casts doubt on that assertion.

**Third**, the Post investigated the story by reviewing documents provided by Wilkerson and his lawyers, including a draft fee agreement and an invoice for the fee apparently from Entoro Securities. These documents are fully consistent with the assertion by Wilkerson's lawyers that TMTG paid the fee although they do not directly confirm it. They certainly do not contradict it. Harwell can be faulted for not pressing to obtain final documents or additional confirmation, but there is no evidence that

---

$240,000 fee and that, from his perspective, the fee was paid, "so I think that's what I relayed to [Harwell]." At another point, he testified that, when he left TMTG, he did not understand that the fee had been paid, and that he would not have told Harwell something that was untrue; and in other places he testified that he could not "recall specifically" whether he talked to Harwell about whether the fee was paid.

anyone or any document told Harwell the fee had not been paid.  In the absence of an obvious reason to doubt the story, Harwell's failure to seek additional confirmation does not suggest that he actually doubted the fee had been paid and purposefully sought to avoid the truth.  *Cf. Harte-Hanks*, 491 U.S. at 682-83 (affirming jury verdict for defamation where a local paper published an account of a conversation involving a judicial candidate that six witnesses denied had occurred as reported, while declining to pursue critical evidence that might have confirmed or disproved it).

**Fourth**, prior to publishing, and consistent with his usual practice, Harwell sent to TMTG and others what the Post refers to as "no surprises" emails.  These are sent to provide the subjects of an article an overview of information that may be included in the article, to give the subjects notice and a chance to comment or provide additional information.  Harwell reached out to a number of different sources that included TMTG itself, TMTG CEO Devin Nunes, TMTG co-founders Wes Moss and Andy Litinsky, DWAC CEO Patrick Orlando, Entoro partner James Row, and the SEC.  None responded with any information.

TMTG criticizes Harwell's "no surprises" email on the ground that it referred only to the fee agreement rather than to *payment* of the fee, but the email's express reference to the fee agreement and to "Entoro's referral fee" is not what one would expect if the Post were trying to avoid the truth about the fee.  If, as TMTG claims, the payment, not the agreement, is the critical fact, the Post's "no surprises" email could be expected to elicit an explanation from TMTG that, regardless of any agreement, the fee had not been paid.  The notion that the reference to the fee agreement in the "no

Page 14 of 20

49

surprises" emails was intended to distract attention from the subject of payment of the fee is speculative and insufficient to create a genuine issue of fact.

TMTG also argues that the Post sought confirmation from sources that it expected would not respond. While government agencies might be expected to decline comment on ongoing cases or investigations, that is not true of the many other sources noted above to whom the Post reached out.

TMTG argues that actual malice is demonstrated by the fact that the Post learned within a few days after publication that its own sources lacked proof of payment but did not issue a correction. But the crucial inquiry for actual malice is the Post's state of mind at the time of publication. Assuming the Post's failure to correct the story immediately upon learning that Wilkerson had no knowledge that payment had been made is relevant at all to the Post's knowledge and state of mind at the time of publication, any inference from these post-publication facts to actual malice at the time of publication is speculative at best. *See Block*, 789 F. Supp. 3d at 1179 (treating a refusal to retract as "rather weak" evidence of actual malice and noting that "the 'probative value' of a refusal to retract 'as to a defendant's state of mind at the time of publication is dubious at best'") (quoting *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 281 (S.D.N.Y. 2013)).

TMTG further argues that actual malice can be inferred from Harwell telling Professor Ohlrogge, an expert at New York University Law School that he consulted while developing the story, about an agreement to pay the fee but failing to inform him that the document the Post relied on as evidence of the agreement was an unsigned draft. However, Harwell stated in his declaration that he sent a copy of the draft

Page 15 of 20

50

agreement to Ohlrogge, and in any event, telling Ohlrogge there was an agreement or payment is perfectly consistent with Harwell's belief that there was an agreement and payment; it is hardly evidence that Harwell knew or doubted those things were true.

In short, a source who was in a position to know the truth and was not obviously unreliable told the Post that TMTG paid a finder's fee for the ES Family Trust loan. The idea that TMTG would pay such a fee is not inherently implausible. The source provided the Post with documents consistent with the assertion of payment although not directly confirming it. No person or document contradicted what the Post had been told. The Post reached out prior to publication to numerous sources, but none provided contrary information.

TMTG's evidence raises an issue of fact on whether the Post acted unreasonably in failing to push for more information. However, based on the Court's independent review of the record, the evidence TMTG points to, taken individually and collectively, falls short of providing a basis for a jury to find clear and convincing evidence of actual malice, that is, evidence that the Post had serious doubts about the truth of the statements that the fee had been paid to Entoro or was highly aware that it was probably false. Accordingly, the Court is required to grant summary judgment for the Post and against TMTG on TMTG's defamation claim.

