# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

TRUMP MEDIA & TECHNOLOGY
GROUP CORP.,

      Plaintiff,

                                     Case No: 8:23-cv-01535-TPB-AAS

v.

WP COMPANY LLC d/b/a
The Washington Post,

      Defendant.

_____/

## DEFENDANT WP COMPANY LLC'S MOTION FOR RECONSIDERATION UNDER RULES 59(e) AND 60(b) OF THE ORDER TERMINATING ITS MOTION FOR DISCOVERY SANCTIONS

On June 18, 2026, Defendant WP Company LLC d/b/a The Washington Post ("The Post") filed a motion for sanctions related to Plaintiff Trump Media & Technology Group's ("TMTG") repeated noncompliance with discovery obligations and Court orders. Doc. No. 252 ("Sanctions Mot."). That motion sought both an adverse jury instruction to be given at the trial set for August 2026, and fees and expenses associated with The Post's efforts to enforce TMTG's compliance with Court orders and its discovery obligations. *Id.* On July 16, 2026, while the sanctions motion was still pending, the Court granted summary judgment in favor of Defendant, WP Company LLC ("The Post"). Doc. No. 257. The Court also "directed" the Clerk "to terminate any pending motions . . . and thereafter close this case." *Id.* at 20.

The Post files this motion for reconsideration of the termination solely for the limited purpose of seeking Court action on the portion of its motion for sanctions seeking costs and fees pursuant to Rule 37. The Court's summary judgment order did not moot that portion, which is a collateral discovery issue.

## I.   PROCEDURAL HISTORY

The procedural history leading up to The Post's motion for sanctions is discussed at length in its motion. *See* Sanctions Mot. at 3-8. Briefly, The Post moved, multiple times, to compel document production, interrogatory responses, and several other discovery items from TMTG. *Id.* Magistrate Judge Sansone oversaw four discovery hearings and issued four orders that granted in large part The Post's motions to compel and required TMTG to comply with basic discovery obligations and prior Court orders. *Id.* at 4-8.

In her November 19, 2025 Order, Magistrate Judge Sansone invited The Post to renew its sanctions request at a later date. *See* Doc. No. 128 ("Nov. 19 Order") at 3-4. At the hearing, Magistrate Judge Sansone stated that "based on the ruling today, along with the other [previous] rulings, I will entertain the defendant['s]" sanctions motion. Nov. 19 Hr'g Tr. 66:20-21:2. She noted that the subsequent motion could be held "in abeyance" and "brought later if discovery continues to be an issue." *Id.* 66:22, 68:2-3; *see* 66:18-68:8.

Months later, TMTG had still failed to produce relevant documents and respond to proper interrogatories. *See* Sanctions Mot. at 6-8. The Post moved to compel again on February 28, 2026, and Magistrate Judge Sansone granted this

2

motion in large part on March 31, 2026. *See id.* at 7-8; *see also* Doc. No. 193. Months later (indeed, through the closing of this case), TMTG remained out of compliance with multiple Court orders. *See* Sanctions Mot. at 8-9. The Post thus filed its sanctions motion on June 18, 2026.

The Post's sanctions motion sought two forms of relief. *See id.* at 11-12, 21-22. The first, an adverse jury inference, is now moot because of the Court's summary judgment order and judgment. The second form of relief sought is not moot. Specifically, the motion also asked the Court to order TMTG to pay The Post's reasonable fees and expenses associated with its numerous motions to compel, which were granted in large part, under Federal Rule of Civil Procedure 37(a)(5), (b)(2)(C), and (c). *See id.* at 21-25. This request was consistent with Judge Sansone's previous invitation to The Post to file a motion for fees and expenses associated with the briefing on its successful motions to compel. *See* Nov. 19 Hr'g Tr. 66:18-68:8; Nov. 19 Order at 3-4.

That sanctions motion remained pending on July 16, 2026, when the Court granted The Post's motion for summary judgment and entered an order directing the Clerk to "terminate any pending motions" and "close this case." Doc No. 257. The next day, the Clerk entered judgment in favor of The Post. Doc. No. 258.

TMTG noticed its appeal on July 29, 2026. Doc No. 260.

## II.   THE COURT RETAINS JURISDICTION TO REVIEW ITS DECISION AS TO THE POST'S SANCTIONS MOTION.

As an initial matter, regardless of any appellate proceedings related to the merits of the final judgment, the Court retains jurisdiction to review and

reconsider the narrow issue of its termination of The Post's motion for sanctions. "It is well established that a federal court may consider collateral issues after an action is no longer pending," such as "motions for costs or attorney's fees." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *see also Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020) ("[T]he purpose of the sanctions outlasts the end of the case. Otherwise, parties who abuse the judicial procedures could get off scot-free . . . ."); *Martinez v. Rumble, Inc.*, 2024 WL 3342273, at *2 (M.D. Fla. June 25, 2024) (retaining jurisdiction over motion for sanctions under Rule 37 because such a motion presents "a collateral matter"), *report and recommendation adopted*, 2024 WL 3738821 (M.D. Fla. July 11, 2024).

This case is no exception—the relief remaining in The Post's sanctions motion is merely for expenses and fees, which has no bearing on the Court's summary judgment ruling. The Court thus retains jurisdiction to hear this motion for reconsideration and the original motion for sanctions.

