**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

TRUMP MEDIA & TECHNOLOGY GROUP CORP.,

Plaintiff,

v.

WP COMPANY, LLC, d/b/a The Washington Post,

Defendant.

Case No. 8:23-cv-1535-TPB-AAS

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION UNDER RULES 59(e) AND 60(b) OF THE ORDER TERMINATING ITS MOTION FOR DISCOVERY SANCTIONS**

Plaintiff, TRUMP MEDIA & TECHNOLOGY GROUP CORP. ("TMTG"), by and through its undersigned counsel, respectfully submits this Response in Opposition to the Motion For Reconsideration Under Rules 59(e) and 60(b) of the Order Terminating Its Motion for Discovery Sanctions (the "Motion") [ECF No. 262] filed by Defendant, WP COMPANY, LLC, d/b/a The Washington Post ("Defendant" or "The Post"), and in support thereof states:

## INTRODUCTION

The Post asks this Court to reopen a case that has already been resolved in The Post's favor – and to declare, in the process, that this Court did not mean what it plainly said. The Court granted The Post's motion for summary judgment by

paperless order on July 2, 2026, and then, on July 16, 2026, entered its detailed order directing entry of judgment and expressly "direct[ing]" the Clerk "to terminate any pending motions and deadlines and thereafter close this case." ECF No. 257 at 20. The Post's Motion for Discovery Sanctions [ECF No. 252] (the "Sanctions Motion") was one of those pending motions. The termination of the Sanctions Motion was a deliberate act of docket management, not an oversight, and reconsideration does not lie to relieve a party of a disposition that it simply dislikes.

The Post's Motion should also be seen for what it is. The Post filed its Sanctions Motion on June 18, 2026—on the eve of trial, with a pretrial conference set for July 13, 2026, and jury instructions coming due—and sought two forms of relief: an adverse jury instruction and an award of attorney's fees. *See* ECF No. 252. The adverse jury instruction was the object of the motion: an attempt to have the jury presume the existence of the very agreement that The Post could not prove on a central disputed issue. That request is now moot. The Court granted The Post's motion for summary judgment, and there is no jury to instruct. What remains is the fee request—relief that the Court has never granted. The Court twice took the fee question under advisement pending TMTG's compliance with discovery matters, with which TMTG complied, *see* ECF No. 112 at 2 nn.1–2, and when it addressed the issue of sanctions on November 19, 2025, the Magistrate Judge *denied* The Post's request without prejudice, affording only a narrow, optional path to renew it by

separate motion. ECF No. 134 at 66–68. The Post never took that path. It waited seven months and folded a stale fee request into its bid for a merits-altering jury instruction. Having failed to obtain the sanction that it actually wanted, The Post now repackages the never-granted, never-renewed fee request as "reconsideration," and asks this Court to award relief that it already declined to give. Rules 59(e) and 60(b) do not permit that maneuver.

The Post cannot satisfy the reconsideration standard. It identifies no intervening change in controlling law, no newly discovered evidence, and no manifest error – only the supposition that the Court "inadvertently overlooked" its fee request. ECF No. 262 at 5. It did not. The Motion should be denied.

## ARGUMENT

### I. Legal Standard

"Whether brought under Rule 59(e) or 60(b), a motion for reconsideration generally requires an intervening change in controlling law, newly discovered evidence, or the need to correct manifest errors of law or fact." *State Farm Mut. Auto. Ins. Co. v. Home Auto Glass LLC*, 2025 WL 418015, at *2 (M.D. Fla. Feb. 6, 2025) (Barber, J.) (citing *Jenkins v. Anton*, 922 F.3d 1257, 1263 (11th Cir. 2019)). Reconsideration "is an extraordinary remedy which should be used sparingly." *Id.* (internal quotations and citation omitted). It is "not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision."


BRITO, PLLC
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

*DeBose v. Univ. of S. Fla. Bd. of Trs.*, 2017 WL 6365787, at *1 (M.D. Fla. Oct. 26, 2017) (quoting *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla. 1996)). Rather, it is appropriate only "when the court has patently misunderstood a party … or has made a mistake, not of reasoning, but of apprehension." *Id.* The movant bears a heavy burden, and the decision rests in the Court's sound discretion. *Id.; see also Frazetta Properties, LLC v. Vanguard Productions, LLC,* 2024 WL 1639170, at *1 (M.D. Fla. Apr. 16, 2024).