### TMTG's Conspiracy Claim

TMTG's second amended complaint alleges a second count for conspiracy to injure TMTG by publishing false and defamatory statements. Because a claim for civil conspiracy requires an underlying tort and TMTG's defamation claim fails, its claim for conspiracy based on defamation also fails. *See, e.g., Corsi v. Newsmax Media, Inc.,*

519 F. Supp. 3d 1110, 1120 & n.6 (S.D. Fla. 2021) ("Lastly, even if Corsi had properly pleaded the alleged conspiracy, a conspiracy to defame claim cannot stand where, as here, the defamation action fails.  There being no defamation – the gist of the defamation conspiracy – there can be no conspiracy claim.").

***TMTG's Motion for Partial Summary Judgment***

TMTG has moved for partial summary judgment seeking a ruling that the Post published the statements about payment of the finder's fee, that the statements were false and defamatory, and that they were published with actual malice.  TMTG also seeks summary judgment on certain of the Post's affirmative defenses to TMTG's claims.  Because TMTG cannot prove actual malice, a necessary element of its claims, TMTG's other contentions are irrelevant, as are the Post's affirmative defenses.  The Court therefore denies TMTG's motion for partial summary judgment in light of the summary judgment ruling for the Post on actual malice.

## Conclusion

The evidence in this case could certainly lead reasonable people to conclude that the Post's investigation and reporting on the issue discussed above was sloppy and inadequate.  And as a result, the Post published a story that included false information that, nearly three years into this litigation, it had to "correct."  Nonetheless, as the law currently stands, a public figure plaintiff must come forward with clear and convincing evidence of actual malice before the case may proceed to a jury trial.  Under these twin requirements, there is no doubt that it is extremely difficult for a public figure plaintiff to bring a successful defamation claim against a media defendant.

Although it is rooted in the First Amendment, which was adopted in 1791, the law applicable here was essentially invented by the U.S. Supreme Court in 1964 when it decided *New York Times v. Sullivan.* "Since 1964, however, our Nation's media landscape has shifted in ways few could have foreseen." *Berisha v. Lawson*, 141 S. Ct. 2424, 2427 (2021) (Gorsuch, J., dissenting from denial of certiorari). Numerous justices, judges, and commentators have suggested that the law in this area needs to be revisited.[4] In the words of Justice Gorsuch, "given the momentous changes in the Nation's media landscape since 1964, I cannot help but think the Court would profit from returning its attention . . . to a field so vital to the 'safe deposit' of our liberties." *Id.* at 2430.

Very recently, Judge Barbara Lagoa of the Eleventh Circuit concurred in a panel decision affirming summary judgment for CNN in a defamation case brought against the network by Harvard Law School professor emeritus Alan Dershowitz. *See Dershowitz*, 153 F.4th at 1197-1206 (Lagoa, J. concurring). The majority opinion, as is the situation presented here, turned on the absence of evidence of actual malice. Judge Lagoa wrote separately to criticize the actual malice standard of *Sullivan* and to suggest the Supreme Court should reconsider it. *See id.* Her concurring opinion focused on the historical understanding of the scope and recognized limits on the

---

[4] *See, e.g.*, *Berisha* 141 S. Ct. at 2424-30 (separate dissents from denial of certiorari by Justices Thomas and Gorsuch); Cass R. Sunstein, *Falsehoods and the First Amendment*, 33 Harv. J.L. & Tech. 387, 389, 396 (2020) (arguing that *Sullivan* "badly overshot the mark" and "looks increasingly anachronistic, a bit of a dinosaur in light of what is happening online and improved understandings about how information spreads"); Benjamin Barron, *A Proposal to Rescue New York Times v. Sullivan by Promoting A Responsible Press*, 57 Am. U.L. Rev. 73, 76 (2007) (noting criticism that the actual malice standard, among other things, tends to encourage irresponsible journalism).

natural right of free speech prevailing at the time of the ratification of the
Constitution, at the ratification of the Fourteenth Amendment, and for another
century thereafter until upended by *Sullivan'*s creation of the actual malice standard,
*see id.* at 1197-1206, a standard which in Judge Lagoa's view "'has *no* relation to the
text, history, or structure of the Constitution.'" *Id.* at 1197 (quoting *Tah v. Global
Witness Publ'g, Inc.*, 991 F.3d 231, 251 (D.C. Cir. 2012) (Silberman, J., dissenting in
part)).  In her view, *Sullivan* and its progeny "are policy-driven decisions dressed up as
constitutional law[.]"  *Id.* at 1198.[5]   She also took issue with the balance struck by
*Sullivan*, reasoning that the right to speak and publish is protected in order to ensure
the public has adequate information about the government and its representatives, but
that interest is not served by protecting false statements.  *See id.* at 1200.