## III. RECONSIDERATION IS WARRANTED ON THE NARROW ISSUE OF THE COURT'S TERMINATION OF THE SANCTIONS MOTION.

The Post respectfully requests that the Court reconsider its termination of its sanctions motion, as to just the request for monetary sanctions.

"Whether brought under Rule 59(e) or 60(b), a motion for reconsideration generally requires an intervening change in controlling law, newly discovered evidence, or the need to correct manifest errors of law or fact."[1] *State Farm Mut.*

---

[1] Because this issue is collateral to the merits, Rule 60(b) governs the instant motion. *See United States v. Route 1, Box 111, Firetower Rd.*, 920 F.2d 788, 791 n.3 (11th Cir. 1991) (Although the

*Auto. Ins. Co. v. Home Auto Glass LLC*, 2025 WL 418015, at \*2 (M.D. Fla. Feb. 6, 2025) (Barber, J.) (citing *Jenkins v. Anton*, 922 F.3d 1257, 1263 (11th Cir. 2019)). While a motion for reconsideration "is 'not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision,' such a motion is appropriate 'when the court has patently misunderstood a party and has made a decision outside the adversarial issues presented, or has made a mistake, not of reasoning, but of apprehension.'" *DeBose v. Univ. of S. Fla. Bd. of Trs.*, 2017 WL 6365787, at \*1 (M.D. Fla. Oct. 26, 2017) (quoting *Wendy's Int'l, Inc. v. Nu–Cape Constr., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla. 1996)).

Reconsideration of the limited issue of the administrative termination of The Post's sanctions motion is warranted here, for three reasons.

First, given that one of The Post's two forms of relief sought in its sanctions motion was mooted, and that the second form of relief was not addressed by the Court, it appears possible that the Post's request for monetary sanctions was inadvertently overlooked. *See, e.g., DeBose*, 2017 WL 6365787, at \*1; *Catlin Syndicated Ltd. v. Ramuji, LLC*, 2020 WL 886284, at \*3 (N.D. Ala. Feb. 24, 2020) (granting motion for reconsideration where movants "raised an argument in their briefing that this court did not address"); *see also Huggins v. Lueder, Larkin &*

---

court is not "bound by the nomenclature a party attaches to a . . . motion," "Rule 59(e) applies to motions to alter or amend some substantive aspect of the judgment; whereas Rule 60(b)(1) applies to collateral matters.").

*Hunter, LLC*, 39 F.4th 1342, 1349 (11th Cir. 2022) (vacating denial of sanctions motion filed after final judgment).

Second, the termination is inconsistent with the Court's prior orders. Specifically, Judge Sansone granted The Post leave to bring the motion based on her multiple rulings in favor of The Post's multiple motions to compel. *See* Nov. 19 Hr'g Tr. 66:18-68:8; Nov. 19 Order at 3-4. The Post spent substantial effort litigating its multiple motions to compel in an attempt to enforce compliance with Judge Sansone's orders requiring basic discovery compliance—production of relevant documents, responses to interrogatories, and more. Denying the subsequent motion through an administrative termination without explanation is inconsistent with that order and invitation.

Third, termination of the motion without a written decision on the merits of hinders meaningful appellate review. *See, e.g.*, *Danley v. Allen*, 480 F.3d 1090, 1091 (11th Cir. 2007) (per curiam) (district court "orders should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review"); *Didie v. Howes*, 988 F.2d 1097, 1104-05 (11th Cir. 1993) (remanding sanctions motion that the trial court had "summarily disposed of").

## CONCLUSION

For the foregoing reasons, The Post respectfully requests that, under Rule 59(e) and 60(b), the Court reconsider its administrative termination of The Post's motion for sanctions, Doc. No. 252.

Dated: August 10, 2026

THOMAS & LoCICERO PL

*/s/ Carol Jean LoCicero*
Carol Jean LoCicero (FBN 603030)
Linda R. Norbut (FBN 1011401)
601 South Boulevard
Tampa, FL  33606
Telephone: (813) 984-3060
Facsimile: (813) 984-3070
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com

*Counsel for Defendant*

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

*/s/ Thomas G. Hentoff*
Thomas G. Hentoff (*pro hac vice*)
Nicholas G. Gamse (*pro hac vice*)
Claire R. Cahill (*pro hac vice*)
Samuel M. Lazerwitz (*pro hac vice*)
Isabelle Jensen Beaton (*pro hac vice*)
Catherine A. Reid (*pro hac vice*)
680 Maine Avenue, S.W.
Washington, DC  20024
Telephone: (202) 434-5000
Facsimile: (202) 480-8371
thentoff@wc.com
ngamse@wc.com
ccahill@wc.com
slazerwitz@wc.com
ibeaton@wc.com
creid@wc.com

*Counsel for Defendant*

7

## LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to Middle District of Florida Local Rule 3.01(g), undersigned counsel certifies that counsel for The Post conferred with counsel for Plaintiff regarding the relief requested in this motion through email correspondence on August 7, 2026 and August 10, 2026.  Plaintiff's counsel has advised that Plaintiff opposes the relief requested.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2026, I electronically filed a true and correct copy of the foregoing motion with the Clerk of Court using the CM/ECF system, which will send notice of the filing to the email address of all counsel of record.

/s/ *Thomas G. Hentoff*
*Counsel for Defendant*