These standards reflect the distinct, limited purposes of each Rule. Rule 59(e) exists to allow a court to correct its own manifest errors or to account for an intervening change in law or newly discovered evidence—not to give a dissatisfied litigant a second opportunity to argue its case. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Rule 60(b), in turn, provides relief from a final judgment or order only in the narrow circumstances that the Rule enumerates, and it "may not be used as a substitute for a proper and timely appeal." *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996) (internal quotations and citation omitted). Neither Rule authorizes what The Post seeks here—the reopening of a considered disposition so that The Post may obtain relief that the Court declined to grant.

## II. The Post Identifies No Ground For Reconsideration.

In its Motion, The Post concedes the governing standard, yet satisfies no part of it. It identifies no intervening change in law, no newly discovered evidence, and


**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

no manifest error. Its sole theory is that it "appears possible" that the Court "inadvertently overlooked" the fee portion of the Sanctions Motion. ECF No. 262. That is not a ground for reconsideration. It is a request that the Court assume its own error and then correct it. Speculation about the Court's mental processes cannot carry the movant's heavy burden, and a party may not use reconsideration "to relitigate old matters" or to raise what "could have been raised" before judgment. *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

The premise of the Motion is also factually wrong. The Court's summary judgment order was neither silent nor inadvertent. The Court expressly "directed" the Clerk "to terminate any pending motions and deadlines and thereafter close this case." ECF No. 257 at 20 (¶ 4). The Sanctions Motion was—by The Post's own account—one of those "pending motions." ECF No. 262 at 1, 3. The Court is, of course, familiar with its own docket, and its dispositive order should be given effect according to its terms. The timeline confirms as much. The Sanctions Motion was fully briefed and ripe well before the termination. The Post filed it on June 18, 2026, and TMTG's response was due on July 2, 2026 – the same day the Court entered a paperless order granting The Post summary judgment. The Court did not enter its detailed order terminating all pending motions until July 16, 2026, two weeks later. The Sanctions Motion was thus pending and ripe before the Court for the entire interval between its summary judgment ruling and its considered termination order.

A fully briefed motion that sits before the Court for two weeks, and is then expressly terminated in a deliberate order cataloguing the docket, is not a motion that the Court "inadvertently overlooked." It is one the Court is presumed to have considered. The termination was thus a deliberate act, and The Post's disagreement with it "is not a basis for reconsideration." *DeBose*, 2017 WL 6365787, at *1.

One of the authorities The Post invokes underscores that it invokes the wrong standard. In *Catlin Syndicated Ltd. v. Ramuji, LLC*, 2020 WL 886284 (N.D. Ala. Feb. 24, 2020), the court granted reconsideration because its reasoned summary judgment opinion had "failed to address an argument" the movant had actually raised and briefed—the classic "mistake … of apprehension." *Id.* at *1. The Post identifies no comparable mistake. It contends only that the Court "inadvertently overlooked" the Sanctions Motion when it terminated all pending motions and closed the case. That is speculation about the Court's mental processes, not a demonstrated error, and speculation cannot carry a Rule 60(b)(1) movant's burden. Reconsideration corrects demonstrated error; it is not a vehicle to "refut[e] the court's prior decision." *DeBose*, 2017 WL 6365787, at *1.

## III. The Post's Election of Rule 60(b)(1) Defeats Its Own Motion.

The Post expressly relies on Rule 60(b)(1), not Rule 59(e), because it views the fee issue as "collateral to the merits." ECF No. 262 at 4 n.1. TMTG does not dispute that the Court retains jurisdiction over a collateral fee question after


**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

judgment. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395 (1990); *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020). But those cases speak only to the Court's power to act, not to whether The Post has shown any ground for relief. And Rule 60(b)(1) – the Rule that The Post invokes – permits relief only for "mistake, inadvertence, surprise, or excusable neglect." Although a judge's legal error may qualify as a "mistake," *Kemp v. United States,* 596 U.S. 528, 533-34 (2022), The Post still must identify a mistake that warrants relief. It has not done so.

The Post's own theory offers only two possibilities, and neither entitles it to relief under Rule 60(b)(1) – either the Court made a considered ruling when it terminated the Sanctions Motion, or it overlooked the motion by mistake.

If the termination was a considered ruling, The Post's remedy is the appeal it has already noticed. *See* ECF No. 263. Rule 60(b) "may not be used as a substitute for a proper and timely appeal," *Rice*, 88 F.3d at 919, and a motion for reconsideration is "not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision," *DeBose*, 2017 WL 6365787, at *1 — which is precisely what a challenge to a deliberate termination would be.