This Court shares many of Judge Lagoa's concerns, and if it were deciding this
case on a clean slate, the result might be different.  If the law did not require "*clear
and convincing evidence*" of actual malice, it is likely the Post's motion for summary
judgment would have been denied, and a jury would have had the opportunity to weigh
in on this matter.  However, "until the Supreme Court reconsiders *Sullivan*, we are
bound by it[.]"  *Id.* at 1206.  As explained above, under controlling law, TMTG's

---

[5] Judge Charles Wilson also separately concurred but expressed "reservations about
suggestions that the Supreme Court should reconsider [*Sullivan*.]"  *Id.* at 1207 (Wilson, J.,
concurring).  Judge Wilson reasoned that, while "our understanding of the First Amendment
should be guided by its original meaning and heed common law traditions," nevertheless, in his
view, "ambiguous historical evidence [did] not justify casting aside a unanimous Supreme
Court decision and nearly sixty years of settled precedent[,]" and the "real-world consequences
and reliance interests at stake counsel us to pump the brakes before calling to overrule
*Sullivan.*"  *Id.* (citations omitted).

evidence is insufficient to support a finding of actual malice under the clear and convincing standard, and summary judgment for the Post is therefore required.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant WP Co. LLC d/b/a The Washington Post's Motion for Summary Judgment" (Doc. 211) is **GRANTED**.

2. "Plaintiff's Motion for Partial Summary Judgment" (Doc. 218-1) is **DENIED**.

3. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff.

4. Following entry of judgment, the Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of July, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE

```
MIME-Version:1.0
From:cmecf_flmd_notification@flmd.uscourts.gov
To:cmecf_flmd_notices@localhost.localdomain
Bcc:
--Case Participants: Catherine A. Reid (creid@wc.com), Alejandro Brito
(abrito@britopllc.com, apiriou@britopllc.com, lcoello@britopllc.com), Samuel Max Lazerwitz
(slazerwitz@wc.com), Thomas G. Hentoff (thentoff@wc.com,
thomas-hentoff-2429@ecf.pacerpro.com), Jason Winter (jason@wintertrimacco.com), Linda
Riedemann Norbut (lnorbut@tlolawfirm.com, nstfort@tlolawfirm.com), Claire Rossell Cahill
(ccahill@wc.com), Isabelle Jensen Beaton (ibeaton@wc.com), Jalaine Garcia
(jgarcia@britopllc.com), Steven S. Biss (stevenbiss@earthlink.net), Jason R. Kobal
(koballaw@gmail.com, koballaw@yahoo.com), Ian Corp (icorp@britopllc.com), Nicholas G.
Gamse (ngamse@wc.com), Carol J. Locicero (bbrennan@tlolawfirm.com,
clocicero@tlolawfirm.com, smaxey@tlolawfirm.com), Judge Thomas P. Barber
(chambers_flmd_barber@flmd.uscourts.gov), Magistrate Judge Amanda Arnold Sansone
(chambers_flmd_sansone@flmd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:27438586@flmd.uscourts.gov
Subject:Activity in Case 8:23-cv-01535-TPB-AAS Trump Media & Technology Group Corp. v. WP
Company LLC Order on Motion for Summary Judgment
Content-Type: text/html
```

## U.S. District Court

## Middle District of Florida

## Notice of Electronic Filing

The following transaction was entered on 7/2/2026 at 5:39 PM EDT and filed on 7/2/2026

| | |
|---|---|
| **Case Name:** | Trump Media & Technology Group Corp. v. WP Company LLC |
| **Case Number:** | 8:23–cv–01535–TPB–AAS |
| **Filer:** | |
| **Document Number:** | 255(No document attached) |

**Docket Text:**
 **ENDORSED ORDER: Defendant's motion for summary judgment (Doc. [211]) is granted. Plaintiff has failed to present evidence that would allow a jury to find by clear and convincing evidence that Defendant published the allegedly defamatory statements with actual malice. For the same reason, Plaintiff's motion for partial summary judgment (Doc. [218–1]) is denied. The Pretrial Conference set for July 13, 2026, is cancelled. A written order memorializing and explaining these rulings will follow in due course. Signed by Judge Thomas P. Barber on 7/2/2026. (EKB)**

**8:23–cv–01535–TPB–AAS Notice has been electronically mailed to:**

Carol J. Locicero     clocicero@tlolawfirm.com, bbrennan@tlolawfirm.com, smaxey@tlolawfirm.com

Alejandro Brito     abrito@britopllc.com, apiriou@britopllc.com, lcoello@britopllc.com

Jalaine Garcia     jgarcia@britopllc.com

Jason R. Kobal    koballaw@yahoo.com, koballaw@gmail.com

Linda Riedemann Norbut    lnorbut@tlolawfirm.com, nstfort@tlolawfirm.com

Ian Corp    Icorp@britopllc.com

Steven S. Biss    stevenbiss@earthlink.net

Thomas G. Hentoff    thentoff@wc.com, thomas–hentoff–2429@ecf.pacerpro.com

Nicholas G. Gamse    ngamse@wc.com

Isabelle Jensen Beaton    ibeaton@wc.com

Jason Winter    jason@wintertrimacco.com

Samuel Max Lazerwitz    slazerwitz@wc.com

Catherine A. Reid    creid@wc.com

Claire Rossell Cahill    ccahill@wc.com

**8:23–cv–01535–TPB–AAS Notice has been delivered by other means to:**