Alternatively, if The Post contends the Court inadvertently overlooked its fee request, it must show that such an oversight actually occurred. It bears the burden on its own motion, and relief under Rule 60(b) rests in the Court's sound discretion. The Post offers nothing but supposition. Its own authority confirms the point.


**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

Reconsideration for a "mistake, not of reasoning, but of apprehension," is available only where the court "made a decision outside the adversarial issues presented." *DeBose,* 2017 WL 6365787, at *1 (citation omitted). The fee request was squarely within the adversarial issues, and the Court's order expressly directed the Clerk to terminate all pending motions. ECF No. 257 at 20. The ordinary inference is that the Court terminated the motions it meant to terminate. The Post's speculation that it did so unwittingly cannot displace that inference or satisfy its burden.

Whether The Post alleges a legal ruling or an inadvertent oversight, its Motion fails.

**IV. The Termination Is Not Inconsistent With Any Prior Order.**

The Post argues that termination is "inconsistent" with Magistrate Judge Sansone's November 19, 2025 ruling because that ruling "granted … leave" to seek fees. ECF No. 262 at 6. The premise is wrong. The November 19 Order did not award The Post anything. On the contrary, it *denied* The Post's request: "The Post's oral motion for discovery sanctions (Doc. 127) is *DENIED without prejudice*." ECF No. 128 at ¶ 7. The Court confirmed as much from the bench, explaining that it was "simply just denying that without prejudice." ECF No. 134 at 68. There was no grant that would be "inconsistent" with the termination of the pending motions, and there was no ruling that The Post was entitled to an award of fees or that any fees were owed. Terminating a request that had already been denied—when the Court entered


BRITO, PLLC
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

judgment and closed the case—is entirely consistent with that denial, not a departure from it.

The limited path the Court left open only underscores the point. The Court gave The Post an *optional* opportunity to renew its request by a *separate* motion, confined to fees "incurred for requesting compliance with the court's prior discovery rulings in its favor," and to be "brought later *if discovery continues to be an issue*"—adding that if no motion came in, the Court would understand the parties had "worked that out" or "tabled it." ECF No. 128 at ¶ 7; Tr. 67–68. The Post never filed that motion. It let the conditional leave lapse and, seven months later, folded stale fee requests into an eve-of-trial motion for a merits-altering jury instruction under Rules 37(a)(5), (b)(2)(C), and (c)(1). By the time the Court entered judgment, there was no live, properly renewed fee motion of the kind the Court had contemplated—only a denied request The Post had never revived as directed. Terminating all motions was ordinary docket management consistent with the Court's deliberate direction to "terminate any pending motions … and thereafter close this case." ECF No. 257 at 20. Nothing in the Court's prior orders committed it to award fees, and nothing about the termination is "inconsistent" with what the Court actually did.

The Post's contrary authority does not fit. It cites *Huggins v. Lueder, Larkin & Hunter, LLC*, 39 F.4th 1342 (11th Cir. 2022), for the proposition that a sanctions motion may be entertained after final judgment. But *Huggins* is a *Rule 11* decision


**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

about that Rule's 21-day safe harbor. It holds only that a party who serves a Rule 11 motion at least 21 days before judgment is not barred from *filing* it afterward. *Id.* at 1346–49. It says nothing about Rule 37 discovery fees, and nothing about whether a court errs by terminating a pending motion when it closes a case. If anything, *Huggins* cuts against The Post. Its concern was preserving a movant's ability to file, and here The Post was never prevented from filing—it simply chose not to file the motion the Court described, and instead bundled stale fees into a different, eve-of-trial motion. *Huggins* does not require the Court to grant, or even reach, that request.

## V. Termination Does Not Impair Appellate Review.

Finally, The Post argues that termination "hinders meaningful appellate review." ECF No. 262 at 6. The premise misunderstands what the termination did. The Sanctions Motion sought two forms of relief – first and foremost, an adverse jury instruction, and secondarily, an award of fees. ECF No. 252 at 1–3, 26. The Post itself acknowledged that if the Court granted summary judgment, "the request for an adverse jury instruction would be moot." *Id.* at 2 n.1. The Court did grant summary judgment, ECF No. 257 ¶ 1, mooting the motion's principal relief and leaving only a fee request the Court had no obligation to resolve before closing the case. The termination of that motion, ECF No. 257 ¶ 4, was thus an ordinary consequence of the case's disposition, not an unexplained ruling on a contested question.


**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

The Post's authorities do not require more. *Danley* and *Didie* fault a court for *adjudicating* a contested matter without explaining the decision an appellate court must then review—a one-sentence denial of qualified immunity in *Danley*, 480 F.3d at 1092, and a Rule 11 ruling entered on "starkly contradictory" facts without findings in *Didie*, 988 F.2d at 1104–05. Neither holds that a district court must issue a written merits opinion on a motion it did not reach, or that terminating a motion upon final judgment is itself reversible for want of explanation. To the extent the Post believes its fee request warranted a decision it never received, that argument is for the Eleventh Circuit, where its appeal is pending—not for a motion asking this Court to reconsider a disposition it deliberately made in closing the case.

**VI. The Underlying Fee Request Is Meritless.**

Reconsideration is also properly denied for the independent reason that the relief The Post seeks to revive is meritless. Fee shifting under Rule 37 is not automatic. The Court may not shift fees where the resisting party's position was "substantially justified"—a standard satisfied whenever "reasonable people could differ" about it. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997); *see* Fed. R. Civ. P. 37(a)(5)(A)(ii), (b)(2)(C). TMTG's central position throughout—that a document's appearance on a search-term "hit" report does not make it responsive, non-privileged, and subject to production—is correct and supported by the case law. A


**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

party that takes a position the law supports is not "substantially unjustified." *Pierce*, 487 U.S. at 565.

The record confirms as much. TMTG produced close to four million pages, responded to 53 requests for production and 25 interrogatories, and sat for 17 depositions. The Court itself recognized that this "has *not been a wholesale victory* on every single issue by the defendant," and that it would therefore not be "appropriate" to award The Post "all of your time spent on all of these issues." ECF No. 134 at 67. The record bore that out: in the March 31, 2026 Order, two requests were denied as moot because TMTG had already produced the material, ECF No. 193 ¶¶ 2(e), 2(g), and the Court sustained *every* one of TMTG's privilege determinations submitted for in camera review. ECF No. 202 at 2–3. On this record, TMTG's discovery positions were substantially justified, and an award of the expenses The Post seeks would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii).

## VII. In the Alternative, Any Reconsideration Should Be Deferred Pending Appeal and Strictly Limited.

The Motion should be denied outright. But even if the Court were inclined to revisit the termination, it need not—and should not—decide the fee question now. Any Rule 37 award would turn on who prevailed on the discovery motion and the equities of the discovery record in a case resolved at the summary judgment stage. TMTG's appeal of that judgment (ECF No. 260) puts the predicate for any fee award

in question: a reversal or modification could moot the fee issue entirely or materially change the analysis. Deciding fees now would thus risk an advisory ruling on a question the appeal may eliminate. Nothing is lost by waiting—the case is closed, The Post has recovered nothing, and a collateral fee question may be taken up after the mandate if it remains live. The prudent course, if the Court does not simply deny The Post's instant motion, is to hold the question until the appeal is resolved. *Cf. CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000).

## CONCLUSION

For the foregoing reasons, TMTG respectfully requests that the Court deny The Post's Motion for Reconsideration in its entirety. In the alternative, if the Court elects to revisit its termination order, TMTG requests that the Court decline to decide the fee question now and instead hold it in abeyance pending resolution of the appeal.


**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

Dated: August 24, 2026

Respectfully submitted,

**BRITO, PLLC**
*Counsel for Plaintiff*
2121 Ponce de Leon Boulevard
Suite 650
Miami, FL 33134
Office: 305-614-4071
Fax: 305-440-4385

By: /s/ *Alejandro Brito*
**ALEJANDRO BRITO**
Florida Bar No. 098442
Primary: abrito@britopllc.com
Secondary: apiriou@britopllc.com
**JALAINE GARCIA**
Florida Bar No. 58632
Primary: jgarcia@britopllc.com
**IAN MICHAEL CORP**
Florida Bar No. 1010943
Primary: icorp@britopllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on August 24, 2026, through the Court's CM/ECF electronic filing system upon:

Carol J. Locicero, Esq.
Linda Riedemann Norbut, Esq.
Thomas & LoCicero, PL
601 South Blvd.
Tampa, FL 33606-2629
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com

Thomas G. Hentoff, Esq.
Nicholas G. Gamse, Esq.
Williams & Connolly
680 Maine Avenue S.W.
Washington, DC 20024
thentoff@wc.com
ngamse@wc.com
*Counsel for Defendant*

By: */s/ Alejandro Brito*


**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071